IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KEVIN M. QUATREVINGT, Plaintiff | § | CIVIL ACTION |
| | § | |
| VS | § | NO. 19-1171 |
| | § | |
| Jeff Landry, | § | SECT. H MAG. 4 |
| James Leblanc, | § | |
| Randy Smith | § | Complaint under the Civil |
| Angie Cook, | § | Rights Act 42 U.S.C. 1983 |
| Denise Porter | | |
| Warren Montgomery | | |
| Scott Perillouix | | |
| Defendants | | |

**A. Jurisdiction**

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343, 42 U.S.C. §1983, and 42 U.S.C. 1985

**B. Parties**

This Complaint alleges the Civil Rights of Plaintiff Kevin Quatrevingt, who presently resides at 62114 Warrior Rd, Lacombe, La 70445, were violated by the actions of the below named individuals. The actions were and continue to be directed against Plaintiff throughout the State of Louisiana, primarily in St. Tammany Parish, La. The actions violative of Plaintiffs rights began in 2014 and are continuing daily.

Defendant Jeff Landry resides in Louisiana and is employed as the Attorney Genereal of the State of Louisiana. This defendant is sued in his official capacity, Defendant Attorney General Jeff Landry is the executive head and chief administrative officer of the Louisiana Department of Justice and has the responsibility for the policies of the department and for the administration, control, and operation of the functions, programs, and affairs of the department pursuant to

Fee Pauper
✓ Process
X Dktd
CtRmDep
Doc. No.

TENDERED FOR FILING

FEB 05 2019

U.S. DISTRICT COURT

R.S. 36:701. Defendants department continues to issue directives to other State agencies identifying Plaintiff as a sex offender and has assisted in arresting Plaintiff for sex offender registration violations, despite being fully aware of a judgment that he is not a sex offender.

Defendant James M. Leblanc resides in Louisiana and is employed as the Secretary of the Louisiana Department of Public Safety and Corrections (DPSC). This defendant is sued in his official capacity. Defendant is the executive head and chief administrative officer of the Department of Public Safety and Corrections and has the responsibility for the policies of the department and for the administration, control, and operation of the functions, programs, and affairs of the department in accordance with La R.S. 36:403. The Office of Motor Vehicles, Bureau of Criminal Identification and Information, and Louisiana State Police are sub-units of the DPSC and are responsible for the implementation, development, and maintenance of the central registry known as the State Sex Offender and Child Predator Registry in accordance with La R.S. 15:542.1.5. Defendants agaency refuses to remove Plaintiff from the Sex Offender and Child Predator Registry, despite being fully aware of a judgment that he is not a sex offender.

Defendant Randy Smith resides in St. Tammany Parish, Louisiana and is employed as the Sheriff of St. Tammany Parish, a subdivision of the State of Louisiana. This Defendant is sued in his official capacity. He is the chief law enforcement officer in the parish in accordance with Article V Subsection 27 of the Louisiana Constitution of 1974. He has the responsibility for the policies of the department and for the training, administration, control, and operation of the functions, programs, and affairs of the department. Defendants department continues to require Plaintiff to register as a sex offender, and harass, arrest, and charge Plaintiff for violations thereof, despite being fully aware of a judgment that he is not a sex offender.

Defendant Angie Cook resides in St. Tammany Parish, Louisiana and is employed as a Deputy Sheriff of St. Tammany Parish. This Defendant is sued in her personal and official capacities. This defendant is responsible for the registration and notification, as well as monitoring, of sexual offenders in St. Tammany Parish. This Defendant willingly and intentionally ignores a judicial determination that Plaintiff is not a sex offender. She submits warrants for Plaintiffs arrest alleging he has an obligation to register based on a charge determined not to require registration. She sends deputies to harass Plaintiff and his family regarding his whereabouts. She forces, via threats of arrest, Plaintiff to register as a sex offender. All these actions occur despite her being fully aware of a judgment that he is not a sex offender.

Defendant Denis Porter resides in St. Tammany Parish, Louisiana and is employed as a Deputy Sheriff of St. Tammany Parish. This Defendant is sued in her personal and official

capacities. This Defendant is responsible for the registration and notification, as well as monitoring, of sexual offenders in St. Tammany Parish.This Defendant also willingly and intentionally ignores a judicial determination that Plaintiff is not a sex offender. She sends deputies to harass Plaintiff and his family regarding his whereabouts. She forces, via threats of arrest, Plaintiff to register as a sex offender. All these actions occur despite her being fully aware of a judgment that he is not a sex offender.

