IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

KEVIN M. QUATREVINGT, Plaintiff     §     CIVIL ACTION

VS     §     NO. 19-1171-JTM-KWR
    H(4)

Jeff Landry, et al.     §

    Defendants     §     Complaint under the Civil

    §     Rights Act 42 U.S.C. 1983



*U.S. DISTRICT COURT EASTERN DISTRICT OF LOUISIANA FILED JUN 04 2019 WILLIAM W. BLEVINS CLERK*

**Memorandum in opposition to Defendants' motion to dismiss.**

Now into Court, Pro Se, comes Plaintiff, Kevin Quatrevingt, who for the reasons set forth herein respectfully moves this Court to deny Defendants' motion to Dismiss. Plaintiff wishes to advise the Court that this matter was set by Defendants for submission on the 22nd Day of May 2019, However Plaintiff did not receive the motion, or have an oppurtunity to build an objection, until May 25, 2019, 3 days after the Notice of Submission. As such, Plaintiff ask for some leeway in having filed this objection after the Notice of Submission date.

    First, Plaintiffs claims for monetary damages are against those defendants named in their personal capacities. While it is well established that a suit against a State official in their official capacity is deemed to be a suit against the State itself which is entitled to Eleventh Amendment immunity, there are also exceptions to that immunity.

    There are three main exceptions to the sovereign immunity of a state. First, and relevant here, the Eleventh Amendment does not stop a federal court from issuing an injunction against a state official who is violating federal law. Although the state official may be abiding by state law, he is not permitted to violate federal law, and a federal court can order him to stop the action with an injunction. Ex Parte Young, 209 U.S. 123 (1908).

    In the instant matter, Plaintiff is seeking an injunction against all Defendants because they continue to violate the 1st, 4th, 5th, and 14th Amendments to the U.S. Constitution and 22 U.S.C. 1738. Therefore Defendants are not entitled to 11th amendment immunity from injunctions by this Court and this matter should not be dismissed as such.

    Plaintiffs factual assertions clearly indicate he has a final binding judicial determination that prevents the State from requiring him to register as a sex offender. The Defendants agree with and re-assert this in the "DEFENDANTS MEMORANDUM IN SUPPORT OF MOTION TO

1

DISMISS PURSUANT TO FRCP 12(b)(1) and 12(b)(6). (see Page 1, Paragraph 2, lines 4-6 ; see also Page 3, lines 1-4 ). Plaintiff has asserted he continues to be harassed, arrested, and prosecuted contrary to that ruling, by the Defendants, for sex offender violations which he is not lawfully subject too, which actions are in clear violation of Federal Due Process, Full Faith and Credit, and Double Jeopardy Protection laws. Therefore, he has shown he is entitled to injunctive relief in this matter and as such it should not be dismissed.

Second, Defendants assert the litigation should be dismissed based on Res Judicata. This is an appalling assertion by the Defendants as they are in fact asking the Court to wholly ignore Res Judicata as it applies to the 2014 22nd Judicial District Courts decision, which was adverse to Defendants while in the same breath asking the Court to fully apply Res Judicata in regards to the 2017 19th Judicial District Court decision, which is favorable to them. Defendants acknowledge the 22nd JDC decision on Pages 1 and 3 of the "DEFENDANTS MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) and 12(b)(6)." It seems the Defendants want to ignore Res Judicata when it adversely affects them, and yet request full enforcement when it benefits them and now ask this Court to sanction such belief. They are essentially hoping to obtain an out of time appeal of an adverse ruling by just ignoring the ruling.

Defendants err further in their attempts to have the 2017 ruling preclude enforcement of the 2014 decision and this Court's authority to hear this matter because the things adjudged were different. Civil Code article 2286 provides: "The authority of the thing adjudged takes place only with respect to what was the object of the judgment." The Defendants assert on page 6 of their "DEFENDANTS MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) and 12(b)(6)", that Plaintiff challenged "the Bureau's 2010 determination that Plaintiff must adhere to specific statutory registration requirements for sex offenders residing in Louisiana." The State argues the Louisiana's First Circuit Court of Appeal's decision affirming the 19th JDC's granting of the state's peremptory exception of prescription prohibited him from appealing the Bureau's determination because the appeal was untimely, and that such ruling is res judicata as to this case and it should be dismissed.

