## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KEVIN M. QUATREVINGT** | § | **CIVIL ACTION NO. 19-1171** |
| **Plaintiff** | § | |
| | § | |
| **VERSUS** | § | **JUDGE JANE TRICHE MILAZZO** |
| | § | |
| **JEFF LANDRY, JAMES LEBLANC,** | § | |
| **RANDY SMITH, ANGIE COOK,** | § | **MAGISTRATE KAREN WELLS ROBY** |
| **DENISE PORTER, WARREN** | § | |
| **MONTGOMERY, and** | § | |
| **SCOTT PERILLOUX** | § | |
| **Defendants** | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>

**MAY IT PLEASE THE COURT:**

Defendants, Denise Porter, Angelina Cook[1], and Sheriff Randy Smith, respectfully

submit this memorandum in support of their motion to dismiss, and they aver as follows:

### I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Kevin Quatrevingt, filed the instant suit on February 25, 2019, seeking damages

various forms of injunctive relief under five (5) different theories of relief, namely: (i)

defendants' alleged violations of his free speech rights; (ii) defendants' alleged violations of his

right to be free from unreasonable searches and seizures; (iii) defendants' alleged violations

which place him in danger of double jeopardy; (iv) defendants' alleged violations of his right to

due process; and (v) defendants' alleged violations of his right to equal protection of the law.

Plaintiff's suit focuses on the involvement of the various defendants with respect to the

plaintiff's registration and prosecution under Louisiana's State Sex Offender and Child Predator

---

[1]     Named as "Angie" Cook in the complaint.  *See* R. Doc. 1.

Registry law, La. R.S. 15:540, *et seq*.  The relevant legal background to this action, an incomplete description of which is contained in plaintiff's complaint, is as follows:[2]

1. On or about January 24, 2006, at a United States general court-martial, plaintiff pleaded guilty under UCMJ art. 134 to "wrongfully and knowingly possess[ing] visual depictions of minors engaging in sexually explicit conduct, which conduct was prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces." *See* Exhibit A to the Motion to Dismiss.[3]  Plaintiff was sentenced to a bad conduct discharge from the United States Air Force, confinement for 11 months, and reduction to the grade of Airman Basic.  *Id*.

2. In a December 19, 2006, per curiam opinion, the United States Air Force Court of Criminal Appeals approved the findings and sentence against plaintiff, stating they were "correct in law and fact".  *See* Exhibit B to the Motion to Dismiss.

3. On November 3, 2008, plaintiff voluntarily pleaded guilty in the Twenty-Second Judicial District Court, State of Louisiana (No. 438897), to a count under La. R.S. 15:542 of "failure to register as a sex offender" by failing to register as a sex offender in Louisiana in light of his military court action.  *See* Exhibit C to the Motion to Dismiss.[4]

---

[2]      "In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record."  *Cinel v. Connick*, 15 F. 3d 1338, 1343, n. 6 (5th Cir. 3/11/94).  Defendants have attached such public records for clarity and the Court's easy reference.

[3]      At the time of plaintiff's criminal act and conviction, UCMJ art. 134 (10 U.S.C. § 934) provided:

> Though not specifically mentioned in this chapter [*10 USCS §§ 801* et seq.], all disorders and neglects to the prejudice of good order and discipline in the armed forces, all conduct of a nature to bring discredit upon the armed forces, and crimes and offenses not capital, of which persons subject to this chapter [*10 USCS §§ 801* et seq.] may be guilty, shall be taken cognizance of by a general, special, or summary court-martial, according to the nature and degree of the offense, and shall be punished at the discretion of that court.

[4]      There was a § 1983 case brought by plaintiff in this Court in 2010 against the former St. Tammany Parish Sheriff and two of his deputies (among other defendants) related to other charges in this criminal action that were ultimately nolle prossed.  *See Quatrevingt v. Thibodeaux*, 2011 U.S. Dist. LEXIS 59554 (E.D. La. 5/2/11);  2011

4. On or about April 22, 2010, The Louisiana Department of Public Safety and Corrections, through Public Safety Services, Office of State Police, Bureau of Criminal Identification and Information (the "Bureau"), advised plaintiff in writing that he was determined to be a "Tier II offender" under Louisiana's registration scheme. *Quatrevingt v. State*, 17-ca-0884, p. 3 (La. App. 1 Cir. 2/8/18); 242 So. 3d 625, 629–30; Exhibit D to the Motion to Dismiss.

