1|8|18

IN THE 19th JUDICIAL DISTRICT COURT         State of Louisiana

KEVIN QUATREVINGT, Petitioner                Docket # 664353

Vs.                                   PAUPER FILED

Randy Smith, Sheriff of St. Tammany Parish   Division: SEC. 26

## EMERGENCY PETITION FOR TEMPORARY RESTRAINING ORDER PRELIMINARY and PERMANENT INJUNCTIONS.

1. Pursuant to La R.S. 15:544.1 and LA CCP 3601 the Petitioner, Kevin Quatrevingt, petitions this Honorable Court for a permanent injunction, directed to the Saint Tammany Parish Sheriff's Office through its Sheriff Randy Smith, ordering his agency, its departments, subdivisions, agents, employees, and all persons, firms, and/or corporations acting or claiming to act on its behalf or in concert with them to cease registering Kevin Quatrevingt as a sex offender based on Military Conviction Docket # 0504531517, and to cease advising other parties that he is a sex offender based on Military Conviction Docket # 0504531517, and to cease any and all present or future attempts to require Petitioner to register as a sex offender based on Military Conviction Docket # 0504531517, and to cease any and all present or future attempts to arrest Petitioner for Failing to Register as a Sex Offender for any other Sex Offender Registration-related arrest based on Military Conviction Docket # 0504531517. Furthermore, Pursuant to LA CCP 3601, Petitioner petitions this Court for a Temporary Restraining Order and Preliminary Injunction stating the same as above. Petitioner asserts in the absence of a Temporary Restraining Order and Preliminary Injunction, on December 18, 2017, he will suffer immediate and irreparable damages including but not limited to loss of liberty, loss of due process, financial harm, damage to reputation, physical confinement and more. In support of this petition, Petitioner alleges the following:

2. Petitioner, KEVIN QUATREVINGT (hereafter Petitioner), is a citizen of Louisiana and resides in St. Tammany Parish.

Defendant, Randy Smith, is the Sheriff of Saint Tammany Parish and is named herein solely in his official capacity as head of the Saint Tammany Parish Sheriff's Office

REC'D C.P.
DEC 15 2017

NON-CERTIFIED COPY

EXHIBIT I

3.     This Court has Jurisdiction over the subject matter of this action in accordance with La. R.S. 15:544.1. The Court has jurisdiction over the request for Temporary Restraining Order, Preliminary and Permanent Injunctions under Louisiana Code of Civil Procedure Article 3601 et seq..

4.     Venue is proper in this Court in accordance with La R.S. 15:544.1 as the matter is regarding sex offender registration. "Any petition for injunctive relief…regarding the registration and notification requirements of this Chapter…which are based on theories of relief or grounds not specifically provided for in the provisions of this Chapter, shall be filed through ordinary civil proceedings by the offender… in the district court for the parish where the state capitol is situated." The legislature did not envision a Sheriff ignoring a Court's decisions and has placed no provision for such in the Chapter as such this is the proper mechanism. The State Capitol being in your district, venue is proper in your Court.

**Relevant Facts**

1.     On 24 January 2006, under Military Docket # 0504531517, Petitioner plead guilty to one count of Conduct Prejudicial to Good Order and Discipline under Article 134 of the UCMJ.

2.     On 21 Oct 2006 Petitioner returned to the State of Louisiana and established a Residence. In May 2007, the STPSO required Petitioner register as a tier 1 offender without a hearing or opportunity to contest the decision. Petitioner continued to register as a tier 1 offender until April 2010.

3.     On 22 Apr 2010 the STPSO arbitrarily and capriciously required Petitioner to register as a Tier 2 sex offender. Petitioner refused to register as a tier 2 sex offender.

4.     On 01 Jun 2010, the St Tammany Parish Sheriff's Office (herein STPSO) obtained an arrest warrant based on the allegation that Petitioner failed to register as a sex offender. Petitioner turned himself in and was released on a personal recognizance bond.

NON-CERTIFIED COPY

5. On 13 Sep 2010, a bill of information alleging the Petitioner was guilty of "failing to register as a sex offender after having been convicted of possession of child pornography on January 24, 2006 under Docket number 0504531517, in military court" was filed in the 22nd JDC. (See Exhibit B) The action was State of Louisiana v Kevin Quatrevingt and given Docket # 493820 in the 22nd JDC.

