19th JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO: ~~654843~~ 664353

SECTION: ~~23~~ 26

KEVIN QUATREVINGT

versus

RANDY SMITH, SHERIFF OF ST. TAMMANY PARISH

FILED_____     _____
                                           DEPUTY CLERK

### MEMORANDUM IN SUPPORT OF RANDY SMITH'S, SHERIFF OF ST TAMMANY PARISH, EXCEPTION OF PEREMPTION; AND/OR ALTERNATIVELY, EXCEPTION OF COLLATERAL ESTOPPEL

**MAY IT PLEASE THE COURT:**

Randy Smith, Sheriff of St. Tammany Parish (hereinafter also referenced as "Sheriff Smith"), submits this Memorandum in Support of his Exception of Peremption; and/or Alternatively, Exception of Collateral Estoppel to Petitioner's, Kevin Quatrevingt, Emergency Petition for Temporary Restraining Order Preliminary and Permanent Injunctions filed on December 15, 2017, as follows:

### BACKGROUND

On January 24, 2006, under Military Docket #0504531517, Mr. Kevin Quatrevingt, Petitioner herein, was convicted in Military court of possession of child pornography - UCMJ violation of Article. 134. Petitioner's sentence included a bad-conduct discharge, a reduction of military grade, and confinement for eleven (11) months. During the course of Petitioner's confinement, and at the time of his release, he acknowledged receipt of notice from the federal government of his registration requirement as a sex offender.

In November, 2006, Petitioner established residency in the State of Louisiana. On May 7, 2007, Petitioner was arrested by the St. Tammany Parish Sheriff's Office for failure to register as a sex offender and pornography with a juvenile. On November 3, 2008, Petitioner pled guilty to the charges in the 22nd Judicial District Court under Docket #438897 for failure

NON-CERTIFIED COPY

1

EXHIBIT J

to register as a sex offender after having been convicted of Child Pornography on January 24, 2006. The Court sentenced Petitioner to two (2) years, giving credit for time served. Petitioner was released from incarceration for that offense on November 24, 2008, after which he registered as a sex offender in Louisiana. Thereafter, on November 16, 2009, Petitioner completed his annual registration and was in compliance with his registration requirements.

On April 22, 2010, the Louisiana Department of Public Safety and Corrections, Office of State Police (hereinafter referenced as "the Bureau"), advised Petitioner via written notice by certified mail that as an out-of-state convicted sex offender he was subject to and shall comply with all the registration and notification requirements of Chapter 3-B – Registration of Sex Offenders; Sexually Violent Predators, and Child Predators of Title 15 of the Louisiana Revised Statutes of 1950 (La. R.S. 15:540-549). The State Police further advised Petitioner that according to records from the state of his conviction, Petitioner was convicted of Possession of Child Pornography pursuant to statute number Military Article 134, which criminal elements, when compared with Louisiana Criminal Code's corresponding criminal elements, would equate to a conviction of Possession, Production and/or Distribution of Child Porn under LSA R.S. 14:81.1. Based on the Bureau's findings, Petitioner was advised that the tier classification for Petitioner's out-of-state conviction of Possession of Child Pornography, pursuant to statute number Military Article 134, required Petitioner to register pursuant to "Tier II." The Bureau further advised Petitioner that, pursuant to LSA R.S. 15:542.1.3(B)(4), he could appeal the Bureau's determination of the applicable time period of registration and frequency of in-person periodic renewals within one year from the date that the Bureau posted its determination of tier-classification on the State Registry. Lastly, Petitioner was informed that the Bureau's decision on Petitioner's tier classification as posted on the State Registry is not suspended or stayed pending the "tiering decision" nor through the administrative appeal process.

In May, 2010, Petitioner did not appear for his scheduled semi-annual registration and a warrant was issued for his arrest. On June 14, 2010, Petitioner was arrested on an outstanding

NON-CERTIFIED COPY

warrant, relative to his failure to register, and was subsequently released on June 15, 2010. On the date of his release, June 15, 2010, Petitioner reported to St. Tammany Parish Sheriff's Office Sex Offender Registry, at which time he was notified that December 15, 2010, was his next scheduled registration date. On December 10, 2010, Petitioner reported to the St. Tammany Parish Sherriff's Office Registry for registration, and was instructed to return on or before June 06, 2011, for his next scheduled registration date.

