UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KEVIN M. QUATREVINGT** § | | **CIVIL ACTION NO. 19-1171** |
| **Plaintiff** § | | |
| § | | |
| **VERSUS** § | | **JUDGE JANE TRICHE MILAZZO** |
| § | | |
| **JEFF LANDRY, ET AL,** § | | |
| **Defendant's** § | | **MAGISTRATE KAREN WELLS ROBY** |
| § | | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM IN SUPPORT OF
MOTION TO STAY PROCEEDINGS**

**NOW INTO COURT,** through undersigned counsel comes Defendant Warren Montgomery (referred to hereinafter as "Defendant"), in his official capacity as District Attorney, 22nd Judicial District, State of Louisiana, who submits the following Memorandum in Support of his Motion to Stay Proceedings:

**I.     FACTS:**

Plaintiff, Kevin M. Quatrevingt, was arrested on March 27, 2018 on the charge of failure to register as a sex offender – second offense. A felony Bill of Information was filed in the 22nd Judicial District court, State of Louisiana, on September 4, 2018 accusing Plaintiff of violating La. R.S. 15:542 and La. R.S. 15:542.1.4 A. (2) Failure to Register as a Sex Offender – 2nd.[1]

Thereafter, the case was set for felony jury trial on November 20, 2018. Plaintiff

---

[1] See attached Bill of Information as Exhibit "A".

requested, and was granted, a continuance until January 22, 2019. Plaintiff again requested, and was granted, a second continuance until March 25, 2019. Plaintiff then made a third request for a continuance which was granted until May 20, 2019. The trial date was then continued until July 8, 2019 following the State's request for a continuance.[2] Plaintiff currently awaits a trial by jury on the aforementioned charges, now scheduled for July 8, 2019.

Plaintiff filed this civil action on February 5, 2019, alleging civil rights violations pursuant to 28 U.S.C.§ 1343, 42 U.S.C. § 1983, and 42 U.S.C. § 1985. Defendant, Warren Montgomery, in his official capacity, moves to stay this matter. A conviction in Plaintiff's criminal case might well result is a dismissal of Plaintiff's lawsuit, should this Court determine, after final resolution of Plaintiff's criminal charges, that Heck v. Humphrey[3] bars Plaintiff's claims against Defendant. Moreover, the District Court's decision on whether Heck is a bar to Plaintiff's claims would be subject to an interlocutory appeal to the Fifth Circuit Court of Appeals, as it presents an issue of law.[4]

To proceed with this matter at this time, prior to final resolution of Plaintiff's state criminal charges, seriously prejudices Defendant ability to defend his official actions as a state prosecutor, and jeopardizes any possible qualified immunity defenses available to Defendant. On the other hand, a stay in this matter, pending final resolution of Plaintiff's

---

[2] As of the date of this filing, the 22nd JDC Clerk's website has not updated the record to reflect the continuance. There are also no minute entries available past March 2019. See attached Exhibit "B".

[3] Heck v. Humphrey, 512 U.S. 477. 114 S.Ct. 2364 (1994); See Hudson v. Hughes, 98 F.3d 868 (5th Cir. 1996); Sappington v. Bartee, 195 F.3d 234, 237 (5th Cir. 1999) applying Heck v. Humphrey.

[4] See Miller v. Riser, 84 Fed. Appx. 417,419, 2003 WL 23021576, at p.1 (5th Cir. 2003), citing, Wells v. Bonner, 45 F.3d 90, 92, 94-95 (5th Cir. 1995) (providing"[t]his Court has jurisdiction to address Heck in an interlocutory appeal.")

criminal charges, would preserve a qualified immunity defense, among other possible prosecutorial defenses. A Heck motion, filed by Defendant based upon the results of Plaintiff's criminal proceedings, could then be heard at the pre-trial stage without having to undertake a broad ranging discovery.[5] Defendant, therefore, respectfully submits that this Court should stay this proceeding until the Court can address the threshold issue of whether Plaintiff's claim survives the state criminal trial.

