U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  JUL 15 2019
WILLIAM W. BLEVINS
CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KEVIN M. QUATREVINGT, Plaintiff | § | CIVIL ACTION |
| | § | |
| VS | § | NO. 19-cv-01171  H(4) |
| | § | |
| Jeff Landry, et al. | § | |
| Defendants | § | Complaint under the Civil |
| | § | Rights Act 42 U.S.C. 1983 |

**Memorandum in opposition to Defendants' Motion to Dismiss.**

Now into Court, Pro Se, comes Plaintiff, Kevin Quatrevingt, who for the reasons set forth herein respectfully moves this Court to deny Defendant's Smith, Cook, and Porters' Motion to Dismiss these Proceedings. Defendants have moved this Court to dismiss these proceedings for failure to state a claim upon which relief can be granted and otherwise claim that qualified immunity attaches and shields Defendants.

Responding first to Defendants assertion that "in 2018, Plaintiff was charged in the Twenty-Second Judicial District Court, State of Louisiana, with failure to register as a sex offender. That prosecution is pending". Plaintiff ask this Court to take notice that case is no longer pending and was in fact resolved in Plaintiffs favor. The Court in that matter, relying on the 2014 Court's judicial determination, decided Plaintiffs judicial determination that he is not a sex offender is binding and cannot be re-litigated, and thereafter dismissed the prosecution. This should compel this Court to find Plaintiff is entitled to the injunctive relief. At this point two Courts have determined Plaintiff has no duty to register and cannot be convicted for not registering, yet Defendants continue to arrest, purely for harassment, and will not stop until ordered too.

Responding to Defendants' assertions of qualified immunity, "There is a general rule that a ministerial officer who acts wrongfully, although in good faith, is nevertheless liable in a civil

1

action and cannot claim the immunity of the sovereign." Cooper v O'Conner 99 F.2d 133. Furthermore "The Eleventh amendment does not stop a federal court from issuing an injunction against the state official who is violating federal law. Although the state official may be abiding by state law, he is not permitted to violate federal law, and a federal court can order him to stop the action with an injunction." Ex Parte Young 209 U.S. 123. Plaintiff asserts the Sheriff is not abiding by state law, but even if the court were to find contrary to this assertion, the Sheriff still cannot violate federal law, and he is. Further "Money damages are possible against the state officer, as long as the damages are attributable to the officer himself, and are not paid from the state treasury." Scheuer v Rhodes 416 U.S. 232. Plaintiffs claims against Defendants Cook and Porter are directly attributed to them individually and any damages would be paid from the Sheriffs Department, not the State Treasury. But even if money damages are not available, injunctive relief is.

Furthermore, Qualified immunity does not protect officials who violate "clearly established statutory or constitutional rights of which a reasonable person would have known". Harlow v. Fitzgerald, 457 U.S. 800 (1982) . To defeat the defense of qualified immunity a plaintiff must show "1) that the official violated a statutory or constitutional right, and 2) that the right was 'clearly established' at the time of the challenged conduct" Ashcroft v al-Kidd, 563 U.S. 731, 735.  For qualified immunity purposes, law is clearly established if it would be clear to a reasonable official that her conduct was unlawful in the situation she confronted. Saucier v. Katz, 533 U.S. 194, 202 (2001).

It is clearly established that individuals have the right to be free from arrest pursuant to a warrant that, but for deliberate or reckless omission of material facts, never would have been issued. Wesley II, 779 F.3d at 428–29 ("[I]n the context of an officer's application for an arrest warrant , the officer violates clearly established law when he makes material omissions that are

deliberate or show reckless disregard for the truth." See Gregory v. City of Louisville, 444 F.3d 725, 758 (6th Cir. 2006)

"Police officers cannot, in good faith, rely on a judicial determination of probable cause when that determination was premised on an officer's own material misrepresentations to the court. Such reliance is unreasonable, and detention of an individual pursuant to such deceptive practices violates the Fourth Amendment." "An investigator may be held liable under § 1983 for making material false statements either knowingly or in reckless disregard for the truth to establish probable cause for an arrest." "Because the law is clearly established, a reasonable officer would be aware that a deliberate or reckless omission of material facts from an arrest warrant violates the constitutional rights of the accused." Vakilian v. Shaw, 335 F.3d 509, 517

