

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KEVIN M. QUATREVINGT, Plaintiff | § | CIVIL ACTION |
| | § | |
| VS | § | NO. 19-cv-01171  H(4) |
| | § | |
| Jeff Landry, et al. | § | |
| Defendants | § | Complaint under the Civil |
| | § | Rights Act 42 U.S.C. 1983 |

**Memorandum in opposition to Defendants' Motion to Stay Proceedings.**

Now into Court, Pro Se, comes Plaintiff, Kevin Quatrevingt, who for the reasons set forth herein respectfully moves this Court to deny Defendant Warren Montgomery's Motion to Stay these Proceedings.

Defendant Warren Montgomery has moved this Court to stay these proceedings pending a criminal court case he initiated against Plaintiff, and request it remain stayed until the criminal case "has run its course to conclusion and 2) after final resolution of Plaintiffs criminal charges, this Court can make a determination whether Plaintiff's claim can still be maintained under law."

Plaintiff asserts the following:

The criminal case Defendant Montgomery relies on to stay these proceedings has "run its course" and has been determined in favor of the instant Plaintiff. The Hon. Reginald T. Badeaux quashing the matter on the basis of the 2014 decision.

In responding to Defendant Montgomery's assertions of qualified immunity, Qualified immunity does not protect officials who violate "clearly established statutory or constitutional rights of which a reasonable person would have known". Harlow v. Fitzgerald, 457 U.S. 800 (1982) . "This is an objective standard, meaning that the standard does not depend on the subjective state of mind of the official but rather on whether a reasonable person would

1

determine that the relevant conduct violated clearly-established law." 63C Am. Jur. 2d Public Officers and Employees § 315. "Whether the law is "clearly established" will depend on whether the case law has addressed the disputed issue or has established the "contours of the right" such that it is clear that official's conduct is illegal." 63C Am. Jur. 2d Public Officers and Employees § 316. It is undisputed that U.S. Supreme Court opinions clearly establish the rule for the entire country.

> The United States Supreme court in Ashe v Swenson holds:
>
>> "Collateral estoppel" is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that, when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. Although first developed in civil litigation, collateral estoppel has been an established rule of federal criminal law at least since this Court's decision more than 50 years ago in United States v. Oppenheimer, 242 U.S. 85.
>
> And Louisiana Supreme Court opinions clearly establish the rule for the entire State.
>
>> The Louisiana Supreme Court in State v Doucet 359 So. 2d 1239 (1977) citing United States v. Kramer, 289 F.2d 909 (2d Cir. 1961), holds : "The very nub of collateral estoppel is to extend res judicata beyond these cases where the prior judgment is a complete bar. The Government . . . may not prove the new    charge by asserting facts necessarily determined against it on the first trial, no matter   how unreasonable the Government may consider that determination to be." Id. at 916.

Without even touching on the plain language of the U. S. and Louisiana Constitutions regarding due process and double jeopardy, the law is very clearly established. Any reasonable person can read and understand the words "that issue cannot again be litigated between the same

parties." Yet, Defendant Montgomery continues to pursue criminal litigations regarding the same issue after having lost the previous litigation on that very issue. Any reasonable person can also read and understand "The Government may not prove the new charge by asserting facts necessarily determined against it on the first trial" Yet, Defendant Montgomery continues to try to prove new charges by asserting Plaintiffs military conviction is a sex offense, despite that fact being determined against him in the previous trial. Defendant Montgomery is more than just "any reasonable person", he is the District Attorney, and a State Attorney who knows, or who should know, his conduct violated clearly-established law, as such an assertion of qualified immunity should not stand.

Therefore, having no reason to delay these proceedings Defendant Montgomery's motion for stay of proceedings should be denied and his assertions of qualified immunity should be found to be lacking merit. Plaintiff therefore respectfully request this Court allow this suit to proceed in a timely fashion.

/s/ Kevin Quatrevingt
Kevin Quatrevingt, Pro Se
62114 Warrior Rd
Lacombe, La 70445
504-371-2985

I hereby certify that a copy of the foregoing pleading has been served on Defendant's counsel of record through U.S. Mail on this, the 15 day of July, 2019.

/s/ Kevin M. Quatrevingt
Kevin M. Quatrevingt

3