# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KEVIN M. QUATREVINGT** | § | **CIVIL ACTION NO.  19-1171** |
| **Plaintiff** | § | |
| | § | |
| **VERSUS** | § | **JUDGE JANE TRICHE MILAZZO** |
| | § | |
| **JEFF LANDRY, JAMES LEBLANC,** | § | |
| **RANDY SMITH, ANGIE COOK,** | § | **MAGISTRATE KAREN WELLS ROBY** |
| **DENISE PORTER, WARREN** | § | |
| **MONTGOMERY, and** | § | |
| **SCOTT PERILLOUX** | § | |
| **Defendants** | § | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

**MAY IT PLEASE THE COURT:**

Defendants, Denise Porter, Angelina Cook,[1] and Sheriff Randy Smith (collectively, "Defendants"), respectfully submit this Supplemental Memorandum in Opposition to Plaintiff's Motion for a Preliminary Injunction. As demonstrated herein, this Honorable Court should deny Plaintiff's request for a preliminary injunction because (1) Plaintiff cannot demonstrate a substantial likelihood that he will prevail on the merits, and (2) the threatened harm to the public if the Court grants Plaintiff's request for injunctive relief outweighs any alleged injury to Plaintiff.  Thus, for the reasons set forth herein, Defendants respectfully request that the Court deny Plaintiff's request for a preliminary injunction with prejudice.

## I.   Relevant Facts and Procedural Background

In 2006, Plaintiff pled guilty to possession of child pornography in violation of Uniform Code of Military Justice ("UCMJ") article 134. Notably, in military justice, a charge consists of two parts: (1) the "charge" - typically, a statement of UCMJ article alleged to have been violated;

---

[1] Improperly named as "Angie" Cook in the Complaint. *See* R. Doc. 1.

90429/459720

and (2) the "specification" - the more detailed description of the conduct allegedly violative of the article.[2] "Although the terms Congress chose for Unif. Code Mil. Justice art. 134, 10 U.S.C.S. § 934, are broad, what is general is made specific through the language of a given specification."[3] The specification is *critical* to interpreting the nature of the charge.[4] The clear and unequivocal specification which Plaintiff pled guilty to, as identified on the Report of Results of [Plaintiff's Military] Trial, confirms that Plaintiff "did, at or near Fort Leonard Wood, Missouri, Between o/a 28 Dec 04 and 10 Mar 05, **wrongfully and knowingly possess[ing] visual depictions of minors engaging in sexually explicit conduct**"[5] -- a crime that is not only recognized under military law, but recognized under federal law (*i.e.*, 18 U.S.C. § 2252A(a)(5)(B)) and Louisiana law (*i.e.*, La. R.S. 14:81.1) as well. Plaintiff's guilty plea to possession of child pornography is irrefutable.

All three bodies of law -- military, federal, and Louisiana law -- require that an individual convicted of possession of child pornography must register as a sex offender upon his release from confinement. Federal and state law, in fact, make it an independent crime for a sex offender (such as Plaintiff) to fail to register on the sex registry. Plaintiff is well aware of these facts. In fact, on the day that Plaintiff was released from military confinement (Oct. 18, 2006), Plaintiff signed a "Notice of Release/Acknowledgment of Convicted Sex Offender Registration Requirement," wherein he expressly acknowledged that *(i)* he was convicted of **"UCMJ violation of article 134 – *Possession of child pornography*"**; *(ii)* that he was "subject to the registration requirements as a sex offender" based on the nature of his criminal conviction; and

---

[2] United States v. Fosler, 70 M.J. 225, 227 n.2 (C.A.A.F. 2011).

[3] Fosler, 70 M.J. at 229 (quoting United States v. Jones, 68 M.J. 465, 472 (C.A.A.F. 2010) (citing Parker v. Levy, 417 U.S. 733, 756, 94 S. Ct. 2547, 41 L. Ed. 2d 439 (1974))).

[4] Fosler, 70 M.J. at 234.

