UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KEVIN M. QUATREVINGT § | § | CIVIL ACTION NO. 19-1171 |
|     Plaintiff § | § | |
| § | | |
| VERSUS § | § | JUDGE JANE TRICHE MILAZZO |
| § | | |
| JEFF LANDRY, JAMES LEBLANC, § | § | |
| RANDY SMITH, ANGIE COOK, § | § | MAGISTRATE KAREN WELLS ROBY |
| DENISE PORTER, WARREN § | § | |
| MONTGOMERY, and § | § | |
| SCOTT PERILLOUX § | § | |
|     Defendants § | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN RESPONSE TO REQUEST FOR JUDICIAL NOTICE**

**MAY IT PLEASE THE COURT:**

Defendants, Denise Porter, Angelina Cook[1], and Sheriff Randy Smith, respectfully respond to "Plaintiffs Request for Judicial Notice Pursuant to Rule 201 of the Federal Rules of Civil Procedure: Re: U.S. v. Adam Daniel Shepherd #15-50991 (5th Cir. 2018)", R. Doc. 47, as follows:

At the hearing on plaintiff's motion for preliminary injunction and in defendants' briefing concerning same, defendants noted that, beyond the existence of state criminal penalties for failing to register as a sex offender when so required under state law, federal law also criminalizes an offender's "failure to register" when required *under federal law*.

Indeed, for the avoidance of doubt, federal law provides for criminal penalties against an individual (1) required to register under the Sex Offender Registration and Notification Act, 34 U.S.C. § 20911, *et seq.* ("SORNA"—a federal law); (2) who is a sex offender as defined *for the purposes of SORNA* by reason of a conviction under the Uniform Code of Military Justice; and

---

[1]     Named as "Angie" Cook in the complaint. *See* R. Doc. 1.

90429/459907

(3) who knowingly fails to register or update registration as required *by SORNA*. *See* 18 U.S.C. § 2250.[2]

Through this lens, plaintiff's citation to *United States v. Shepherd*, 880 F. 3d 734 (5th Cir. 2018) is unhelpful. *Shepherd* is largely an ineffective assistance of counsel case. *See id*. at 737. And while that case describes a scenario in which an individual would be subject to a federal prosecution for failure to register (i.e. state sex offense conviction requiring registration, interstate travel, and knowing failure to register or update registration), it does not describe the exclusive means by which individuals could be prosecuted under SORNA. In fact, in *Carr v. United States*, 560 U.S. 438, 447, n. 4 (2010), the United States Supreme Court stated that "'The first act necessary for conviction under' § 2250(a) is not a predicate sex-offense conviction. It is a requirement 'to register under [SORNA].'"[3] Similarly, the high Court noted that travel across state lines is not a prerequisite to a federal failure to register conviction if an underlying sex offense conviction (*as defined by SORNA*) arose under *federal law*—law which is defined in the statute to include the Uniform Code of Military Justice. *Id.* at 451; *see also* 18 U.S.C. § 2250; *Nichols v. United States*, 136 S. Ct. 1113, 1116 (2016) (noting Congresses' creation of a federal crime penalizing failure to register when so required by SORNA).

---

[2] Under SORNA, a "sex offender registry" is maintained by a jurisdiction, which includes a state. *See* 34 U.S.C. § 20911.

[3] As defendants have noted, Louisiana law provides that "[t]he duty to register and notify according to the determination of the [Louisiana Bureau of Criminal Identification and Information] shall be binding", though an affected person can appeal within one year of the Bureau's determination. *See* La. R.S. 15:542.1.3(B)(4). With respect to Mr. Quatrevingt, the Louisiana First circuit has said:

> The evidence introduced in the record is that Appellant did not administratively appeal the Bureau's determination within the one year peremptive period provided by La. R.S. 15:542.1.3(B)(4). The right to challenge the classification determination was lost and his right was extinguished. Therefore, the trial court's granting of the peremptory exception raising the objection of peremption filed by DPSC was correct.

*Quatrevingt v. State*, 17-0884, p. 13 (La. App. 1 Cir. 1/8/2018); 242 So. 3d 625, 635.

Clearly then, within the SORNA statute itself, reference is made to an evaluation of the offense under federal law (SORNA), and not simply by what a like-state law may describe or require.

The above-considerations are particularly relevant in light of the United States Supreme Court's recent re-affirmation of the "dual-sovereignty doctrine" in *Gamble v. United States*, 139 S. Ct. 1960, 1964 (2019). In *Gamble*, the high Court reminded litigants that "two offenses 'are not the same offence' for double jeopardy purposes if 'prosecuted by different sovereigns'"—in the case of *Gamble*, the State of Alabama and the United States. *Id*. (internal citations omitted). As the Court explained, the dual-sovereignty rule is not properly called an exception to double jeopardy at all, since double jeopardy relates to repeated jeopardy for the same offense, not for the same conduct or actions. *Id*. at 1965 (internal citations omitted).

Defendants assert the above in answer to any suggestion by plaintiff that the application of SORNA[4] is somehow controlled by a state criminal proceeding.

**WHEREFORE**, Denise Porter, Angelina Cook, and Sheriff Randy Smith pray that, for the above reasons and all those reasons previously briefed in this matter or otherwise offered at the hearing on this matter, the injunctive relief requested by plaintiff be denied.

[SIGNATURE BLOCK ON NEXT PAGE]

---

[4] Defendants note and assert SORNA's immunity protections for good faith conduct. *See* 34 USC § 20932.

Respectfully submitted,

**MILLING BENSON WOODWARD L.L.P.**

*/s/ Chadwick W. Collings*
**CHADWICK W. COLLINGS, T.A.     # 25373**
**THOMAS S. SCHNEIDAU              # 33359**
**CODY J. ACOSTA                          # 37005**
**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone:     (985) 292-2000**
**Facsimile:      (985) 292-2001**
ccollings@millinglaw.com
tschneidau@millinglaw.com
cacosta@millinglaw.com
*Counsel for Sheriff Randy Smith, Angie Cook, and Denise Porter*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on August 8, 2019, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.  Plaintiff, who is pro se, is being sent a copy of the above and foregoing through the U.S. Mail, postage prepaid and properly addressed, on August 8, 2019.

*/s/ Chadwick W. Collings*
**Chadwick W. Collings**