Defendant Warren Montgomery is the District Attorney in St Tammany Parish. He has charge of every criminal prosecution by the State in his district in accordance with R.S. 16:1. Defendant is sued in his official capacity. Defendant has the responsibility for the policies of the department and for the administration, control, and operation of the functions, programs, and affairs of his office. Defendants office continues to attempt to prosecute Plaintiff for sex offender registration violations despite being fully aware of a judgment that he is not a sex offender.

Defendant Scott Perriloux is the District Attorney in Tangipahoa Parish. He has charge of every criminal prosecution by the State in his district in accordance with R.S. 16:1. Defendant is sued in his official capacity. Defendant has the responsibility for the policies of the department and for the administration, control, and operation of the functions, programs, and affairs of his office. Defendants office continues to attempt to prosecute Plaintiff for sex offender registration violations despite being fully aware of a judgment that he is not a sex offender.

C. **Causes of Action**

1. The following civil right has been violated: Right to Free Speech

Supporting Facts: Defendants, James Leblanc, Jeff Landry, and Randy Smith, through their agencies, along with Defendants Angie Cook and Denise Porter have successfully conspired to force Plaintiff to register as a sex offender. In doing so, Plaintiff is required to have "Sex Offender" placed on his drivers license, and additionally to mail out a notice indicating he is a sex offender. Both these actions are against Plaintiffs will and forced upon him under threat of

arrest. These actions constitute speech which this Plaintiff does not agree and therefore it is speech compelled by government actors. Additionally such speech requirements conflict with a judicial determination.

2. The following civil right has been violated: Right from unreasonable searches and seizures

Supporting Facts: Defendants, Jeff Landry and Randy Smith, through their agencies, along with Defendants Angie Cook and Denise Porter have successfully conspired to obtain search and seizure warrants against Plaintiff, his properties and his effects, on the basis of him being a sex offender despite being fully aware of a judgment that he is not a sex offender.

3. The following civil right has been violated: Right to be free from double jeopardy

Supporting Facts: Defendants, Jeff Landry, and Randy Smith, through their agencies, along with Defendants Angie Cook and Denise Porter have continued to effectuate arrest against Plaintiff subjecting him to re-litigation of facts already determined in his favor. Defendants Warren Montgomery and Scott Perriloux allow charges to move forward into prosecutions despite being fully aware of the judicial determination controlling of these matters. Arrest, relitigation, and reprosection all violate res judicata and cause Plaintiff to be put in jeopardy of losing liberty again for the same offense.

4. The following civil right has been violated: Right to Due Process

Supporting Facts: Defendants, James Leblanc, Jeff Landry, and Randy Smith, through their agencies, along with Defendants Angie Cook and Denise Porter have successfully conspired to force Plaintiff to register as a sex offender. In doing so, Plaintiff's due process, a judicial determination from 2014 is wholly ignored. Plaintiff is not only denied further due process, but also denied any effect of the process he already received and finalized. Defendants Scott Perriloux and Warren Montgomery further deny Plaintiff due process in ignoring the effects of res judicata. Further, Plaintiff suggest Defendant Jeff Landry , denies Plaintiff due process in State Court's by allowing his agency, the Louisiana Attorney Generals Office to threaten "disciplinary action" against State judges if they rule in Plaintiffs favor.

5. The following civil right has been violated: Right to Equal Protection under Law

Supporting Facts: All defendants deny Plaintiff equal protection under the law. In any case wherein the Defendants win a judicial determination, they are quick to effectuate it. Yet here they wholly ignore the judicial determination. Further, when other citizens receive juducial determinations, the Defendants assist in enforcement, such as child custody, child support, tro's etc. Yet for Plaintiff, the Defendants refuse to assist or even comply with the judicial determination. In fact, Defendants wholly deny Plaintiff any protection under law.