Plaintiff asserts the "thing adjudged" through the 2017 hearings was that his ability to administratively appeal the time frame and frequency obligations of registration through the Bureau's administrative process is forever extinguished and has been since 2010. Defendants erroneously believe "Plaintiffs instant lawsuit seeks to challenge a valid and final judgement of the Louisiana First Circuit Court of Appeal judgement decided on the merits against the plaintiff and in favor of the Defendants". However, neither the Court of Appeals, nor the 19th JDC decisions were made "on the merits". The merits of the claims were not heard because the Court

determined the suit was filed untimely. Additionally, Plaintiff does not challenge the judgment of the Circuit Court of Appeal or the 19th JDC. He instead seeks an injunction from the Federal Court against Defendants, in order to enforce his Federal Rights to Due Process and Full Faith and Credit, as well as protections from Double Jeopardy as they relate to the 2014 22nd JDC decision that he is not subject to sex offender registration requirements, which ruling became final and non-appealable in 2014, well before any of the 2017 proceedings the Defendants now allege control the matter.

Plaintiff is not seeking to re-litigate those claims. Plaintiff, in the instant matter, seeks injunctions from arrest and prosecution based on protections offered by Federal law. This is a wholly separate matter as the previous suit pertained only to Plaintiffs rights to administrative review of the time-frame and frequency of registration, whereas this pertains to enforcement of Federal Rights guaranteed by the U.S. Constitution as they relate to a final binding determination of a Louisiana Court. If defendants seek to argue the 2017 case overturns the 2014 decision, they are wrong. To allow the 2017 decision to overrule the 2014 decision violates Louisiana Law which holds "A final judgment from which there can be no appeal acquires the authority of the thing adjudged. Once a final judgment acquires the authority of the thing adjudged, no court has jurisdiction to change the judgment, regardless of the magnitude of the final judgment's error. Tolis v Board of Supervisors Of Louisiana State University 660 So.2d at 1206-1207.

Furthermore, it is not in the interest of justice or fundamental fairness to deprive Plaintiff of his due process. Plaintiff in the 2014 litigation, introduced numerous challenges to the Defendants decision that he was a tier 2 sex offender. None of these challenges were heard because the Court determined them moot based on his not being subject at all to sex offender registration requirements. To now throw that determination away, deprives Plaintiff of ever having those arguments heard.

If, contrary to this Plaintiffs assertions, this Court finds res judicata applicable to the instant suit, Plaintiff asks the Court to apply the exceptions authorized under La R.S. 13:4232 which reads " A judgement does not bar another action by the Plaintiff (1) when exceptional circumstances justify relief from res judicata effect of the judgement." Plaintiff asserts the exceptional circumstances in this case are that the Court would first have to ignore the Res Judicata effect of the 2014 22nd JDC decision in order to apply the Res Judicata effect of the 2017 19th JDC decision. This would be completely contrary to the interest of justice. The 2014 ruling was actually determined after 3 years and 8 months of litigation on the merits, with

evidence, argument, and decision, whereas the 2017 decision was dismissed based on timeliness before ever reaching the merits of the claims.

Exceptional circumstances tending to support relief from any res judicata effect also apply because upon a finding the 2017 decision is res judicata, Plaintiff is placed in a situation wherein he can be continuously arrested, but can never lawfully be prosecuted without violating the doctrine of collateral estoppel. The Louisiana Supreme Court "has recognized that the doctrine of collateral estoppel is fully applicable *1242 to a former judgment in a criminal case, State v. Jackson, 332 So. 2d 755 (La.1976), and has been "elevated to the dignity of a constitutional right." State v. Cain, 324 So. 2d 830 (La.1975). In another case the LASC held " The very nub of collateral estoppel is to extend res judicata beyond these cases where the prior judgment is a complete bar. The Government . . . may not prove the new charge by asserting facts necessarily determined against it on the first trial, no matter how unreasonable the Government may consider that determination to be." Id. at 916." See State v Doucet 359 So. 2d 1239 (1977), citing Ashe v Swenson 397 U.S. at 443, 90 S. Ct. at 1194, citing U.S. v Kramer 289 F.2d 909 (2d Cir. 1961). Defendants, in order to succeed in a prosecution would have to prove the new charge by asserting the military offense is equivalent to a sex offense, a fact determined against it already in the 2014 decision. Therefore they can never lawfully succeed in convicting Plaintiff without violating these declared constitutional rights. In the absence of a federal injunction, however, they can continue to harass, arrest, take liberties from, and require bail of, Plaintiff, as well as continuously put him through trial proceedings with no expectation of convicting him.