5. On February 6, 2014, during a subsequent prosecution in the Twenty-Second Judicial District Court, State of Louisiana (No. 493820) for failure to register as a sex offender, the state court judge quashed the indictment against plaintiff.   *See* Exhibit E to the Motion to Dismiss.  The judge stated orally that Mr. Quatrevingt previously "pled guilty to [a military justice offense] under the general article [134], not a specific crime which would annunciate sex offense." *See* Exhibit F to the Motion to Dismiss.[5]   Upon subsequent request by plaintiff that he be removed from the Louisiana's sex offender registry, the same judge ruled he had no jurisdiction to order such action.   *See* Exhibit H to the Motion to Dismiss.

6. In a 2015 civil action filed in the Twenty-Second Judicial District Court (No. 2015-13724, Div. I), Mr. Quatrevingt sought an injunction against the state as to any further failure to register-related prosecutions and requested that he be removed from state's sex offender registry roles.  Ultimately, the Louisiana First Circuit Court of Appeal affirmed a ruling that the Twenty-Second Judicial District Court was an improper venue for

---

U.S. Dist. LEXIS 59451 (E.D. La. 6/2/11).   The claims against law enforcement in that § 1983 civil action were dismissed on motion practice.  *Id.*

[5]       Defendants respectfully disagree with this conclusion.  Department of Defense Instruction Number 1325.07 states that conviction of the offense of pornography involving a minor under UCMJ article 134 has been a defined offense requiring registration under the Sex Offender Registration and Notification Act.  *See also* Exhibit G; 34 U.S.C. §§ 20911(5)(iv); 20913; 20931.

plaintiff's action, the Nineteenth Judicial District Court being the proper venue. *See Quatrevingt v. La. AG*, 16-cw-0322 (La. App. 1 Cir. 4/21/2016); 2016 La. App. LEXIS 795.

7. In 2017, plaintiff filed a civil action in the Nineteenth Judicial District Court (No. 654843) against the Louisiana Attorney General seeking to enjoin him from ignoring the quashing of plaintiff's prior criminal indictment, seeking to prevent the Attorney General from requiring plaintiff to register as a sex offender, and seeking to enjoin any further arrests of plaintiff for failure to register as a sex offender. *See Quatrevingt v. State*, 17-ca-0884, p. 5 (La. App. 1 Cir. 2/8/18); 242 So. 3d 625, 630–31. The Louisiana Department of Public Safety and Corrections, through Public Safety Services, Office of State Police, Bureau of Criminal Identification and Information (the "Bureau") was allowed to intervene in the action. The state defendants raised a number of exceptions to plaintiff's requests, including the peremptory exception of peremption, which was granted by the trial court. Plaintiff's action was dismissed with prejudice. *Id.* On appeal, the Louisiana First Circuit affirmed and found that plaintiff's right to challenge his sex offender registration status was extinguished one year from the date the Bureau posted its determination because he did not administratively appeal the Bureau's determination during that period. *Id.* at p. 635.

8. In 2017, plaintiff filed another civil action in the Nineteenth Judicial District Court (No. 664353), this time against the St. Tammany Parish Sheriff, seeking to enjoin the Sheriff and all of his subordinates from registering plaintiff as a sex offender, from advising other persons plaintiff is a sex offender, and from further arresting plaintiff for failure to register as a sex offender. *See* Exhibit I to the Motion to Dismiss. The Sheriff raised the

exceptions of peremption (for the same reasons set forth by the state in the earlier 654843 action) and collateral estoppel (in light of the earlier ruling in the 654843 action), which exceptions were granted by the trial court, and plaintiff's action was dismissed with prejudice. *See* Exhibits J and K to the Motion to Dismiss. Plaintiff did not appeal that ruling.