6. After 3 years of litigating numerous issues, in October of 2013 Petitioner, through counsel, filed a motion arguing that he had "no duty to register as a sex offender because [his] Article 134 conviction does not meet this State's statutory requirements for registration" and therefore he was not subject to sex offender registration requirements. (Exhibit C, Page 3)

7. On 7 Feb 2014, in Docket # 493820, the Honorable Judge Martin Coady, made a judicial determination that "In examining actually what [petitioner] pled guilty to, he pled guilty to it under the general article, not to a specific crime which would annunciate a sex offense", granted Petitioners motion, and thereafter dismissed the prosecution. The Court then went on to say the attempts to require Petitioner to register the military conviction was a "fundamental flaw". (See Exhibit D, Pages 2-3 See also Exhibit E) That judgement went un-appealed and is now final. (See Exhibit F)

8. Now the STPSO is again ordering Petitioner to register as a sex offender based on Military Docket # 0504531517, wholly ignoring the Court's 2014 decision that he is not legally obligated to do so. On 12/18/2017 the STPSO will force Petitioner to register as a sex offender, or alternatively they will arrest him again, which will cause him to lose his liberty either way, and based solely on a conviction which was judicially determined to be not equivalent to a sex offense.

11. Petitioner has successfully challenged the matter of whether his military conviction was equivalent to a sex offense and received a final binding judicial determination that it is not. The STPSO now wholly ignores that decision to the detriment of Petitioner placing him at risk of significant loss of liberties, either through arrest or through being unlawfully forced to register as a sex offender and causing Petitioner to re-litigate matters already litigated to finality.

16. Wherefore the above-stated reasons, and for the reasons stated in the accompanying Memorandum in Support, Petitioner moves this Honorable Court for a

NON-CERTIFIED COPY

Temporary Restraining Order, Preliminary Injunction, and thereafter a Permanent Injunction directed at the Sheriff, Randy Smith, his agents, employees, and all persons, firms, and/or corporations acting or claiming to act on their behalf, or in concert with them to cease infringing upon the Constitutional and Codal rights of this Petitioner and to restrain, enjoin, and prohibit them, from ignoring the Judicial Determination made on February 7th 2014 in Docket # 493820 that Petitioners military conviction (Docket # 0504531517) is not equivalent to a sex offense, and further ordering them to cease any and all present or future attempts to require Petitioner to register as a sex offender based on Military Conviction Docket # 0504531517, and further ordering them to cease any and all present or future attempts to arrest Petitioner for Failing to Register as a Sex Offender or any other Sex Offender Registration-related arrest based on Military Conviction Docket # 0504531517.

Respectfully Submitted

**Kevin M. Quatrevingt**
**62114 Warrior Rd**
**Lacombe, LA 70445**
**504-371-2985**

### Certificate

I hereby certify that a copy of the foregoing emergency petition for Temporary Restraining Order, Preliminary and Permanent Injunctions has been served upon Defendant by placing same in the United States mail, postage prepaid and properly addressed, this 15th day of January 2017

Kevin M. Quatrevingt

**IN THE 19th JUDICIAL DISTRICT COURT**                       **State of Louisiana**

**KEVIN QUATREVINGT, Petitioner**                              Docket #_____

Vs.

**Randy Smith, Sheriff of St. Tammany Parish**                 Division:_____

### MEMORANDUM IN SUPPORT

1. Petitioner, Pro Se, respectfully submits this Memorandum in Support. Petitioner seeks a Temporary Restraining Order, Preliminary and Permanent Injunctions directed

NON-CERTIFIED COPY

at Randy Smith his agents, employees, and all persons, firms, and/or corporations acting or claiming to act on their behalf, or in concert with them to cease infringing upon the Constitutional and Codal rights of this Petitioner and to restrain, enjoin, and prohibit them from ignoring the Judicial Determination made on February 7th 2014 in Docket # 493820 that Petitioners military conviction docket # 0504531517 is not equivalent to a sex offense and further ordering them to cease any and all present or future attempts to require Petitioner to register as a sex offender based on Military Conviction Docket # 0504531517, and further ordering them to cease any and all present or future attempts to arrest Petitioner for Failing to Register as a Sex Offender based on Military Conviction Docket # 0504531517, or any other Sex Offender Registration-related arrest based on Military Conviction Docket # 0504531517.