On April 22, 2011, the Bureau's tier determination of Petitioner's tier classification and requirement that he register pursuant to "Tier II" became final, as Petitioner did not appeal the Bureau's determination within the one-year timeframe as provided in LSA R.S. 49:950, *et seq.* In fact, on May 12, 2011, Petitioner reported to the St. Tammany Parish Sherriff's Office Registry and reported a change of address to Independence, Louisiana, and reported same to Tangipahoa Parish.

Notwithstanding the foregoing, in a bizarre set of circumstances, on October 3, 2013, Petitioner filed a Motion to Quash in the 22nd Judicial District Court in proceeding under Docket #439820. Docket #439820 represents the criminal proceeding from Petitioner's arrest in June, 2010 for failure to register. On February 7, 2014, District Court Judge Martin E. Coady granted Petitioner's Motion, stating that Petitioner pled under the general article 134; however, "the fundamental flaw, I believe in the State's case is the underlying charge they are trying to have Mr. Quatrevingt register. Therefore, on that basis I am granting the motion to quash." Thereafter, on June 5, 2014, Petitioner filed a Motion for Clarification and Request for Order for Removal from Registry. Therein, Petitioner sought verification that LSA-R.S. 15:540 *et seq.*, did not apply to him based on the Court's previous statements when the indictment against him for failing to register was quashed. Petitioner's Motion of June 5, 2014, sought clarification from Judge Coady's previous ruling, and an order removing him from the Louisiana State Sex Offender and Child Predator Registry. A hearing was held on July 17, 2014, and the Court ruled it had no subject matter jurisdiction to hear Petitioner's request and quashed the case. Accordingly, the Court's ruling on Petitioner's Motion to Quash

NON-CERTIFIED COPY

was merely an end to the criminal charges for Petitioner's failure to register, not a determination of Petitioner's sex offender status. Clearly, the 22nd Judicial District Court recognized it lacked subject matter jurisdiction to address such issue.

Thereafter, Petitioner filed a civil petition against the Attorney General of Louisiana in the 22nd Judicial District Court, Parish of St. Tammany, Docket #2015-13724, seeking relief from his registration requirements. Here, the State filed multiple Exceptions, one of which was improper venue, which was granted and upheld on appeal.

On January 27, 2017, Petitioner filed proceedings in this District Court against the State of Louisiana, specifically filing an Emergency Petition for Extraordinary Relief in the Nature of a Writ of Mandamus, Temporary Restraining Order, Stay Order and Preliminary Injunction. Here, Petitioner attempts to argue and rely on the February 7, 2014, ruling of Judge Coady. The State filed an Exception of Peremption in response to Petitioner's Petition.

On April, 10, 2017, a hearing was held before the Honorable William A. Morvant. At the hearing, Judge Morvat concisely and methodologically examined the facts of Petitioner's multiple claims, recognizing that the 22nd Judicial District Court did not have subject matter jurisdiction, stating, "I think that under the statutory scheme, this can only be done in the 19th Judicial District Court pursuant to petition for judicial review following an exhaustion of all available administrative remedies." Judge Morvant recognized that Petitioner, pursuant to LSA R.S. 15:542.1.3(B)(4), had one year to appeal the Bureau's determination, and that on "two occasions and two proceedings, that determination has been collaterally attacked," yet "neither of those collateral attacks I find comply with 15:542.1.3." Specifically, Judge Morvant held that the 22nd Judicial District Court had "no subject matter jurisdiction to address classification or obligation to register." The Court further recognized that "even Judge Coady acknowledged that. On July 17 of 2014, he acknowledged that he, that court, did not have subject matter jurisdiction to address the issues raised in the Motion to Reconsider." Finally, Judge Movant opined "[a]ny judgment rendered by a court without subject matter jurisdiction is an absolute nullity..." Following a thorough review of the facts and an analysis of the ruling

NON-CERTIFIED COPY

in the 22nd Judicial District Court, Judge Morvant maintained the State of Louisiana's Exception of Preemption, dismissing the action with prejudice. Following the Court's ruling, Petitioner filed an appeal with the First Circuit on the preemption issue, to which all parties are awaiting a reply.