II.   **LAW & ARGUMENT:**

    A.   **STAYS ARE WARRANTED WHILE PARALLEL CRIMINAL PROCEEDINGS ARE PENDING:**

This Court in Bush v. Strain followed the Fifth Circuit's decision in Mackey v. Dickson,[6] and Louisiana district court opinions in Faulkner v. McCormick and Guillory v. Wheeler [7] when it held:

> The Court cannot determine at this time exactly how the Plaintiff's excessive force claim would be affected by a criminal conviction on the charge of resisting arrest.....In the circumstances of this case the better course is to stay the proceedings until the pending criminal case has run its course.[8]

---

[5] See Batiste v. Colonial Sugars. Inc., 1995 WL 491153 (E.D. La. 1995), quoting, Wicks v. Mississippi State University, 41 F.3d 991, 994 n.9 (5th Cir. 1995) (stating "**If the qualified immunity defense turns purely on a question of law or upon facts not disputed by the parties then the court should rule on the motion to dismiss {motion for summary judgment} without discovery**.' (emphasis added); See also, Acoustic Systems. Inc. v. Wenger Com., 207 F.3d 287,293 (5th Cir. 2000) (providing "the Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727 (1982), refashioned the qualified immunity doctrine "to permit the resolution of many insubstantial claims on summary judgment **and to avoid subjecting government officials either to the costs of trial or to the burdens of broad-reaching discovery in cases** where the legal norms the officials are alleged to have violated were not clearly established at the time. The entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, **it is effectively lost if a case is permitted to go to trial**.") (emphasis added).

[6] Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995).

[7] Guillory v. Wheeler, 303 F.Supp.2d 808,811 (M.D. La. 2004).

[8] Bush v. Strain, 2004 WL 1158038, at p.5 (E.D. La. 2004) (Knowles, J.).

Similarly, in Faulkner v. McCormick the Court stayed Plaintiff's §1983 action against the prosecutors and Sheriff Strain stating:

> Based on the foregoing, the Court declines to decide one way or the other at this time whether *Heck* and its progeny pose a bar to Faulkner's suit. If Faulkner is ultimately acquitted, it would seem that the prior reversal would permit him to freely pursue his claims. If he is ultimately convicted, however, the Court will then have to examine his complaint allegation by allegation to determine what claims, if any, might tend to cast doubt on his conviction. Therefore, out of an abundance of caution the Court concludes that a stay of this matter is warranted so that retrial can go forward in state court without any concerns of conflict between the cases or potential for inconsistent results. Both parties agree that a stay is an acceptable disposition at this time.[9]

The instant case presents virtually the identical issue as Bush and Faulkner, in that the facts associated with Mr. Quatrevingt's pending state criminal charges are inexorably intertwined with the facts alleged in Plaintiff's Complaint.[10]

Given the fact that Heck may ultimately bar Plaintiff's claims against Defendant with respect to his March 27, 2018 arrest and prosecution, the interests of justice and judicial economy mandate a stay of these proceedings.  Therefore, this Court should follow the reasoning espoused in Bush and Faulkner, and stay this proceeding until the Court can resolve the threshold issue of whether Plaintiff's possible convictions will bar his claims in the above captioned matter.

---

[9] Faulkner v. McCormick, 2002 WL 31465892 (E.D. La. 2002)(Zainey, J.)
[10] See Exhibit A

## B.    QUALIFIED IMMUNITY PROVIDES AN ADDITIONAL BASIS FOR CONTINUING TRIAL AND STAYING THIS MATTER:

"Governmental immunity is a threshold question which acts as a bar to a court's right to adjudicate the claim. It is a defense to the burdens of litigation, not just the burdens of liability. Until this threshold immunity question is resolved, discovery should not be allowed."[11] Stated another way:

> *Harlow* recognized ... that officials who enjoy absolute or qualified immunity **should be protected, when possible, from the burdens of discovery as well as trial**.... We recently complimented this principle in Elliott v. Perez...by requiring a Plaintiff to plead specific facts to demonstrate why the official sued is not entitled to immunity.[12]

Thus, when "the qualified immunity defense turns purely on a question of law or upon facts not disputed by the parties then the court should rule on the motion to dismiss without discovery."[13]

The above rules of law are applicable to the instant case because a conviction in Plaintiff's state criminal case may well, as a matter of law, bar Plaintiff's claims against Defendant;[14] and the burdens of discovery should not be undertaken until Heck has been

---

[11] Sutton v. United States, 819 F.2d 1289, 1299 (5th Cir. 1987), citing Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738(1982).