It is Plaintiffs assertion that any reasonable official would understand, once a Judge determined "the military offense does not enunciate a sex offense" the official lacks probable cause to obtain an warrants and detain an individual asserting the military offense *does enunciate* a sex offense without violating that individuals rights. Plaintiff further asserts the Defendants in the instant case did know they couldn't obtain a warrant by alleging failure to register an offense which was already determined not a sex offense. In knowing so, they intentionally left it out of warrants and in doing so intentionally mislead magistrate judges to obtain warrants. In doing so Defendants violated "a statutory or constitutional right" that was "clearly established at the time of the challenged conduct" and surrendered their qualified immunity.

In addressing other allegations made by Defendants, Defendants first claim Plaintiff provided an incomplete description of the relevant background. Plaintiff rejects this assertion. The relevant background involves violations of law after a final binding determination in 2014. Plaintiff does not in this suit assert violations of rights prior to the 2014 decision. Therefore facts occurring before that decision are irrelevant. The Defendants provide pre-2014 facts in an

3

attempt to prejudice the Court and/or alternatively to attempt to re-litigate the matters already determined to finality in 2014.

Thereafter, the Defendants attempt to re-litigate the determination that Plaintiff is not a sex offender is an attempt to mitigate their liabilities for ignoring the final decision and violating Plaintiffs civil rights. Plaintiff objects to re-litigating the facts and law already determined to finality, but submits the following arguments contrary to Defendants assertions in order to preserve any arguments for appeal. Defendants clearly acknowledge the judgment determining Plaintiffs "offense does not enunciate a sex offense" but assert they are justified in ignoring it and violating Plaintiff's constitutional rights because they "respectfully disagree with this conclusion. Department of Defense Instruction Number 1325.07 states that conviction of the offense of pornography involving a minor under UCMJ article 134 has been defined offense [sic] requiring registration under the Sex Offender Registration and Notification Act." But, the Defendants err in that neither DODI 1325.7 nor SORNA are binding on Louisiana's legislature, but rather are recommendations. The actual determination of who must register in a State as a sex offender is left to the State Legislatures. There is no law that allows the Defendants to determine who must register. Indeed there are laws that allow Defendants to take actions *if* a person is a sex offender, but those laws do not allow the Defendants to determine *who* is a sex offender. Louisiana's legislature determined specific offenses which require registration, and further determined that out-of-state offenses which are equivalent to those offenses would require registration. A District Court, authorized by La Cons. Art. V §1 Section 1 with jurisdiction under §16 determined Plaintiffs out-of-state offense is not equivalent to a registerable offense.

Defendants attach a copy of DD FORM 2791 in an attempt to prejudice the Court and re-litigate the facts already determined contrary to their position, which determination is final. Again, plaintiff objects to re-litigating the facts and law already determined to finality, but submits the following arguments contrary to Defendants assertions in order to preserve any

4

arguments for appeal. Defendants fail to advise the Court of DODI 5525.20 regulating the release of a DD FORM 2791, which holds in relevant part that "If a service member is, or may be, required to register as a sex offender .... using a DD FORM 2791." This is because, based on the issuance of the DD FORM 2791, a service member "may be", but is not specifically required to register depending on the laws of the jurisdiction they are living in. A review of the DD FORM 2791 indicates first, that it is issued by a confinement facility, not by a Court so it has no judicial authority and second, it clearly indicates Plaintiff was not convicted of a sex offense when it specifically excludes "a sexual offense" and "sexual offenses" and instead labels his conviction "an offense". This was all argued and discussed in the 2014 litigation. The Louisiana Court in 2014, looked at this and determined, based on the laws of this jurisdiction, that Plaintiffs conviction was not equivalent to a sex offense and ruled plaintiff is not required to register .

Louisiana's Constitution clearly states in Article V §1 Section 1 "The judicial Power is vested in a supreme court, courts of appeal, district courts, and other courts authorized by this article." The judicial power vested is the power to interpret the laws. There is no law that allows the Defendants to ignore "the judicial power vested" by Article V on the bases that they "respectfully disagree" with the interpretations. There is no law that allows the Defendants to override the interpretations made by those Courts authorized under the Constitution. There is no law that allows the Defendants to act contrary to judgments made by those Courts. To now allow such action because Defendants "disagree with the conclusions" of Courts would be the end of the Judiciary and the beginning of a police state.