[5] *See*, R. Doc. 20-3, Report of Results of Trial, dated Jan 24, 2006 (emphasis added).

*(iii)* that his failure to register under a State's sex offender registration program may subject him to criminal prosecution.[6]

On April 22, 2010, the State of Louisiana, through the Department of Public Safety and Corrections, Bureau of Criminal Identification and Information (the "Bureau") advised Plaintiff in writing of the Bureau's determination that Plaintiff was a Tier II sex offender under Louisiana law, based on Plaintiff's 2006 conviction for possession of child pornography under UCMJ article 134.[7] The Bureau clearly outlined the process whereby it came to this determination, stating:

> According to records from the state of conviction or adjudication, you were convicted or adjudicated of Possession of Child Pornography pursuant to statute number Military Article 134, which criminal elements if compared with Louisiana's Criminal Code's corresponding criminal elements would equate to a conviction or adjudication of Possession, Production and/or Distribution of Child Porn under LA law R.S. 14:81.1. Based on a comparison of the elements of the out-of-state conviction or adjudication with the elements of the most comparable Louisiana conviction or adjudication, the Bureau has determined which time period and frequency of registration are applicable under La. R.S. 15:544 and La. R.S. 15:542.1. The 3-tier classification system criteria are as follows:
>
> Tier I   -   Offenses requiring registration other than those defined in 15:541 as "aggravated offenses" or "sexual offenses against a victim who is a minor" – require 15 year registration period and annual in-person registration renewals.
>
> Tier II   -   Offenses defined in 15:541(14.2) as "sexual offenses against a victim who is a minor" – require 25 year registration period and every six months from the date of initial registration in-person registration renewals.
>
> Tier III   -   Offenses defined in 15:541(1) as "aggravated offenses" – require lifetime registration and quarterly (every three months) from the date of initial registration in-person registration renewals.

(*See* R. Doc. 20-6, Letter from the Louisiana Bureau of Criminal Identification and Information).

---

[6] *See* R. Doc. 20-9, "Notice of Release/Acknowledgment of Convicted Sex Offender Registration Requirement," signed by Plaintiff and dated Oct. 18, 2006 (emphasis added).

[7] *See* R. Doc. 20-6, Letter from the Louisiana Bureau of Criminal Identification and Information.

The letter from the Bureau further advised Plaintiff that he had one year to appeal the Bureau's determination under La. R.S. 49:950 *et seq*.[8] Plaintiff, however, chose not appeal the Bureau's determination.

Plaintiff relies exclusively on dicta from the 22nd Judicial District Court for St. Tammany Parish in support of his claim that Defendants are violating his constitutional rights by continuing to enforce sex offender registration laws against him. Plaintiff believes that because the 22nd JDC erroneously quashed a bill of information charging Plaintiff with failing to register as a sex offender in criminal court, that Defendants are legally required to recognize that Plaintiff is not a sex offender under Louisiana law. However, Plaintiff completely ignores the ruling of the Louisiana First Circuit Court of Appeals, which found that Plaintiff's right to challenge his sex offenders registration status was extinguished one year from the date the Bureau posted its determination on the Registry.[9]

The law confirms that Defendants are not violating any of Plaintiff's constitutional rights. Rather, Defendants are enforcing critical laws that were enacted by the federal and state governments to protect the public, and particularly children, who are among the most vulnerable members of our society and who are least able to protect themselves.

## IV.  Law and Argument

An applicant for preliminary injunctive relief must show: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted; (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin; and (4) granting the preliminary injunction will not disserve the public

---

[8] *See* R. Doc. 20-6, Letter from the Louisiana Bureau of Criminal Identification and Information.

[9] Quatrevingt v. State, 242 So. 3d 625, 635, 2018 La. App. LEXIS 229, *16, 2017 0884 (La. App. 1 Cir. 02/08/18); 2018 WL 793496.