**D. Previous Lawsuits and Administrative Relief**

Plaintiff asserts he obtained adminstrative relief via a trial de novo, as allowed by La R.S. 49:964, when, through a Criminal Proceeding in State of Louisiana v Kevin Quatrevingt, St. Tammany Parish, Louisiana, 22nd JDC, Division F #493820 a District Court judge determined Plaintiffs conviction was not equivalent to a sex offense.. (Defendants disagree)

Because Defendants disagree, they wholly ignore the judicial determination which resulted in Plaintiff filing requesting further relief in the same Court, however he was advised relief would have to come from Civil Court.

Plaintiff in 2015 filed a Civil proceeding, St Tammany Parish, Louisiana, 22nd JDC, Kevin Quatrevingt vs Louisiana Attorney General #2015-13724, requesting a TRO. The Trial Court determined Improper Venue and the District Court lacked Subject Matter Jurisdiction over Sex Offender Registration

Plaintiff filed an appeal of that decision in 2016 in Louisianas' First Circuit Court of Appeal, Kevin Quatrevingt vs Louisiana Attorney General #2016-CW-0322. There, the Appellate Court determined District Courts did have subject matter jurisdiction over Sex Offender Registration, however venue was mandated in the 19th JDC. Plaintiff was denied a Rehearing, and the Louisiana Supreme Court refused certiorari.

Plaintiff in 2017 filed a Civil proceeding, East Baton Rouge Parish, Louisiana, 19th JDC, Kevin Quatrevingt vs State of Louisiana through Jeff Landry, Attorney General #654-843, requesting a TRO. The Trial Court maintained the Defendants Peremptory exception of Preemption, -asserting the failure to appeal administratively perempts the 2014 Judicial

Determination from having any effect.

Plaintiff sought a writ in a 2017 in the Louisiana First Circuit Court of Appeal, Kevin Quatrevingt vs State of Louisiana through Jeff Landry, Attorney General 2017-CW-0536 The Appellate Court determined the Trial Courts decision is properly reviewed under appellate jurisdiction.

Plaintiff then sought an appeal in 2018 to the Louisiana First Circuit Court of Appeal Kevin Quatrevingt vs State of Louisiana through Jeff Landry, Attorney General 2017-CA-0884 The Appellate Court affirmed the Trial Courts sustaining of Peremptory Exception of Peremption. Thereafter the Louisiana Supreme Court refused Certiorari.

This filing now follows

E. **Request for Relief**

Plaintiff request that this Court grant the following relief:

1) Issue an injunction preventing defendants, their agencies, departments, agents, employees, and all persons, firms, and/or corporations acting or claiming to act on its behalf or in concert with them, from enforcing sex offender related statutes against Plaintiff and further preventing them from using legal process to prosecute Plaintiff for sex offender related statutes.

2) Issue an order requiring the Defendants to remove all of Plaintiffs information from the Child Predator and Sex Offender Registry.

3) Issue an order requiring Defendants issue notice that Plaintiff is not a sex offender in the same manner as they notified the public that Plaintiff was, and at their cost.

4) An order that Defendants each, individually as representatives of their respective agencies issue a letter on Agency letterhead, directly to Plaintiff, stating that he is not a sex offender and not subject to any sex offender obligations.

5) Damages in an amount to be determined because damages continue to accrue.

6) Punitive Damages in the sum of $638,750

F. **Plaintiffs Decleration**

1) I declare under penalty of perjury that all facts represented in this complaint and any attachments hereto are true and correct.

2) I understand it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

3) I understand that I am prohibited from bringing a civil action in forma pauperis if I have brought three or more civil actions in a court of the United States while incarcerated or detained in any facility that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger or serious physical injury.

4) I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entore $400.00 filing fee and any cost assessed by the Court.

Signed this 19 day of JANUARY, 2019

Kevin Quatrevingt, Pro Se
62114 Warrior Rd
Lacombe, La 70445
504-371-2985


Civil
KEVIN QUATREVINGT
(504) 371-2985
THE UPS STORE #2446
3433 HWY 190
MANDEVILLE LA 70471-3101
1 LBS 1 OF 1
SHP WT: 1 LBS
DATE: 01 FEB 2019
SHIP (504) 589-7600
TO: FEDERAL DISTRICT CLERK OF COURT
STE C-151
500 POYDRAS ST
NEW ORLEANS LA 70130-3367
LA 701 9-22
UPS GROUND
TRACKING #: 1Z 700 E58 03 8869 6037
BILLING: P/P
ISH 13.00H ZZP 450 09.5U 01/2019