The Defendants will likely argue they were not party to the 2014 ruling and therefore it is not res judicata against them, however in their "DEFENDANTS MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) and 12(b)(6)", on page 2 they assert "a suit against a State official in their official capacity is deemed to be a suit against the State itself which is entitled to Eleventh Amendment sovereign immunity" Based on their own assertion, Defendants wish to be deemed "the State itself ", namely the State of Louisiana, in order to get the protection of Sovereign Immunity. So Defendants, claiming to be the State of Louisiana are therefore the same parties as those in the 2014 litigation: State of Louisiana (Defendants) vs Kevin Quatrevingt (Plaintiff). But again the Defendants often seek to apply the law only when it benefits them, not when the results are adverse to them.

As the Indiana Supreme Court explains "Final judgments in a criminal case should be similarly binding against "the State"—not just the prosecutor, but also the various alter egos of the State whose substantial interests are adequately represented by the prosecutor. In this case,

4

the DOC is also "the State"—not because it is a State agency, but because it has the same substantial interests as the prosecutor in maximizing a sex offender's registration obligations. The DOC, being in privity with the prosecutor, is thus bound by the unappealed 2008 final judgment in Becker's favor." Becker v State of Indiana No. 45S03–1301–CR–9.

Additionally the Defendants provided direction to the local prosecutor and sheriff during the 2014 decision, and either or both could have legally intervened at any time as they did in the civil matters, thus making them privies to the litigation. Because they didn't intervene on the record, they now wish to separate themselves from the matter so as to not be subject to the results and get "another bite at the apple" through additional proceedings. Again it seems the Defendants want the law applied only when it benefits (or shields) them, but not when the effect is adverse to them. Therefore Defendants claiming now to be immune because they are the "State of Louisiana", should be found to be the same, or in privy with, the "State of Louisiana" who lost the 2014 ruling and thereby should be held to the results of that ruling.

Plaintiff acknowledges he may be perempted from administratively appealing the sex offender determinations of time frame and frequency made by the State of Louisiana. However, La R.S. 15:544 is the statute that determines the length of time an offender must register. Titled "Duration of Registration and Notification Period", 15:544 begins with

> A. Except as provided for in Subsection B of this Section, a person required to register and provide notification pursuant to the provisions of this Chapter.
>
> B. (1) A person required to register pursuant to this Chapter
>
> C. A person who is required to register pursuant to the provisions of R.S. 15:542.1.3

Therefore to be subject to the determinations made by the Defendants', an individual must first be "a person required to register" pursuant to chapter 15. Because the 22nd JDC determined Plaintiff is not "a person required to register" the time frame and frequency determinations are rendered moot. Because Defendants failed to appeal that determination, they are perempted from challenging it in any subsequent proceedings. Therefore, Plaintiff is entitled to the injunctive relief requested.

This Court should further find exceptional circumstance to hear this matter based on the Supremacy Clause. Whereas State Courts have refused to acknowledge the Federal requirements of Due Process, Full Faith and Credit, and Double Jeopardy Protections, the Supremacy Clause allows a Federal Court to require a State to stop certain behaviors it believes interferes with or is

in conflict with Federal law. Plaintiff asserts this Court should do just that. It is certainly a violation of Federal Law to continue to harass, arrest, and attempt to re-prosecute, an individual for violation of requirements he has been finally determined not subject to. See Dombrowski v Pfister 380 U.S 479 (1965), See also Younger v Harris 401 U.S 37 (1971), See also 22 USC 1738, See also US Constitutional Amendments 4, 5, and 14.

Defendants will likely argue the 2014 determination is not valid against them asserting the District Court cannot review their administrative decision. However, they are incorrect according to the statutes language as determined by the Federal Fifth Circuit Court of Appeals. Defendants assert La R.S. 15:542.1.3 as the basis for their control and assert the statute dictates Plaintiffs rights, time frames, and methods with which to challenge their decision.

La R.S. 15:542.1.3 (4) reads : "Any offender convicted or adjudicated under the laws of another state, or military, territorial, foreign, tribal, or federal law who establishes a residence in this state and is required to register and notify pursuant to the provisions of this Chapter <u>may appeal the bureau's determination of the applicable time period of registration and frequency of in-person periodic renewals through an administrative hearing as provided in R.S. 49:950 et seq.</u> The offender shall have one year from the date that the bureau posted its determination on the registry to appeal."

La R.S. 49:950 et seq includes 49:964 A.(1) which reads: "Except as provided in R.S. 15:1171 through 1177(incarcerated persons), a person who is aggrieved by a final decision or order in an adjudication proceeding <u>is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing, without limiting, however, utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo</u> provided by law."

The Federal Fifth Circuit Court of Appeals has already found La R.S. 49:964 allows another Court to review an administrative action through its "trial de novo" language. This review is not an appeal, but an original action through the Court's original jurisdiction as a District Court.