9. In 2018, plaintiff was charged in the Twenty-Second Judicial District Court, State of Louisiana, with failure to register as a sex offender. *See* Exhibit L. That prosecution is pending.[6]

In Louisiana, the Louisiana Bureau of Criminal Identification and Information (the "Bureau") is the entity vested with the duty to "establish and maintain a central registry of sex offenders". La. R.S. 15:578.A(7). A person's "duty to register and notify **according to the determination of the [B]ureau**" is "binding", though an affected person can appeal within one year of the Bureau's determination. La. R.S. 15:542.1.3(B)(4) (emphasis added).[7] The statutory duty of a Louisiana sheriff with respect to the state's sex offender registry scheme is primarily to serve as the local entity with whom an offender in the sheriff's jurisdiction registers. *See* La. R.S. 15:540, *et seq*. A Louisiana sheriff has no authority to determine who is required to register. More generally, the sheriff's role is to "preserve the peace and apprehend public offenders." La. R.S. 13:5339.C.

---

[6]    Because of the request for injunctive relief related to an ongoing criminal proceeding, this matter may trigger application of the Anti-Injunction Act, 28 U.S.C. § 2283 and the *Younger* abstention doctrine.

Further, in light of the naming of the district attorney for the Parish of Tangipahoa, State of Louisiana, as a defendant in this matter, defendants presume there may be one or more past, present, or potential future criminal actions against plaintiff in that jurisdiction. However, defendants do not have any specific notice of same at this time.

[7]    Again, the Louisiana First Circuit Court of appeal has affirmed a finding that plaintiff did not timely appeal his sex offender determination, and that action is final. *See Quatrevingt v. State*, 17-ca-0884, pp. 12–13 (La. App. 1 Cir. 2/8/18); 242 So. 3d 625, 635.

Defendants Denise Porter, Angelina Cook, and Randy Smith now move to dismiss with prejudice all plaintiff's claims against them, as plaintiff fails to state a claim upon which relief can be granted and qualified immunity otherwise attaches as against all plaintiff's individual capacity claims.

## II.        LAW AND ARGUMENT

### A.        *The Standard for a 12(b)(6) Motion and Section 1983 Claims*

To withstand a rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Doe v. Covington County Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In order to meet the facial plausibility standard, a court must be able "to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The court's consideration of facial plausibility must be context-specific and requires resort to judicial experience and common sense. *Ashcroft*, 556 U.S. at 679. This plausibility standard requires more than pleading "the sheer possibility that a defendant has acted unlawfully." *Id*. at 678.  Thus, even if the allegations in the complaint are true, if they cannot support a claim to relief, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (quoting 5 Wright & Miller § 1216 at 233–34).

Stated differently, a plaintiff needs to provide "more than labels and conclusions, and a formulaic recitation of a cause of action's elements." *Id*. at 555 (citation omitted).  A plaintiff cannot simply submit "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (citation omitted).  Rather, factual allegations in a complaint must set forth a claim to relief "above the speculative level."   *Twombly*, 550 U.S. at 555 (quoting 5

Wright & Miller § 1216 at 235–36).   And while factual allegations are accepted as true for purposes of a 12(b)(6) motion, legal conclusions are not.   *Ashcroft*, 556 U.S. at 678 (citation omitted).

In the context of claims brought under 42 U.S.C. § 1983, a plaintiff seeking redress must "establish that [she was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."   *American Manufacturers Mutual Insurance Company v.* Sullivan, 526 U.S. 40 (1999).   To be sure, "§ 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."   *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal citations omitted).

### B.      All Official Capacity Claims Should be Dismissed

Sheriff Smith and deputies Cook and Porter are sued in their official capacities.[8]   R. Doc. 1, pp. 2–3.   A suit against a government official in his official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent."   *Ky. v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 5).   "It is *not* a suit against the official personally, for the real party in interest is the entity."   *Id*. at 166 (emphasis original).   "[A] plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself."   *Id*.