## Summary

Petitioner received a ruling in 22nd JDC Docket # 493820 that his military conviction Docket # 0504531517 is not equivalent to a sex offense. That ruling went un-appealed and became final and binding.

See Avenue Plaza LLC 676 So.2d 1077 holding that "Res judicata bars relitigation of a subject matter arising from the same transaction or occurrence of a previous suit. LSA-R.S. 13:4231. It promotes judicial efficiency and final resolution of disputes. Terrebonne Fuel & Lube v. Placid Refining, 95-0654, 95-0671, pp. 11-12 (La.1/16/96); 666 So. 2d 624, 631. A judgment determining the merits of a case is a final judgment. La. C.C.P. art. 1841. See also, Tolis v. Board of Sup'rs of Louisiana State University, 95-1529 (La.10/16/95); 660 So. 2d 1206. A final judgment from which there can be no appeal acquires the authority of the thing adjudged. La.C.C. art. 3506(31). Once a final judgment acquires the authority of the thing adjudged, no court has jurisdiction to change the judgment, regardless of the magnitude of the final judgment's error. Tolis at 3; 660 So.2d at 1206-1207."

See also State v. Latil 92 So.2d 63 holding "The doctrine of res judicata, by which a fact or matter distinctly put in issue and directly determined by a court of competent jurisdiction cannot afterwards be disputed between the same parties, is applicable to judgments in criminal prosecutions."

NON-CERTIFIED COPY

See also US v. Oppenheimer 242 US 85 holding "Where a criminal charge has been adjudicated upon by a court having jurisdiction to hear and determine it, that adjudication, whether it takes the form of an acquittal or conviction, is final as to the matter so adjudicated upon, and may be pleaded in bar to any subsequent prosecution for the same offense. In this respect the criminal law is in unison with that which prevails in civil proceedings.

Therefore, Petitioners obligation to register as a sex offender, the "fact [and] matter distinctly put in issue" was "directly determined by a court of competent jurisdiction" (the Criminal Court in 22nd JDC Docket # 493820) and cannot now be disputed again without offending the doctrines of due process, res judicata, and the jurisprudential guidance from both the Louisiana Supreme Court and the U.S. Supreme Court. That judgment was not appealed and cannot at this point be appealed and therefore the judgement "acquired the authority of the thing adjudged" (that the military conviction isn't equivalent to a sex offense). Therefore, Petitioner is entitled to plead in bar at any subsequent attempts to prosecute him for sex offender violations based on Military Docket # 0504531517, that he is not obligated to comply with them and the prosecution is barred based on the previous determination that he is not obligated to register, the findings in Oppenheimer, Avenue Plaza, and the doctrine of Res Judicata all agreeing. And rightfully the Petitioner can do so each time the Sheriff's office refuses to comply with the Court's decision and arrest and charges Petitioner. However, the Petitioner should not HAVE to continuously lose liberty and go back to trial and re-litigate the matter each time the Sheriff decides to arrest and charge him.

In State of Louisiana v. Clyde Cain 324 So.2d 830 (1975), the Louisiana Supreme Court, citing Oppenheimer, held: "the restriction on multiple prosecutions is designed to implement several procedural objectives. One of these is to protect the defendant and the public from the expense of prolonged and unnecessary litigation resulting from retrial of cases already adjudicated. Another is to prevent the use of several proceedings to try questions of law and fact which logically make up but one case. Still another objective is to safeguard the accused from excessive harassment and the stigma of repeated criminal prosecutions; he should not be made to "run the gauntlet" again." In this Petitioners case, however, the STPSO is ignoring the Courts

NON-CERTIFIED COPY

decision and subjecting this Petitioner to the very actions our Supreme Court has stated, very clearly, he should not be subjected to. He is enduring "excessive harassment and the stigma of repeated criminal prosecutions". He is being made to "run the gauntlet" again. Therefore, the Petitioner should be entitled to relief. The only relief available to stop the STPSO's actions is a restraining order, Preliminary and Permanent Injunctions prohibiting the Sheriffs actions which clearly violate the laws of Louisiana, the United States, and the jurisprudence of the Louisiana Supreme Court. These facts, supported by case law show Petitioner is clearly entitled, based on the requirements of due process, to the relief he is requesting and therefore prays this Court will provide such relief in accordance with law.