On December 15, 2017, Petitioner launched a fourth collateral attack, the subject of the Exceptions filed herein. Again, Petitioner is seeking relief on his requirements to register as a Tier II offender. Petitioner's Emergency Petition raises the exact same issues previously brought before this Court on January 27, 2017. What is most astonishing about this latest filing by Petitioner, is the fact that the pleading is completely void of any mention of the Emergency Petition for Extraordinary Relief in the Nature of a Writ of Mandamus, Temporary Restraining Order, Stay Order and Preliminary Injunction he previously filed in this very Court in January, 2017, in the matter entitled *Kevin Quatrevingt v. State of Louisiana*, Docket No: 654843, Civil Division: E. Petitioner fails to mention in his Petition against Sheriff Smith that Judge Morvant 's ruling on April 10, 2017, maintained the State of Louisiana's Exception and dismissed Petitioner's claims with prejudice and at his costs.

## **EXCEPTION OF PEREMPTION**

Pursuant to Louisiana Civil Code Article 3458, "[p]eremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period." "Where a statute creating a right of action also sets out the period of time in which the right must be exercised, the period for instituting an action is peremptive rather than prescriptive." *Carter v. Lynn*, 637 So.2d 690, 691 (La. App.1st. Cir. 5/20/1994). Peremption may not be renounced, interrupted, or suspended. LSA C.C. Art. 3461.

Petitioner's time to petition this Court, or any Court, for relief "to cease any and all present or future attempts to require Petitioner to register as a sex offender based on Military

NON-CERTIFIED COPY

5

Conviction Docket # 0504531517"[1] has expired. LSA R.S. 15:542.1.3 governs the registration of sex offenses by "[a]ny person who is convicted or adjudicated of an offense under the laws of another state, or **military,** territorial, foreign, tribal, or federal law." As Petitioner was convicted by a military tribunal for a crime of which the underlying offense was possession of child pornography, Petitioner is subject to the provisions of LSA R.S. 15:542.1.3.

Louisiana Revised Statute 15:542.1.3 further provides, in pertinent part, "**the bureau** shall determine which time period of registration under the provisions of R.S. 15:544 and the frequency of in-person periodic renewals under the provisions of R.S. 15:542.1 is applicable to the offender while residing in Louisiana. This determination shall be based on a comparison of the elements of the offense of conviction or adjudication with the elements of the most comparable Louisiana offense." Finally, LSA R.S. 15:542.1.3 provides that the determination made by the Office of State Police, or "bureau," is "binding," and any "offender" shall have one year to appeal the Bureau's determination.

In *Carter v. Lynn,* cited infra, the First Circuit upheld an exception of peremption, finding that the inmate's time for which he could appeal a decision by the Department of Public Safety and Corrections on a personal injury claim had prescribed. In upholding this exception, the Court reasoned that the legislature had created an exclusive remedy by which inmates could appeal decisions of this nature, and the inmate's failure to follow the time frame allotted by the statute creating the remedy had passed, and thus, the exception of peremption was warranted.

In Louisiana, the Sheriff's office is tasked with registering sex offenders located in its Parish in accordance with Louisiana law. The Sheriff's office does not classify sex offenders, and solely follows the classifications handed down by the Bureau pursuant to LSA R.S. 15:542.1.3. In this case, the "Bureau" classified Petitioner as a Tier II offender in April, 2010. Accordingly, Petitioner's request that the Sheriff refrain, or "cease" from registering Petitioner

---

[1] Emergency Petition for Temporary Restraining Order Preliminary and Permanent Injunctions filed by Kevin Quatrevingt, Paragraph 1.