[12] Sutton, 819 F.2d at 1299, quoting, Austin Municipal Securities v. National Ass'n of Securities Dealers, 757 F.2d 676,686 n.8 (5th Cir. 1985)(emphasis added).

[13] Batiste v. Colonial Sugars. Inc., 1995 WL 491153 (ED. La. 1995), quoting, Wicks v. Mississippi State University, 41 F.3d 991, 994 n.9 (5th Cir. 1995)

[14] See Hudson v. Hughes, 98 F.3d 868 (5th Cir . 1996); Sawington v. Bartee, 195 F.3d 234, 237 (5th Cir. 1999); and Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000).

addressed. Therefore, this Court should stay the above captioned matter, and all discovery, until it can address the threshold issue of whether Plaintiff's potential conviction bars Plaintiff's claims against Defendant.

### III.     CONCLUSION:

**WHEREFORE,** Defendant prays, for the reasons stated above, that this Court grant his Motion to Stay Proceedings "until the pending criminal case has run its course..."[15] and the threshold issue of whether Plaintiff's claims survive his pending criminal charges has been addressed by this Court.

                                            **Respectfully submitted,**

                                            s/ Cary J. Menard
                                            Cary J. Menard (#09426)
                                            701 N. Columbia St. – 2nd Floor DA Office
                                            Covington, Louisiana 70433
                                            Telephone:   (985) 871-4530
                                            Facsimile:    (985) 867-5124
                                            cmenard@22da.com
                                            Counsel for Defendant, Warren Montgomery, in his capacity as District Attorney for the 22nd Judicial District, State of Louisiana.

---

[15] Bush, 2004 WL 1158038, at p.5 (E.D. La. 2004)(Knowles, J.)

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on June 18, 2019, by using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

I further certify that the following *pro se* litigant was served a copy of the forgoing document via United States Mail:

Kevin M. Quatrevingt
62114 Warrior Road
Lacombe, LA 70445

                                               s/ Cary J. Menard
                                               **Cary J. Menard**

September 4, 2018

FELONY BILL OF INFORMATION

STATE OF LOUISIANA – PARISH OF ST. TAMMANY

TWENTY-SECOND JUDICIAL DISTRICT

FILED
ST. TAMMANY PARISH
MELISSA R. HENRY
CLERK OF COURT

b 0 3 8 9 1   JN 15 18

---

TO THE HONORABLE, THE TWENTY-SECOND JUDICIAL DISTRICT COURT OF LOUISIANA, sitting in for the Parish of ST. TAMMANY, comes now into open Court the undersigned District Attorney of the Twenty-Second Judicial District of Louisiana, in the name and by the authority of said State, informs the said Honorable Court:

That the person(s) named and identified below, late of the Parish of ST. TAMMANY on or about the date below describe, in the Parish of ST. TAMMANY aforesaid and within the jurisdiction of the Twenty-Second Judicial District in and for the Parish of ST. TAMMANY, State of Louisiana and contrary to the form of the Statutes of the State of Louisiana in such cases made and provided, and against the peace and dignity of the same did violate:

---

DEFENDANTS NAME AND DATE OF BIRTH

KEVIN MICHAEL QUATREVINGT

SSN: XXX-XX-2167        SID#: 2359059
62114 WARRIOR DRIVE, LACOMBE, LA 70445

DOB: 06/29/84
DL: LA 8335409
Arrest Date: 03/27/18

COUNT 1
R.S. 15:542 & 15:542.1.4 A. (2) FAILURE TO REGISTER AS A SEX OFFENDER-2ND
KEVIN MICHAEL QUATREVINGT, on or about March 23, 2018, By failing to register as a sex offender after having been convicted of Possession of Child Pornography on January 24, 2006 under Docket Number 0504531517 in Military Court; having previously been convicted of failing to register as a Sex Offender under Doccket Number 438897 on November 3, 2008 in the 22nd Judicial District Court in St. Tammany Parish.