Defendants further assert a persons duty to register and notify according to the determination of the Bureau (the Louisiana Bureau of Criminal Identification and Information) is binding, though an affected person can appeal within one year of the Bureaus decision. Again, plaintiff objects to re-litigating the facts and law already determined to finality, but submits the following arguments contrary to Defendants assertions in order to preserve any arguments for

5

appeal. The Defendants first err in that the Bureau is not given jurisdiction over *who must register*, but rather the Bureau is tasked with *determining the length of time and frequency of in-person periodic renewals* for an individual required to register. This can be confirmed by seeing Defendants own Exhibit D, a letter from the DPSC which the Defendants rely on as controlling but which clearly indicates on page 2 that "Pursuant to La R.S. 15:542.1.3(B)(4), you may appeal the Bureau's determination of *the applicable time period and frequency of in-person periodic renewals*." Note it does not assert a right to appeal the alleged decision that an individual is a sex offender. This is because the DPSC lacks any authority to make such a decision. That determination is left up to the statutory law and if ambiguous in application, left to the Courts under Article V to interpret. The language of "equivalent" being the only ambiguity found in the Statute. Despite the existence of this supposedly controlling letter from the DPSC, two Courts in 2014 and 2019 have interpreted that Plaintiff's conviction is not equivalent to a sex offense.

Further the supposedly controlling letter cites 15:542.1.3 as allowing for 1 year to appeal the Bureau's determinations in accordance with Louisiana's Administrative Procedure Act, La R.S. 49:964 et seq. La R.S. 49:964 A. (1) states "Except as provided in R.S. 15:1171 through 1177, a person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing, without limiting, however, utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law." The U.S. Court of Appeals for the Fifth Circuit, in Romano v Greenstein #12-469, held the language in 49:964 means that "Despite the availability of state court review, the statute providing for that review explicitly states that it does not limit "utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law." Therefore Plaintiff did, in accordance with Greenstein, seek review of the Bureaus determinations, through a trial de novo,

the 2014 trial proceedings. Those 2014 proceedings determined the Bureau's determinations were erroneous, and neither the Bureau nor the State appealed, thereby making the Courts determinations final and binding.

The Defendants further err in their assertion that the La First Circuit Court of Appeal affirmed a finding that plaintiff did not timely appeal his sex offender determination, and that action prevents him from challenging his requirement to register. However, the First Circuit could only determine what was before it, namely that Plaintiff was out of time to administratively appeal the determination of time and frequency of registration. The Bureau has never received any legislative or statutory jurisdiction, let alone exclusive jurisdiction, to determine an out-of-state convictions equivalency to a sex offense. Even if the statute were determined to grant some form of jurisdiction it wouldn't be exclusive jurisdiction therefore the District Court could lawfully make the determination under its constitutionally delegated original jurisdiction.

The Defendants go on to assert they were doing there job of enforcing the laws of Louisiana, and so they shouldn't be liable. However in enforcing the law, the Defendants do not get to make up the law they enforce, nor can they interpret it as they want, nor do they get to pick who creates and interprets the law. In the instant matter, the Defendants don't rely on the language of the statutes, or of the Courts, instead they go against both and join the DPSC and Attorney General in dictating what law they will apply. It is at this point they stopped applying State and Federal law and began violating Plaintiffs rights. There is a statutory law that clearly defines who is subject to sex offender registration. There is further Court interpretation deciding Plaintiff is not. Yet, Defendants ignored both because it didn't fit their narrative. Defendants assert "A Louisiana Sheriff has no authority to determine who is required to register" Yet in the instant matter Defendants are determining Plaintiff is required to register, wholly ignoring statutory law and Court determinations.