90429/459720

interest.[10] A preliminary injunction is an extraordinary remedy.[11] Accordingly, a preliminary injunction should only be granted when the party seeking it has clearly carried the burden of persuasion on all four requirements.[12] In the end, a preliminary injunction is treated as an exception rather than the rule.[13]

### A. Public interest weighs heavily against granting Plaintiff's request for a preliminary injunctive relief.

Before this Court is Plaintiff's request for a preliminary injunction, seeking to prohibit Defendants from enforcing mandatory state and federal sex offender registration laws against Plaintiff, who (in 2006) pled guilty to possession of child pornography.[14] The subject of Plaintiff's request for injunctive relief implicates a matter of paramount public concern -- namely, the protection of children, who are among the most vulnerable members of our society and who are least able to protect themselves. As recognized by the United States Supreme Court, the "exploitive use of children in the production of pornography has become a serious national problem."[15] "It is evident beyond the need for elaboration that a State's interest in safeguarding the physical and psychological well-being of a minor is compelling."[16] Federal and state courts have repeatedly recognized that the State's interest in protecting children from exploitation

---

[10] River Servs. v. Peer, 2017 U.S. Dist. LEXIS 60282, *3, 2017 WL 1407894 (E.D. La., Apr. 20, 2017) (citing Lake Charles Diesel, Inc. v. Gen. Motors Corp., 328 F.3d 192, 195-96 (5th Cir. 2003)).

[11] River Servs., 2017 U.S. Dist. LEXIS 60282 at *3 (citing Miss. Power & Light Co. v. United Gas Pipe Line, Co., 760 F.2d 618, 621 (5th Cir. 1985)).

[12] Id.

[13] River Servs., 2017 U.S. Dist. LEXIS 60282 at *3 (citing St. of Tex. v. Seatrain Int'l, S.A., 518 F.2d 175, 179 (5th Cir. 1975)).

[14] On this date, July 29, 2019, the Court issued an Order denying

[15] United States v. Moreland, 665 F.3d 137, 141 (5th Cir. 2011) (citing New York v. Ferber, 458 U.S. 747, 749, 102 S. Ct. 3348, 73 L. Ed. 2d 1113 (1982)).

[16] Osborne v. Ohio, 495 U.S. 103, 109-10, 110 S. Ct. 1691, 109 L. Ed. 2d 98 (1990) (quoting New York v. Ferber, 458 U.S. 747, 756, 102 S. Ct. 3348, 73 L. Ed. 2d 1113 (1982))); Ferber, 458 U.S. at 757 ("The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance.").

justifies laws that criminalize the possession of child pornography.[17] Moreover, courts that have considered the question agree that sex offender registration laws are reasonably related to the legitimate state goal of protecting the public from sex offenders.[18] By enjoining the enforcement of sex offender registration laws against Plaintiff, the Court would be exposing the beneficiaries of those statutes to the very harm the statutes were designed to protect against.

It is undisputed that Plaintiff was convicted of possession of child pornography -- a crime which is recognized as a sex offense under federal and state law, and which carries with it the collateral consequence of mandatory registration as a sex offender. Plaintiff, nevertheless, contends that Defendants are violating his civil rights by enforcing the sex offender registration laws against him. As set forth in Defendants' Motion to Dismiss (R. Doc. 20), which is currently pending before this Honorable Court, Plaintiff's claim are without merit. Yet until that determination has been made by the Court, Defendants respectfully request that the Court deny Plaintiff's Motion for a Preliminary Injunction on the basis that the threatened harm to the public if the Court grants Plaintiff's request for injunctive relief outweighs any alleged injury to Plaintiff (a convicted sex offender).

**B. Plaintiff is Not Likely to Prevail on the Merits.**

It would be entirely incongruent to find that the St. Tammany Parish Sheriff's Office is violating Plaintiff's constitutional rights by enforcing state and federal laws, which require Plaintiff to register as a sex offender. Plaintiff's conviction for possession of child pornography is a "sex offense" under federal, requiring plaintiff to register as a sex offender. All members of the military who are convicted of possession of child pornography under Article 134 of the

---

[17] Moreland, 665 F.3d at 141 (citing Osborne v. Ohio, 495 U.S. 103, 110-11, 110 S. Ct. 1691, 109 L. Ed. 2d 98 (1990); Ashcroft v. Free Speech Coalition, 535 U.S. 234, 250, 122 S. Ct. 1389, 152 L. Ed. 2d 403 (2002)).