In Romano v Greenstein No. 12–30565, the Federal Fifth Circuit Court of Appeal determined:

> "DHH also argues that the district court cannot review a state-level administrative adjudication. Citing to Elgin v. Department of the Treasury, DHH asserts that Romano is trying to present claims that "must be resolved through the statutorily required administrative process." Here, unlike in Elgin, the statute in question is not a federal

statute that explicitly lays out the exclusive parameters for judicial review. Instead, the Medicaid statute delegates the administrative review process to the states. Louisiana provides for review by an ALJ, and then for judicial review in state district courts. Despite the availability of state court review, the statute providing for that review explicitly states that it does not limit "utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law." Moreover, neither Congress nor Louisiana has specified any exclusive forum for judicial review of Medicaid claims.

Plaintiff asserts he had a trial de novo through the 22nd JDC from 2010 to 2014. This trial de novo constitutes lawful review under the language of 49:964, in accordance with 15:542.1.3 and as such, that trial's outcome is binding, via res judicata, on the Defendants. Plaintiff is therefore entitled to relief, namely enforcement of the final, binding, judicial determination.

Whereas Defendants sought either to bias this Court or to re-litigate matters already adjudged to finality, on page 2 of "DEFENDANTS MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) and 12(b)(6)", Defendants erroneously assert "Plaintiff pled guilty on January 24, 2006 in military court for the conduct of possession of child pornography for which Plaintiff served nine months in prison." Plaintiff seeks to clarify, he pled guilty to Conduct Prejudicial to Good Order and Discipline or Conduct of a Nature to Bring Discredit Upon the Armed Forces. The difference being the charge Plaintiff pled guilty to did not require intent to commit a crime, whereas 14:81.1 the Louisiana statute for Child Pornography requires specific intent. This is the basis in which the 2014 22nd JDC court, after 3+ years of arguments and evidence determined the offense is not equivalent to a sex offense and therefore Plaintiff is not subject to sex offender registration. Once again the Defendants choose to ignore the rules of law and due process and just ignore that Court's determinations.

Defendants further err in asserting the federal government required Plaintiff register as a sex offender. Neither the federal government nor the military obligated Plaintiff to register as a sex offender. Registration was never ordered by the Trial Court. Plaintiff was provided notice that he may have to register as a sex offender depending on the local jurisdictions laws. Said notice specifies Plaintiffs conviction was a "Criminal Offense" and further specifically excludes "sex offense".   Also, there is no "federal requirement" to register. The Defendants either intentionally attempt to mislead the Court again or fail to understand the sex offender laws they are tasked with enforcing, or both.

"Registration is a Local Activity. In the United States, sex offender registration is conducted at the local level. The federal government does not have a system for directly registering sex offenders. Generally speaking, sex offenders in the United States are required to register with law enforcement in each state, locality, territory, or tribe within which they reside, work, or attend school. Each state has its own distinct sex offender registration and notification system….Every one of these systems has its own nuances and distinct features. Every jurisdiction (meaning each state, territory, or tribe) makes its own determinations about who will be required to register, what information those offenders must provide, which offenders will be posted on the jurisdiction's public registry website, and so forth." (See US DOJ, Office of Justice Programs, Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking "SMART", Handbook)

The local (State of Louisiana) jurisdiction's executive branch erroneously determined Plaintiffs military offense was equivalent to a sex offense and Plaintiff was subject to sex offender requirements. Plaintiff did not exercise his right to appeal the time-frame and duration of registration through the administrative process. Instead he chose to challenge the determination that the military offense was equivalent, through the original jurisdiction of a Criminal Court proceeding. This challenge was lawfully authorized by La R.S. 49:964 and the Criminal Court determined Plaintiff's military conviction is not equivalent to a sex offense. In doing so the Court nullified any determinations made that first require the individual be "a person required to register" under chapter 15. Failure to appeal the Court's decision resulted in the decision becoming final and binding on the parties, the State of Louisiana and Kevin Quatrevingt. The Plaintiff is entitled to the effects of that decision and is therefore entitled to be free from sex offender registration, harassment, arrest, and prosecution. He is entitled to the relief requested.

In closing, Defendants' assertions of 11th Amendment Immunity, as well as their assertions of Res Judicata binding this Court, having been overcome, this Plaintiff respectfully requests this Court deny their motion to dismiss.

_____  4 JUNE 2019
Kevin Quatrevingt, Pro Se
62114 Warrior Rd
Lacombe, La 70445
504-371-2985

I hereby certify that a copy of the foregoing pleading has been served on Defendant's counsel of record through U.S. Mail on this, the 5th day of June, 2019.

_____
Kevin M. Quatrevingt

8