"[E]very sheriff in Louisiana is a political subdivision unto himself, and there is no such thing as a 'Parish Sheriff's Department' or 'Parish Sheriff's Office.'"   *Powe v. May*, 2003 U.S. App. LEXIS 28628, pp. 2–3 (5th Cir. 2003) (citations omitted); *see also Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F. 3d 273, 283 (5th Cir. 2002) (same proposition). Consequently, Sheriff Smith is the "political subdivision" being sued.   Stated differently,

---

[8]      Deputies Cook and Porter are also sued in their individual capacities.  Sheriff Smith is not.

"official capacity claims" against Sheriff Smith and his employed deputies are really claims against the St. Tammany Parish Sheriff—a political subdivision of the State of Louisiana.  *See* La. Const. art V, § 27; La. R.S. 13:5102.B.

However, "[l]iability under 42 U.S.C. § 1983 may not be imposed on a government entity on a theory of respondeat superior for the actions of government employees." *Johnson v. Moore*, 958 F.2d 92, 93 (5th Cir. 1992) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690–694 (1978)).  To the contrary, the United States Supreme Court has said that "official policy must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (quoting *Monell*, 436 U.S. at 694).  In other words, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694.  Additionally, the United States Supreme Court has held that *Monell's* "policy or custom" requirement applies regardless of whether the plaintiff seeks money damages or prospective relief, such as an injunction or a declaratory judgment. *L.A. County v. Humphries*, 562 U.S. 29, 36-37 (2010).

The Fifth Circuit has defined official policy or custom for purposes of a *Monell* analysis as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

Johnson, 958 F. 2d at 94 (citation omitted).  The Fifth Circuit has further stated that "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a government entity."  *Colle v. Brazos County*, 981 F.2d 237, 245 (5th Cir. 1993).  Rather, the plaintiff must identify an actual policy or custom that results in a deprivation of his federal rights.  *See Murray v. Town of Mansura*, 76 Fed. Appx. 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 Fed. Appx. 315, 316 (5th Cir. 2003).

In the present action, plaintiff merely alleges that Sheriff Smith "has the responsibility for the policies of the department and for the training, administration, control, and operation of the functions, programs, and affairs of the department"—i.e. he has the power to make policies.  R. Doc. 1, p. 2.  Further, plaintiff suggests Sheriff Smith and/or deputies Cook and Porter somehow "require" or "force" plaintiff to register as a sex offender and seek warrants for his arrest if he does not, despite the February 2014 quashing of a prior "failure to register" charge.  *Id*. at pp. 2-5.

These allegations are clearly insufficient to establish *Monell* liability.  Louisiana law, and specifically La. R.S. 15:542.1.4, make it illegal for an offender like plaintiff to fail to comply with state registration requirements.  Plaintiff voluntarily pleaded guilty to violating that law back 2008.  And while a subsequent prosecution of plaintiff regarding his failure to register was quashed by the Twenty-Second Judicial District Court, that same court said it had no authority to order that plaintiff be removed from the sex offender registry.  The court that did have the authority to consider that request—the Nineteenth Judicial District Court—said plaintiff's claim for such relief was time barred, and the Louisiana First Circuit agreed.  *See Quatrevingt v. State*, 17-ca-0884, pp. 12–13 (La. App. 1 Cir. 2/8/18); 242 So. 3d 625, 635.

Again, the Sheriff has a statutory duty to "preserve the peace and apprehend public offenders." La. R.S. 13:5339.C. Thus, when, as here, the Sheriff, merely enforces a state registration statute that mandates a particular course of action, official capacity claims under § 1983 must fail. *See Pudas v. St. Tammany Parish*, 2019 U.S. Dist. LEXIS 96528, * 10 (E.D. La. 6/7/19). In *Familias Unidas v. Briscoe*, the Fifth Circuit held that a county was not liable for a county judge's enforcement of a Texas education statute. 619 F.2d 391, 404 (5th Cir. 1980). The court reasoned that the judge's "duty in implementing [the statute], much like that of a county sheriff in enforcing a state law, may more fairly be characterized as the effectuation of the policy of the State of Texas … for which the citizens of a particular county should not bear singular responsibility.'" *Id.* Similarly, the Seventh Circuit has stated "[i]t is difficult to imagine a municipal policy more innocuous and constitutionally permissible, and whose causal connection to the alleged violation is more attenuated, then the 'policy' of enforcing state law.'" *Surplus Store & Exchange, Inc. v. City of Delphi*, 928 F.2d 788, 791 (7th Cir. 1991); *see also Cain v. City of New Orleans,* 2016 U.S. Dist. LEXIS 63527, * 27 (E.D. La. 5/13/16) (statute which requires sheriff to collect fees and distribute the proceeds reflects Louisiana law, not the policy of the sheriff).