## Background

On or about January 24, 2006 Petitioner plead guilty under Article 134 of the Uniform Code of Military Justice to 1 count of conduct prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces in Docket #0504531517 in Military Court. Petitioner was sentenced to 11 months confinement, which was reduced to 8 1/2 months.

After Petitioner returned home to the State of Louisiana, he was ordered to register as a tier 1 offender and did so with the STPSO. He complied until April 2010 when without reason they demanded he register as a tier 2 offender. Petitioner refused and in June 2010, the STPSO notified Petitioner that he had a warrant for his arrest for failing to register as a tier 2 sex offender. Petitioner turned himself in and was given a personal recognizance bond with the stipulation that he comply with the Commissioners order to "register as they say until you work it out in Court"

Petitioner was thereafter charged by bill of information with one count failure to register as a sex offender. After 3 years and 4 months of litigation, Petitioner, through counsel, filed a motion arguing he had "no duty to register as a sex offender because [his] Article 134 conviction does not meet this State's statutory requirements for registration". The Court held a hearing wherein the Court heard oral arguments and accepted written pleadings. In February of 2014, the Court decided in favor of Petitioners motion and ruled "*that the Court has taken this earlier under advisement. Briefs have been filed. We have had argument in the past. I've reviewed it. The Court*

NON-CERTIFIED COPY

*has looked to the prior military justice offense he was charged under Article 134 of the Uniform Code of Military Justice. In examining actually what he pled guilty to, he pled guilty to it under the general article, not to a specific crime which would annunciate a sex offense."*

After the Courts decision, there was no appeal. Now, some three years later, the STPSO seeks to ignore the Court's decision and impose the same restrictions already ruled not applicable to this Petitioner. Petitioner asserts the attempt by the STPSO to re-register him violates his rights to due process under the 5th and 14th amendments to the United States Constitution, as well as Article 1 Section 2 of the Louisiana Constitution.

He further asserts the STPSO ignoring the Court's 2014 decision violates Article IV Section 1 of the U.S. Constitution (the Full Faith and Credit Clause) as well as Louisiana Revised Statute 13:4231 Res Judicata. Petitioner asserts the decision by the 2014 trial court that the Military conviction is not equivalent to a sex offense became a final and binding judgment as there was no appeal filed and time to appeal has lapsed by over 3 years. Petitioner went through almost 4 years of litigation and received a final, un-appealed judgement that his Military conviction # 0504531517 is not equivalent to a sex offense. Having no other convictions which would attach Sex Offender Requirements, he is a free man, not subject to sex offender registration, should not be required to re-register as a sex offender or arrested for not registering as a sex offender or for failing to comply with sex offender requirements.

Petitioner asserts there are no matters to be litigated. There are only facts and law. There is a final binding judgment that Petitioner is not obligated to register as a sex offender. That judgment is res judicata. Any subsequent arrest or attempted prosecutions would only serve as malicious attempts to harass Petitioner or attempts to try to relitigate the matters already adjudged. Those matters are not re-litigable (See La R.S. 13:4231) and no court has jurisdiction to change the judgment (See Avenue Plaza quoting Tolis at 3; 660 So.2d at 1206-1207). Petitioner asserts "precluding re-litigation prevents inefficient use of the courts' resource's…and helps maintain respect for the judicial [process] by guarding against inconsistent decisions," See Terrebonne Fuel & Lube, Inc. v. Placid Refining Co., 666 So. 2d 624, 631 (La. 1996), and further that

NON-CERTIFIED COPY

Louisiana law "provides a broad application of res judicata to foster judicial efficiency and protect litigants from duplicative litigation." Lafreniere Park Found. v. Broussard, 221 F.3d 804, 810 (5th Cir.2000).