NON-CERTIFIED COPY

as a sex offender is the same issue as to whether or not Petitioner has been properly classified as a sex offender, and timely appealed that classification. Sheriff Smith represents that he has not. Just as the inmate in *Carter*, Petitioner seeks to obtain judicial relief outside of the parameters of a statute that specifically sets boundaries for such relief. Accordingly, Petitioner's request for an injunction is without merit, as the time for which he could appeal the underlying claim for "injury" has clearly expired.

## EXCEPTION OF COLLATERAL ESTOPPEL

In addition to Sheriff Smith's Exception of Peremption, Sheriff Smith asserts in the alternative, an Exception of Collateral Estoppel, or "issue preclusion," for the reason that this exact issue has already been heard and ruled upon in this Court by the Honorable William Morvant on April 10, 2017.

"Collateral estoppel requires the existence of three facts: (1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a necessary part of the judgment in that earlier action." *Avenal v. State*, 757 So.2d 1 (La. App. 4 Cir. 3/3/99). "Collateral estoppel, unlike res judicata, does not require mutuality between the parties to the prior action and the parties in the subsequent action in which the defendants raise the issue of collateral estoppel." *Id.* "An identity of issues exists when the facts and the legal standard used to assess the facts are the same in both proceedings." *Id.*

Here, even a cursory review of the Petition, indicates that Petitioner is relying on the exact same facts and legal arguments that were previously presented to and dismissed by the Honorable Judge Morvant in April, 2017. Here, the Petitioner again attempts to argue that because the Honorable Martin Coady granted his Motion to Quash in 2014 in the criminal proceeding involving Petitioner's failure to register as a sex offender, he is not required to register as a Tier II sex offender. This Court has already determined that Judge Coady's ruling was different than the underlying classification, registration, and enforcement obligations involving sex offenders, and that the 22nd Judicial District Court did not have subject matter

NON-CERTIFIED COPY

jurisdiction to address classification or obligation to register. Additionally, this Court previously opined that to the extent Judge Coady determined Petitioner's sex offender registration requirements, such a determination was an "absolute nullity" for the reason that there was no subject matter jurisdiction in the 22nd Judicial District Court for such ruling.

The Sheriff's obligation to register sex offenders, and to arrest those offenders who fail to register pursuant to the terms of the Louisiana Sex Offender Laws, is determined by the Bureau. In this case, the Bureau made its determination in April, 2010, that Petitioner's tier classification for his out-of-state conviction required him to register pursuant to Tier II and Petitioner had until 2011 to appeal the Bureau's findings. Petitioner did not appeal the Bureau's determination.

Since the instant matter addresses the exact same issues already litigated and decided in Judge Morvant's Court, and the sole issues before this Court are the same and consistent with those presented and ruled upon by Judge Morvant, Sheriff Smith's Exception of Collateral Estoppel should be granted.

## CONCLUSION

For the reasons stated hereinabove, the final date by which Petitioner could have appealed his sex offender tier classification was April 22, 2011. As a result, the time for which Petitioner can allege injury resulting from the improper classification and registration requirements as a sex offender has long expired. Accordingly, Sheriff Smith's Exception of Peremption should be granted, dismissing Petitioner's Petition with prejudice and at his costs. In the alternative, Sheriff Smith asserts that Petitioner's Petition surround the exact issues that have been already litigated and decided before this Honorable Court. Therefore, Sheriff Smith Exception of Collateral Estoppel should be granted, dismissing Petitioner's Petition with prejudice and at his costs.

NON-CERTIFIED COPY

Respectfully submitted:

_____
Chelsea Cusimano (#34857)
In-House Counsel
St. Tammany Parish Sheriff's Office
701 N. Columbia Street
Covington, Louisiana 70433
Telephone: 985.809.8211
Facsimile: 985-809-8285

ATTORNEY FOR: ST. TAMMANY PARISH
SHERIFF OFFICE-SHERIFF RANDY SMITH

CERTIFICATE

I hereby certify that a copy of the foregoing has been forwarded to Petitioner, Kevin Quatrevingt, via US mail, postage prepaid this 27 day of December, 2017, at 62114 Warrior Road, Lacombe, LA 70445.

_____
Chelsea Cusimano



NON-CERTIFIED COPY

9