WARREN MONTGOMERY
DISTRICT ATTORNEY
22ND JUDICIAL DISTRICT
STATE OF LOUISIANA

BY: _____

DIV. I


EXHIBIT A



*Clerk of Court*
*St. Tammany Parish*

User: 22NDJDDA
Balance: $47.70

- Home
- Land Records >
- Court Records >
- Other >
- Account >
- Logout

### Criminal - Defendant Search - Cases - Case Detail

#### Case Detail

| | |
|---|---|
| Docket #: 603891 | File date: 6/15/2018 |
| Judge: REGINALD T. BADEAUX, III | Division: I |
| Defendant: QUATREVINGT, KEVIN MICHAEL | DOB: 6/29/1984 |
| Defense Attorney: WALD, STEPHANIE | Indigent: Y |
| Prosecuting Attorney: | Trial Type: JUDGE |

#### Surety Information

Agency: BANKERS INSURANCE CO          Agent: A-ACROSS STREET BAIL BOND

#### Last Docket - click to view all

| Date | Description | Dispose Date | Dispose Description |
|---|---|---|---|
| 05/20/2019 | FELONY JURY TRIAL | | |

#### Bill Charges - click to view all

| Date | Code | Bill Charge | Charge Type | Disposition Chrg | Plea/Verdict |
|---|---|---|---|---|---|
| 6/15/2018 | 15:542 | FAIL REGISTER SEX OFFENDER | F | | |

#### Minutes - click to view all

| Date | Judge | Division |
|---|---|---|
| 3/18/2019 | REGINALD T. BADEAUX, III | I |
| 1/16/2019 | REGINALD T. BADEAUX, III | I |
| 11/15/2018 | REGINALD T. BADEAUX, III | I |
| 9/4/2018 | REGINALD T. BADEAUX, III | I |



EXHIBIT B
IN GLOBO

 

## Clerk of Court
## St. Tammany Parish

User: 22NDJDDA
Balance: $47.70

Home
Land Records
Court Records
Other
Account
Logout

**Criminal - Defendant Search - Cases - Case Detail - Dockets**

Dockets for Docket# 603891 - click entry to view detail

| Action Date | Action Desc | Dispose Desc |
|---|---|---|
| 5/20/2019 | FELONY JURY TRIAL | |
| 5/14/2019 | MOTIONS | |
| 3/25/2019 | FELONY JURY TRIAL | DEFENSE CONTINUED |
| 3/18/2019 | MOTIONS | DEFENSE CONTINUED |
| 1/22/2019 | FELONY JURY TRIAL | DEFENSE CONTINUED |
| 11/26/2018 | FELONY JURY TRIAL | DEFENSE CONTINUED |
| 11/15/2018 | ADVISE COURT COUNSEL | DEFENSE CONTINUED |
| 9/4/2018 | FELONY ARRAIGNMENT | P/NOT GUILTY |

### Docket Detail for 5/20/2019

Action Date: 5/20/2019          Action Time: 900AM
Docket Desc FELONY JURY TRIAL
Dispose Date
Dispose Desc
Notes




### Clerk of Court
### St. Tammany Parish

User: 22NDJDDA
Balance: $47.70

- Home
- Land Records ›
- Court Records ›
- Other ›
- Account ›
- Logout

**Criminal** - **Defendant Search** - **Cases** - **Case Detail** - **Minutes**

Minutes for Docket# 603891 - click entry to view detail

| Date | Judge | Division |
|---|---|---|
| 2019-03-18 | REGINALD T. BADEAUX, III | I |
| 2019-01-16 | REGINALD T. BADEAUX, III | I |
| 2018-11-15 | REGINALD T. BADEAUX, III | I |
| 2018-09-04 | REGINALD T. BADEAUX, III | I |

#### Minute Entry Detail for 2019-03-18

Date 2019-03-18    Judge REGINALD T. BADEAUX, III    Division I
Minute Entry

603891    STATE OF LOUISIANA
          VS
          KEVIN MICHAEL QUATREVINGT

The defendant being present in open Court attended by his Counsel, STEPHANIE WALD and this matter being on assignment for hearings of MOTION TO DIRECT THE STATE OF LOUISIANA TO PROVIDE AN ACCURATE AND DETAILED PRIORITY LIST IN ACCORDANCE WITH THE STATE V SIMPSON TO THE OFFICE OF THE PUBLIC DEFENDER, on motion of the Defense, the State having no opposition to the continuance, Court ordered for this matters be continued to MAY 14, 2019.

Further, the Felony Jury Trial being set on MARCH 25, 2019, Court ordered for this matter be continued to MAY 20, 2019.

KCG