Plaintiff clearly establishes in his initial filing the Defendants involved, the rights they violated, and the manner in which they do so under color of law. As such, Plaintiff asserts he has more than set forth a claim to relief. Defendants assert a 1983 claim may not be imposed on a government entity on a theory of respondeat superior for the actions of government employees. But the actual legal assertion is that municipalities may not be held liable based *solely* on a theory of respondeat superior. In other words municipalities are not liable for the actions of their employees simply as a result of employment status; an employee must be acting pursuant to a policy. Defendants agree with this assertion when they state in their brief "official policy must be the moving force of the constitutional violation in order to establish the liability of the government body under 1983". The policy which Plaintiff asserts is the cause of his constitutional deprivations is the Defendants policy of ignoring statutory law and instead applying whatever law they want. Additionally the Defendants have a widespread policy of ignoring judicial determinations. These assertions are not based on single events or interactions, but rather on 5 years, since the 2014 ruling, of continuous harassment and widespread violations by the same Defendants. These actions, which are likely not in writing, are nonetheless so common and well settled as to constitute a custom that represents policy. The Defendants are knowledgeable of such customs supports them, allows them to occur, and/or in the alternative exhibits deliberate indifference to the constitutional violations.

Defendants go on to allege they are simply enforcing existing State law and cant be held liable for doing so. However, State law is clear on who must register as a sex offender and State Courts have made it even more clear Plaintiff does not have to register, referring to the Defendants error as a "fundamental flaw" The Defendants ignore the Courts, ignore the law and instead impose their will. While asserting they are just enforcing state law based on Plaintiffs being on the sex offender registry, they are the very individuals placing him on the registry, in violation of the judicial determinations and statutory law. They are not merely doing their "duty

in implementing the statute". The Defendants assert "the public record reflects that the Sheriff has received no directive from a court of competent jurisdiction or from the Louisiana Bureau of Criminal Identification and Information to cease following up on an offender listed in the state's sex offender and child predator registry". First, that is what Plaintiff now seeks, a directive ordering just that. Second the statute doesn't say 'pic and choose who you want to add to the registry and make them get an order to get off of it'. It clearly indicates who gets registered in plain concise language. That language being interpreted as not applying to Plaintiff.

In regards to Defendants assertions that claims against every defendant, except the current sheriff should be dismissed as duplicated claims, Plaintiff asserts while Defendant Smith's policies and deliberate indifference constitute violations of Plaintiffs constitutional rights on his part, Defendants Cook and Porter knowingly withheld information from magistrate judges when attempting to obtain warrants for Plaintiffs arrest, which actions constitute violations of Plaintiffs constitutional rights apart from the policies set by Defendant Smith. They further intereacted with Plaintiffs daughters mother in an attempt to aid her in securing custody of Plaintiffs minor child. Which actions are not authorized by any statute and Plaintiff cannot show that such actions are a policy of Defendant Smith. As such Defendants Cook and Porter have liabilities that cannot be dismissed as duplicative, unless Defendant Smith is acknowledging their actions of deceiving magistrates and of their assisting Plaintiffs daughters mother was a policy approved by him?

In regards to Plaintiffs allegations of Free Speech violations, Defendants assert they are "merely abiding by a registration scheme memorialized in state law". But the state law they claim to be abiding by clearly states "A conviction for any offense provided in this definition includes a conviction for the offense under the laws of another state, or military, territorial, foreign, tribal, or federal law *which is equivalent to an offense provided for in this Chapter*". Further the 2014 decision clearly determined the Military conviction was not equivalent. So the Defendants assertions wholly ignore the law and are therefore meritless. The Defendants further

9

argue U.S. v Arnold determined "the constitution does not provide plaintiff with a right to keep his registry information private" This is inapplicable as Plaintiff was determined not a sex offender well before these violations occurred. Therefore he was and still is entitled to first amendment protections.

In regards to Plaintiffs claims of unreasonable search and seizure, Defendants claim a neutral arbitrator issued a warrant, which can only be issued on probable cause, and further claim that makes them lawful. But, as stated above, it is clearly established that individuals have the right to be free from arrest pursuant to a warrant that, but for deliberate or reckless omission of material facts, never would have been issued. Because the law is clearly established, a reasonable officer would be aware that a deliberate or reckless omission of material facts from an arrest warrant violates the constitutional rights of the accused. Further it is clear the actions of Defendants are deliberate. If Defendants felt they were right in their actions they would not have omitted the 2014 decision from judges when seeking warrants.