[18] See, e.g., Doe v. Cuomo, 755 F.3d 105, 114 (6th Cir. 2014).

Uniform Code of Military Justice ("UCMJ") are required by federal law to register as sex offenders.[19] "As charged, this crime is analogous to other federal law which criminalizes the possession of 'child pornography.'"[20] Specifically, the Child Pornography Prevention Act (CPPA), codified at 18 U.S.C. §2251 *et seq*., criminalizes the knowing transport, receipt, distribution, production, sale, or **possession of child pornography**.[21] Just as a conviction under 18 U.S.C. §2251 *et seq*. requires registration as a sex offender, registration as a sex offender is a collateral consequence of a conviction for the possession of child pornography under Article 134, UCMJ, 10 U.S.C. §934.[22]

Regardless of any rulings by the state courts of Louisiana, Plaintiff's failure to register as a sex offender is a federal crime under the Sex Offender Registration and Notification Act (SORNA), codified in 34 U.S.C. §20901 *et seq*. (formerly 42 U.S.C. § 16901 *et seq*.). In United States v. Lindsay, the court stated, in no uncertain terms:

> **As a military member convicted of an Article 134, UCMJ, 10 U.S.C. § 934, offense covering "pornography involving a minor," the appellant is an offender who must "register, and keep the registration current, in each jurisdiction where [he] resides**, . . . is an employee, [or] . . . is a student" and appear in person periodically to "allow the jurisdiction to take a current photograph, and verify the information in each registry in which that offender is required to be registered."[23]

---

[19] *See e.g.*, United States v. Forney, 2007 CCA LEXIS 349, *1, 2007 WL 2579429; United States v. Merritt, 72 M.J. 483, 491, 2013 CAAF LEXIS 1398, *25, 2013 WL 6403069; Doe, SORB No. 376575 v. Sex Offender Registry Board, 90 Mass. App. Ct. 786, 787, 66 N.E.3d 1033, 1034, 2016 Mass. App. LEXIS 180, *1.

[20] United States v. Lindsey, 2013 CCA LEXIS 503, *5, n. 1, 2013 WL 3353908 (citing 18 U.S.C. § 2252A(a)(2), (5)).

[21] *See* 18 U.S.C. § 2252A(a)(5)(B).

[22] Lindsey, 2013 CCA LEXIS 503, *13.

[23] Lindsey, 2013 CCA LEXIS 503 at *17, n. 3 (citing 42 U.S.C. §§ 16911(1), (5)(A)(iv) and 16913(a)-(c), 16916; Department of Defense Instruction (DoDI) 1325.7, Enclosure 27 (17 July 2001), cancelled and reissued by DoDI 1325.7, Enclosure 2, App 4 (11 March 2013); Reynolds v. United States, 132 S. Ct. 975, 978, 181 L. Ed. 2d 935 (2012); Carr v. United States, 560 U.S. 438, 130 S. Ct. 2229, 2241-42, 176 L. Ed. 2d 1152 (2010).

The court further noted that the failure to register as a sex offender, as statutorily required, subjects the military member to federal prosecution with a penalty that includes ten years imprisonment and a fine of up to $250,000.[24]

In relevant part, 18 U.S.C. § 2250 states:

> **whoever … is a sex offender** as defined for the purposes of the Sex Offender Registration and Notification Act **by reason of a conviction under Federal law (including the Uniform Code of Military Justice)**…**[and] knowingly fails to register or update a registration as required by [SORNA]; shall be fined under this title or imprisoned not more than 10 years, or both**.[25]

"To be in compliance with SORNA, sex offenders must maintain registration 'in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student.'"[26]