When plaintiff fails to register under the state's sex offender registration scheme, the Sheriff has a duty to act. The Sheriff's work in enforcing this law is not a policy or custom he has created to deprive plaintiff of his federal rights; rather, it is the Sheriff's legitimate response to his statutory duty. The public record reflects that the Sheriff has received no directive from a court of competent jurisdiction or from the Louisiana Bureau of Criminal Identification and Information to cease following up on an offender listed in the state's sex offender and child predator registry. Sheriff Smith is merely enforcing the law as enacted by the state legislature.

90429/458246

Because plaintiff is unable to identify any policy or custom of the Sheriff which resulted in a deprivation of plaintiff's federally protected rights, his conclusory allegations of *Monell* liability fail and must be dismissed.  Alternatively, and only to the extent this Court determines such claims have been sufficiently pleaded, which is denied, official capacity claims against every defendant except the current Sheriff, Randy Smith, as the "political subdivision" being sued, should be dismissed as redundant/duplicative.  *See Romero v. Becken*, 256 F.3d 349 (5th Cir. 2001) (court properly dismisses official capacity claims against officers/employees, as such claims duplicated claims against governmental entities); *Turner v. Houma Muin. Fire & Police Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000) (claims against officers in official capacity and governmental entity essentially merge).

## C.    All Individual Capacity Claims Should be Dismissed

Keeping in mind that the pleading standards clarified in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed *supra*, establish that unadorned, conclusory statements of liability are insufficient to defeat a motion to dismiss, deputies Cook and Porter now move to dismiss the individual capacity claims asserted against them.  Plaintiff simply fails to state any claims in this respect upon which relief can be granted. Alternatively, defendants are entitled to qualified immunity as to all such claims.

A plaintiff seeking redress under 42 U.S.C. § 1983, must "establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."  *American Manufacturers Mutual Insurance Company v.* Sullivan, 526 U.S. 40 (1999).  Even if a claim is made alleging such a violation, qualified immunity can be raised as a defense to individual capacity claims.  *See Ky. v. Graham*, 473 U.S. 159, 167 (1985) (a qualified immunity defense can be raised to individual

capacity claims, as opposed to official capacity claims).  The United States Supreme Court has held that "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law" in situations which "existing precedent . . . placed the statutory or constitutional question beyond debate." *Whitney v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citations omitted).

To defeat the defense of qualified immunity, a plaintiff must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citation omitted).  District courts are free to decide which of the two prongs to consider first. *See id*. Significantly, "even if the official's conduct violated a clearly established constitutional right, the official is nonetheless entitled to qualified immunity if his conduct was objectively reasonable." *Lukan v. North Forest Indep. Sch. Dist.*, 183 F. 3d 342, 346 (5th Cir. 1999).  "[O]bjective reasonableness is a question of law for the court." *Hare. v. City of Corinth*, 135 F. 3d 320, 328 (5th Cir. 1998).  In early 2017, the United States Supreme Court issued an opinion in which it "reiterate[d] the longstanding principle that 'clearly established law' should not be defined 'at a high level of generality.'" *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (citation omitted).  "[T]he clearly established law must be 'particularized' to the facts of the case. *Id*. (citation omitted).

There are simply no non-conclusory allegations of fact in plaintiff's complaint which state individual capacity claims against deputies Cook and Porter upon which relief can be

granted.  Further, deputies Cook and Porter have, at all times, acted in good faith and are entitled to qualified immunity.