As these matters shouldn't be relitigated, and lawfully can't be, the Petitioner should not be subject to the arrest that inevitably lead to the matters being re-litigated. Petitioner is only requesting a Restraining Order and Injunctions in regards to attempts to arrest him based on sex offender violation allegations stemming from the military conviction # 0504531517. Petitioner request the defendant be required to show what conviction he must register as the Military conviction has been litigated to finality and determined not to be equivalent to a sex offense or in the alternative to show by what authority he ignores a final binding Court decision and continues to require Petitioner to register as a sex offender based on Military Conviction # 0504531517. The Petitioner, having had a competent Court hear the matter and determine that the military conviction is not equivalent to a sex offense, obviously does not have a duty to register that conviction, yet, the STPSO places the Petitioner in Jeopardy of losing liberties by continuing to ignore that judgment and requiring Petitioner register. Upon Defendants failure to provide a conviction, other than the military conviction determined not registerable, which obligates the Petitioner to register, or failing to show by what authority he ignores a final binding judicial ruling, Petitioner should be found to be entitled to all relief requested herein.

In Meza v Livingston the United States Court of Appeals for the 5th Circuit held being free from Sex Offender Registration is a liberty interest requiring due process before losing said liberty. Therefore, Petitioner is faced with the choice of involuntarily surrendering his liberty interest and registering as a sex offender to avoid arrest, or alternatively not surrendering his liberty interest and instead having it forcefully taken via arrest for failing to register. Either way Petitioner is unlawfully stripped of a liberty interest, not only without due process, but completely contrary to the due process he already received. Principles of Due Process and Res Judicata are only good insofar as their outcomes are enforceable.   Whereby petitioner must lose a liberty interest regardless of which choice he makes, Petitioner request that this Court grant a Temporary Restraining Order and Preliminary Injunction against the Defendant

NON-CERTIFIED COPY

prohibiting them from requiring Petitioner comply with the sex offender requirements and further prohibiting them from arresting Petitioner for failing to comply with the requirements until this matter can be heard, as it should be clear to this Court, based on the doctrine of Res Judicata, and the final binding decision of the Court in 22nd JDC docket # 493820 that the Petitioner is not subject to these provisions for Military Conviction Docket # 0504531517.

### General Law

1.      La CCP Art. 3601. Injunction, grounds for issuance; preliminary injunction; temporary restraining order holds that "An injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law.

### Clear Entitlement

1.      The STPSO through its various departments, agencies, and subdivisions, seeks to ignore the final and binding judicial determination that the military conviction, Docket # 0504531517, is not equivalent to a sex offense. The Petitioner is clearly entitled to the final and binding effects of the judicial determination in accordance with the 5th and 14th Amendments to the U.S. Constitution, Article 1 Subsections 2 and 15 of the Louisiana Constitution of 1974, the U.S. Supreme Court decision in U.S. v. Oppenheimer and the Louisiana Supreme Court decision in State v. Cain, and finally the Louisiana Res Judicata Statute R.S. 13:4231.

### Nature of Relief Sought

1.      This action seeks the Court to enjoin the STPSO its departments, agencies, and subdivisions, through its Sheriff Randy Smith, his agents, employees, and all persons, firms, and/or corporations acting or claiming to act on their behalf, or in concert with them to cease infringing upon the Constitutional and Codal rights of this Petitioner, to cease advising third parties that he is a sex offender, and to restrain, enjoin, and prohibit them, from ignoring the Judicial Determination made on February 7th 2014 in Docket # 493820 that Petitioners military conviction (Docket # 0504531517) is not equivalent to a sex offense, and further ordering them to cease any and all present or future attempts to require Petitioner to register as a sex offender based on Military Conviction Docket #

NON-CERTIFIED COPY

0504531517, and further ordering them to cease any and all present or future attempts to arrest Petitioner for Failing to Register as a Sex Offender or any other Sex Offender Registration-related arrest based on Military Conviction Docket # 0504531517.

### Temporary Restraining Order / Preliminary Injunction

1.      Furthermore, a temporary restraining order and a preliminary injunction should be granted if the moving party establishes 1) the likelihood of success on the merits; 2) entitlement to the relief sought; and 3) a threat of irreparable injury, General Motors Acceptance Corp v Daniels, 377 So.2d 346, 348 (La. 1979).