In regards to Plaintiffs claims of due process violations, Defendants assert no liability because the registration scheme is not a policy created or controlled by them. But, they are not applying the registration scheme created by the legislature, and as such, they are violating Plaintiffs due process rights. They are government officals, imposing unconstitutional actions, acting under color of law, and acting outside the law. Therefore this is an actionable claim. Furthermore they are solely responsible for inputting the data into the registry, so it is controlled by them. Finally, they are the ones seeking warrants, arresting, and detaining Plaintiff, so they are liable for violating Plaintiffs due process rights.

In regards to equal protection claims, Defendants assert Plaintiff is not treated "differently from any other similarly situated persons who are required to register with Louisiana State Sex Offender and Child Predator Registry." That is the very violation Plaintiff asserts. It is judicially determined that he is not required to register as a sex offender, so he should be treated like any

other free citizen not subject to sex offender registration. Instead he is treated as a "person who is required to register" which actions are unequal when compared to treatment of regular non-sex-offenders citizens. Because Plaintiff is statutorily and judicially determined not a sex offender he should not be subject to unequal adverse treatment as a sex offender.

Defendants, citing Pfanstiel v Marion in part, assert "a conspiracy by itself...is not actionable under section 1983." and additionally, "a conspiracy claim under 1983 is not actionable without an actual violation of section 1983" But Pfanstiel v Marion, holds more completely "We have recognized that section 1983 plaintiffs may assert conspiracy claims. *See Mizell v. North Broward Hospital Dist.,* 427 F.2d 468, 472-73 (5th Cir. 1970). A conspiracy by itself, however, is not actionable under section 1983. In *Nesmith v. Alford,* 318 F.2d 110 (5th Cir. 1963), *cert. denied,* 375 U.S. 975, 84 S.Ct. 489, 11 L.Ed.2d 420 (1964), we stated: "Of course, for a claim under § 1983, a conspiracy as such is not an indispensable element as it is under § 1985. But it may be charged as the legal mechanism through which to impose liability on each and all of the Defendants without regard to the person doing the particular act." *Id.* at 126. Thus, a conspiracy claim is not actionable without an actual violation of section 1983. *See Hanna v. Home Ins. Co.,* 281 F.2d 298, 303 (5th Cir. 1960), *cert. denied,* 366 U.S. 955, 81 S.Ct. 1905, 6 L.Ed.2d 1247 (1961).

Plaintiff has shown multiple violations of civil rights. Therefore a conspiracy claim is actionable. Defendants go on to assert the conspiracy claim must be racially based, based on Griffin v Breckenridge's 403 U.S. 88 102 holding that "The language of 1985(3) requiring intent to deprive of equal protection, or equal privilages and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." But see the next line of Breckenridge, "The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all." Therefore Conspiracy claims do not have to race-based. That particular case dealt with race.

Plaintiff has a right to be free from sex offender registration. He has this right as a citizen who has not been convicted of a sex offense or an offense equivalent to a sex offense, as do all citizens not convicted of a sex offense or equivalent crime. This right was further affirmed by a Court of law, and as of the writing of this brief, by yet another Court of law. Yet Defendants continue to ignore that right and deprive Plaintiff of the "equal enjoyment of rights secured by the law to all" non-sex offenders.

In regards to Defendants assertions that Plaintiff fails to state a claim, Plaintiff believes he asserted the constitutional violations and that they were under color of law. Plaintiff asserts his belief was that the initial filing was to be succinct and the facts would be laid out later in the proceedings. If Plaintiff is required to submit the details of the facts of every violation of law, in the initial pleading, then he ask the Court for leave to modify the filing, and further ask the Court to allow him to exceed the number of pages allowed as the violations are numerous and will require a lengthy pleading to factually state them all. Therefore, Plaintiff having stated a claim, that Defendants violated his constitutionally protected rights, while acting under color of law, and in violation of the laws of the United States and the laws of the State of Louisiana, does state an actionable claim which this Court may, and should hear and resolve in Plaintiffs favor. As such Plaintiff respectfully request this Court deny Plaintiffs motions to dismiss for failure to state a claim and allow this suit to proceed in a timely fashion.

Kevin Quatrevingt, Pro Se
62114 Warrior Rd
Lacombe, La 70445
504-371-2985

I hereby certify that a copy of the foregoing pleading has been served on Defendant's counsel of record through U.S. Mail on this, the 15 day of July, 2019.

Kevin M. Quatrevingt