Notably, "[s]ince 1994, federal law has required States, as a condition for the receipt of certain law enforcement funds, to maintain federally compliant systems for sex-offender registration and community notification."[27] SORNA "directs the fifty (50) states to maintain sex offender registries that conform to SORNA's requirements and to enact laws penalizing a sex offender's failure to so register."[28] All states are expressly required under federal law to implement and enforce SORNA or else lose part of their federal funding.[29]

---

[24] Lindsey,at *17, n. 3 (citing 18 U.S.C. § 2250(a); Reynolds, 132 S. Ct. at 978; Carr, 130 S. Ct. at 2238, 2240).
[25] Id. (citing 18 U.S.C.A. § 2250(a)(2), (3))(emphasis added).

[26] Reeder, 2008 U.S. Dist. LEXIS 105968 at *4 (citing 42 U.S.C.A. § 16913(a)).

[27] Carr, 560 U.S. at 441.

[28] United States v. Reeder, 2008 U.S. Dist. LEXIS 105968, *4, 2008 WL 4790114 (W.D. Tx.) (citing 42 U.S.C.A. §§ 16912, 16913(e)).

[29] Reeder, 2008 U.S. Dist. LEXIS 105968 at *4 (citing 42 U.S.C.A. §§ 16924(a), 16925(a); The National Guidelines for SORNA, 72 Fed. Reg. at 30211).

Plaintiff's conviction for possession of child pornography is similarly a "sex offense" under Louisiana law, requiring plaintiff to register as a sex offender. A "conviction for possession of pornography involving juveniles is a sex offense as defined by La. R.S. 15:541 and therefore carries the requirements of sex offender notification and registration under La. R.S. 15:542 and 15:543."[30] "Failure to comply with the registration requirements is a crime" under Louisiana law.[31] Notably, La. R.S. 15:541(25) includes within the definition of "sexual offense against a victim who is a minor" **"[a]ny conviction for an offense under** the laws of another state, or **military**, territorial, foreign, tribal, or federal **law which is equivalent to the offenses listed in Subparagraphs (a) through (n) of this Paragraph**."[32] Section 15:541(25)(d) provides, in pertinent part:

> (25) "Sexual offense against a victim who is a minor" means a conviction for the perpetration or attempted perpetration of, or conspiracy to commit, any of the following:

> (d) **Pornography involving juveniles** (R.S. 14:81.1).

In determining whether an offender is required to register as a sex offender, "[t]he Louisiana classification scheme requires the [Louisiana Bureau of Criminal Identification and Information] to compare the elements of the crime for which the offender was convicted with the elements of the most comparable Louisiana offense to determine the applicable registration

---

[30] State v. Haley, 222 So. 3d 153, 170, 2017 La. App. LEXIS 942, *33, 51,256 (La. App. 2 Cir. 05/24/17);, 2017 WL 2271475; see also Dep't of Pub. Safety & Corrections: In re Forlander v. Proceedings, 2013 La. App. Unpub. LEXIS 69, *5-6, 2012 0966 (La. App. 1 Cir. 02/15/13);, 2013 WL 635272 ("All adult Louisiana residents who have pled guilty to or been convicted of an offense defined as a sex offense under Louisiana law are subject to the sex offender registry provisions set forth in Louisiana Revised Statutes 15:540, et seq. La. R.S. 15:542."); State v. Baker, 247 So. 3d 990, 999, 2018 La. App. LEXIS 681, *17, 51,933 (La. App. 2 Cir. 04/11/18), 2018 WL 1734489 (holding that possession of pornography involving juveniles is defined as a sex offense under La. R.S. 15:541).

[31] In re Forlander, 2013 WL 635272 at *5-6 (citing La. R.S. 15:542.1.4).

[32] Id. at *10, n. 3.