### Free Speech Claims

Plaintiff suggests defendant deputies have somehow forced him to register as a sex offender, which he contends is a violation of his free speech rights.  R. Doc. 1, pp. 3–4. However, defendant deputies' alleged acts would establish they are merely abiding by a registration scheme memorialized in state law (La. R.S. 15:540, *et seq.*), and the Louisiana First Circuit has said plaintiff can no longer contest his registration status thereunder.  *Quatrevingt v. State*, 17-ca-0884, pp. 12–13 (La. App. 1 Cir. 2/8/18); 242 So. 3d 625, 635.[9]  Further, the U.S. Fifth Circuit has held that registration requirements for sex offenders do not compel speech in violation of the First Amendment, agreeing with the Sixth Circuit that "the Constitution does not provide [plaintiff] 'with a right to keep his registry information private.'"  *United States v. Arnold*, 740 F. 3d 1032, 1032–1035 (5th Cir. 2014), *citing Cutshall v. Sundquist*, 193 F. 3d 466, 481 (6th Cir. 1999).  Since there is no clearly established case law, particularized to the facts of this case, which defendants Cook and Porter have violated, let alone violated in an objectively unreasonable way, plaintiff's free speech claims must be dismissed with prejudice.

### Unreasonable Search and Seizure Claims

Plaintiff also alleges that deputies Cook and Porter have assisted in obtaining search and seizure warrants against him.  R. Doc. 1, p. 4.  Assuming for the sake of argument that is true, a neutral arbitrator issued a warrant, which can only be issued on probable cause.  U.S. Const. amend. IV; *see also United States v. Fulton*, 192 F. Supp. 3d 728, 730 (S.D. Tx. 6.23.16) (when a neutral, detached magistrate issues a warrant on probable cause, any search or seizure pursuant

---

[9]     Federal law also provides for a registration scheme.  *See* 34 U.S.C. § 20901, *et seq.*; 18 U.S.C. § 2250. Indeed, a search of the National Sex Offender Public Website, maintained by the U.S. Department of Justice, shows plaintiff as a registered offender.  *Search engine available at*  https://www.nsopw.gov/, last checked June 14, 2019.

to same is reasonable and lawful).  Further, the public record establishes that no court has ever ordered plaintiff be exempted from state and federal registration requirements, and a Louisiana appellate court has said plaintiff can no longer contest his state registration requirements. Consequently, plaintiff does nothing more than allege a conclusory Fourth Amendment violation by defendant deputies.  Similarly, plaintiff can point to no clearly established case law with respect to a Fourth Amendment violation, particularized to the facts of this case, which defendants Cook and Porter have violated, let alone violated in an objectively unreasonable way. Thus, plaintiff's unreasonable search and seizure claims must be dismissed with prejudice.

### *Double Jeopardy Claims*

While plaintiff alleges a double jeopardy violation (R. Doc. 1. p. 4), deputies Cook and Porter can have no liability under such a claim since they have no power, in law or in fact, to prosecute plaintiff or find him guilty of any crime.  Louisiana Constitution Article V, § 26, provides a district attorney, or his designated assistant, the power to charge every criminal prosecution by the state in his district.  Similarly, the Louisiana Code of Criminal Procedure Article 61 grants a district attorney, subject to the supervision of the Louisiana Attorney General, the power and duty of having "entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute." Accordingly, the District Attorney of St. Tammany Parish, not Sheriff deputies, have full discretion in determining the charge against an offender and in prosecuting an individual based on that alleged offense.   Consequently, plaintiff does not allege an actionable Fifth Amendment violation by defendant deputies.  Similarly, plaintiff can point to no clearly established case law with respect to a Fifth Amendment violation, particularized to the facts of this case, which

defendants Cook and Porter have violated, let alone violated in an objectively unreasonable way. Thus, plaintiff's double jeopardy claims must be dismissed with prejudice.

### Due Process Claims

Plaintiff's claim of a due process violation by defendant deputies (R. Doc. 1, p. 4) is mere conjecture based on the public record. Plaintiff fails to make any non-conclusory factual allegations that the personal involvement of defendant deputies somehow denied him due process. As explained *supra*, Louisiana's registration scheme is not a policy created or controlled by the Sheriff, let alone his deputies. Additionally, a Louisiana appellate court has confirmed that plaintiff is time barred from challenging his registration status. Therefore, even if plaintiff had made factual allegations sufficient to support a due process claim against defendant deputies, which is denied, there can be no reasonable argument they acted in an objectively unreasonable manner in contravention of clearly established case law particularized to the facts of this case. Thus, all due process claims against defendant deputies should be dismissed with prejudice.