2.      Petitioner is likely to succeed on the merits of this case because the actions of the STPSO conflict with the Laws of the State of Louisiana (La R.S. 13:4231), violate numerous Federal (U.S. v Oppenheimer, U.S. Const. Art 5 and 14) and State (La v. Cain, La v Latil, La Const. Art 2 Subsects. 2 and 15) rights of the Petitioner, and are contrary to due process requirements of law, and ignore a final and binding judicial determination.

3.      Petitioner is entitled to the relief he seeks because government agents including a Sheriff, may not create conditions which violate the Constitutional rights of its citizens. Furthermore, he has received due process which entitles him to the restoration of his rights.

4.      These conditions negatively impact Petitioner in that they remove a liberty interest without due process, and contrary to the outcome of the due process Petitioner already previously received in 2014. Petitioner is forced to either a) surrender his due process from 2014 and register against his will, which violates his right to be free from sex offender registration (See Meza v Livingston 623 F.Supp.2d 782 (2009)), or b) face the risk of being arrested for failing to register, which violates his right to be free from unreasonable search and seizure. Either action will cause immediate and irreparable injury to the Petitioner. His last arrest, which culminated in the 2014 ruling, in which STPSO arrested and charged Petitioner with failure to register resulted in 3 years and 9 months of litigation which proved quite expensive for Petitioner. As such to allow the STPSO to again charge the same crime under the same facts, after already litigating the matter to finality would significantly harm Petitioner financially. Finally, the mental

NON-CERTIFIED COPY

and emotional injury an arrest, and subsequent separation from family, as well as loss of income will most certainly be immediate and irreparable to both Petitioner and his family. Additionally, mental and emotional injury of having to register will most certainly cause immediate and irreparable injury to this Petition.

5.     No harm is likely to be caused to the Defendants by issuance of the relief requested. Petitioner has not been forced to register since the Judicial Determination on February 07 2014. Having not registered for the last 3 years, and no harm having occurred to society or to the Defendants, it is not likely anything will change through issuance of the relief requested, which would tend to do harm to society or the Defendants.

## CONCLUSION

1.     On 7 February 2014 Petitioner in Docket #493820 received a ruling that his military offense Docket # 0504531517 is not equivalent to a sex offense. That ruling became final and binding and acquired the authority of whether or not military offense # 0504531517 is equitable to a sex offense. Petitioner is entitled to plead in bar at any subsequent prosecutions for registration-related offenses for military offense # 0504531517, that the prosecution is barred based on the previous determination, the findings in U.S. v Oppenheimer and the doctrine of Res Judicata agreeing. The Petitioner should not have to continuously lose liberty and go back to trial and re-litigate the matter each time the STPSO decides to arrest and charge him. The Petitioner is enduring "excessive harassment and the stigma of repeated criminal prosecutions". He is being made to "run the gauntlet" again and again and again. Therefore, the only relief available is a restraining order and injunctions to stop there unlawful actions. These facts, supported by case law show Petitioner is clearly entitled to relief based on the requirements of due process and prays this Court will provide such relief in accordance with law. It is respectfully requested that this Court issue an order directed to the Defendant to answer Petitioners Petition and show cause why the relief prayed for in this action should not be granted. Petitioner prays that a restraining order and preliminary injunction issue, followed by a permanent injunction restraining, enjoining, and prohibiting the Defendant, his agents, employees, and all persons, firms, and/or corporations acting or claiming to act on their behalf, or in concert with them, ordering

NON-CERTIFIED COPY

them to cease any and all present or future attempts to require Petitioner to register as a sex offender based on Military Conviction Docket # 0504531517, and further ordering them to cease any and all present or future attempts to arrest Petitioner for Failing to Register as a Sex Offender or any other Sex Offender Registration-related arrest based on Military Conviction Docket # 0504531517, and that the Court grant such other relief as may be just and proper.

Respectfully Submitted,

Kevin Quatrevingt, Pro Se
62114 Warrior Rd
Lacombe, LA 70445
504-371-2985

**Certificate**

I hereby Certify that a copy of the foregoing Memorandum in Support of Petition for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction, has been served upon Defendants by placing same in the United States mail, postage prepaid, and properly addressed, this 15th day of January 2017.

Kevin Quatrevingt



NON-CERTIFIED COPY