90429/459720

period."[33] "Louisiana law requires only that the elements of the two offenses be compared."[34] In Dep't of Pub. Safety & Corrections: In re Forlander v. Proceedings, the Louisiana First Circuit held that a conviction for possession of child pornography in violation of 18 U.S.C 2252A(a)(5)(B) is comparable to La. R.S. 14:81.1, reasoning that under both statutes, "the crime is proven upon proof of simply possessing the pornography."[35]

Plaintiff in the case at bar pled guilty to "wrongfully and knowingly possess[ing] visual depictions of minors engaging in sexually explicit conduct," in violation of UCMJ Article 134.[36] As previously noted, state and federal courts have consistently recognized that the crime of possession of child pornography under UCMJ Article 134 is analogous to 2252A(a)(5)(B).[37] Based on the Louisiana First Circuit's ruling in In re Forlander (which compared 2252A(a)(5)(B) to La. R.S. 14:81.1), Plaintiff's federal conviction for possession of child pornography under UCMJ Article 134 is most comparable to a conviction under La. R.S. 14:81.1 -- as the crime under both statutes is proven upon proof of simply possessing child pornography.[38] Indeed, this very analysis was provided to Plaintiff in the April 22, 2010 letter to the Plaintiff from the Louisiana Bureau of Criminal Identification and Information.[39] That same letter expressly

---

[33] Id. at *7 (citing La. R.S. 15:542.1.3).

[34] Id.

[35] Id. at *9.

[36] See Exhibit A.

[37] See e.g., United States v. Forney, 2007 CCA LEXIS 349, *1, 2007 WL 2579429; United States v. Merritt, 72 M.J. 483, 491, 2013 CAAF LEXIS 1398, *25, 2013 WL 6403069; Doe, SORB No. 376575 v. Sex Offender Registry Board, 90 Mass. App. Ct. 786, 787, 66 N.E.3d 1033, 1034, 2016 Mass. App. LEXIS 180, *1.

[38] See In re Forlander, 2013 WL 635272 at *10.

[39] See R. Doc. 20-6, Letter from the Louisiana Bureau of Criminal Identification and Information.

advised Plaintiff that he had one year to appeal the Bureau's determination under La. R.S. 49:950 *et seq*.[40] Plaintiff, however, failed to appeal.

As recognized by the Louisiana First Circuit, the applicable rules of peremption confirm that Plaintiff's time period in which to appeal the Bureau's determination that he is a Tier II sex offender pursuant to La. R.S. 15:542.1.3 has expired and his right to challenge the Bureau's determination has extinguished.[41] Based on the First Circuit's ruling, Plaintiff's federal claims fail as a matter of law -- as they are based entirely on the supposition that Defendants are violating the law by continuing to treat Plaintiff as a sex offender.

## CONCLUSION

For the reasons set forth herein, and in Defendants' Memorandum in Opposition to Plaintiff's Emergency Motion for Temporary Restraining Order (R. Doc. 32), Defendants, Denise Porter, Angelina Cook, and Sheriff Randy Smith, respectfully request that the Court deny Plaintiff's request for a preliminary injunction with prejudice.

       **Respectfully submitted,**

       **MILLING BENSON WOODWARD L.L.P.**

       *s/ Chadwick W. Collings*

| | |
|---|---|
| **CHADWICK W. COLLINGS, T.A.** | **# 25373** |
| **THOMAS S. SCHNEIDAU** | **# 33359** |
| **CODY J. ACOSTA** | **# 37005** |

       **68031 Capital Trace Row**
       **Mandeville, Louisiana 70471**
       **Telephone:**   **(985) 292-2000**
       **Facsimile:**    **(985) 292-2001**
       ccollings@millinglaw.com
       *Counsel for Sheriff Randy Smith, Angelina Cook, and Denise Porter*

---

[40] *See* R. Doc. 20-6, Letter from the Louisiana Bureau of Criminal Identification and Information.

[41] Quatrevingt, 242 So. 3d at 635.

90429/459720

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on July 30, 2019, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.  Any unrepresented parties appearing are being sent a copy of the above and foregoing through the U.S. Mail, postage prepaid and properly addressed, on July 30, 2019.

*s/ Chadwick W. Collings*
**Chadwick W. Collings**

90429/459720