### Equal Protection Claims

Plaintiff pleads no facts indicating (i) that he is treated by defendant deputies differently from any other similarly situated persons who are required to register with Louisiana's State Sex Offender and Child Predator Registry; or (ii) that, by virtue of his inclusion in the class of persons required to register with Louisiana's State Sex Offender and Child Predator Registry, he is part of a class treated in a legally impermissible way by defendant deputies. Therefore, he does not state an actionable equal protection claim against defendant deputies, despite his conclusory allegations to the contrary. R. Doc. 1, pp. 4–5; *see Bell v. Woods*, 382 Fed. Appx. 391, 392–393 (5th Cir. 6/18/2010) (conclusory equal protection allegations regarding sex

offender requirements, whether under a "class-of-one" theory or a general class theory cannot survive a motion to dismiss). Even more, and again, plaintiff can point to no clearly established case law with respect to an equal protection violation, particularized to the facts of this case, which defendants Cook and Porter have violated, let alone violated in an objectively unreasonable way. Thus, plaintiff's equal protection claims must be dismissed with prejudice.

### *Ambiguous Conspiracy Claims*

Plaintiff's complaint makes several vague allusions to a "conspiracy" against him by defendants. "A conspiracy by itself . . . is not actionable under section 1983." *Pfannstiel v. Marion*, 918 F. 2d 1178, 1187 (5th Cir. 1990). Additionally, "a conspiracy claim [under § 1983] is not actionable without an actual violation of section 1983." *Id*. Here, defendant deputies have established, per the above, that there was no section 1983 violation based on plaintiff's conclusory allegations and, regardless, that they are entitled to qualified immunity. Qualified immunity still operates as a defense in favor of an immune actor in a conspiracy claim. *See id*. at 1187-88. Therefore, any § 1983 conspiracy claim by plaintiff must fail.

Further, to the extent plaintiff seeks to make a conspiracy claim under 42 U.S.C. § 1985, the only arguably relevant provision of that statute is 42 U.S.C. § 1985(3). The United States Supreme Court has said that, "The language [of § 1985(3)] requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). The high Court also has found that § 1985(3) should not be construed "to reach conspiracies motivated by economic or commercial animus." *United Brotherhood of Carpenters and Joiners of America, Local 610 v. Scott*, 463 U.S. 825, 838 (1983). For its part, the United States Fifth Circuit has said: "It is well-established in this circuit

that the only conspiracies actionable under section 1985(3) are those motivated by racial animus." *Deubert v. Gulf Federal Savings Bank*, 820 F.2d 754, 757 (5th Cir. 1987). There are no viable equal protection claims in this matter, as described *supra*, let alone claims allegedly based on racial animus. Therefore, any § 1985 conspiracy claim by plaintiff must fail.

### III.   CONCLUSION

In view of the foregoing, plaintiff's complaint fails to state a claim upon which relief can be granted and qualified immunity otherwise attaches as against all plaintiff's individual capacity claims. Therefore, all claims against Denise Porter, Angelina Cook, and Sheriff Randy Smith should be dismissed with prejudice.

Respectfully submitted,

MILLING BENSON WOODWARD L.L.P.

*s/ Chadwick W. Collings*

CHADWICK W. COLLINGS, T.A.      # 25373
THOMAS S. SCHNEIDAU             # 33359
CODY J. ACOSTA                  # 37005
68031 Capital Trace Row
Mandeville, Louisiana 70471
Telephone:    (985) 292-2000
Facsimile:    (985) 292-2001
ccollings@millinglaw.com
*Counsel for Sheriff Randy Smith, Angie Cook, and Denise Porter*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on June 14, 2019, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.  Any unrepresented parties appearing are being sent a copy of the above and foregoing through the U.S. Mail, postage prepaid and properly addressed, on June 14, 2019.

*s/ Chadwick W. Collings*
**Chadwick W. Collings**

90429/458246