UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN M. QUATREVINGT** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-1171** |
| **JEFF LANDRY, ET AL.** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court are six motions: (1) a Motion to Dismiss by Defendants Jeff Landry and James LeBlanc (Doc. 6); (2) a Motion for Partial Summary Judgment by Plaintiff (Doc. 18); (3) a Motion to Dismiss by Defendants Randy Smith, Angelina Cook, and Denise Porter (Doc. 20); (4) a Motion to Stay by Defendant Warren Montgomery (Doc. 23); (5) a Motion for Temporary Restraining Order and a Preliminary Injunction by Plaintiff (Doc. 27); and (6) a Motion for Judicial Notice by Plaintiff (Doc. 47). For the following reasons, Defendants' Motions to Dismiss are **GRANTED**, Defendant Montgomery's Motion to Stay is **DENIED**, and Plaintiff's Motions are **DENIED**.

### BACKGROUND

Plaintiff Kevin Quatrevingt brings a *pro se* action alleging that the Defendants violated his constitutional rights when they arrested and prosecuted him for failing to register as a sex offender despite two judicial decisions indicating that he is not a sex offender under Louisiana law. Defendants in this suit include Louisiana Attorney General Jeff Landry, Secretary of Louisiana's Department of Public Safety and Corrections James

1

LeBlanc, St. Tammany Parish Sheriff Randy Smith, St. Tammany Parish Sheriff's Deputies Angelina Cook and Denise Porter, 22nd Judicial District Attorney Warren Montgomery, and 21st Judicial District Attorney Scott Perrilloux.[1]

This dispute comes to this Court with a long and relevant history of proceedings before other courts. In 2006, Plaintiff, then an Airman First Class in the United States Air Force, pleaded guilty to violating Article 134 of the Uniform Code of Military Justice ("UCMJ").[2] The article generally prohibits "all disorders and neglects to the prejudice and good order and discipline of the armed forces."[3] Plaintiff violated the article by "wrongfully and knowingly possess[ing] visual depictions of minors engaging in sexually explicit conduct."[4] As a result of his guilty plea in the court-martial, Plaintiff was sentenced to a bad conduct discharge from the Air Force, confinement for 11 months, and a reduction in rank to Airman Basic.[5] It is this court-martial conviction that lies at the heart of the decade-long dispute between Plaintiff and the state of Louisiana.

Not long after this court-martial conviction, Plaintiff moved to Louisiana and was eventually charged in Louisiana's 22nd Judicial District Court ("JDC") with failure to register as a sex offender under Louisiana Revised Statutes § 15:542.[6] Defendants contend that Plaintiff's 2006 court-martial

---

[1] The 22nd Judicial District covers St. Tammany and Washington Parishes. The 21st Judicial District covers Livingston, St. Helena, and Tangipahoa Parishes. Proof of service has yet to be filed regarding Defendant Perrilloux, and thus he has yet to answer this suit.
[2] Doc. 20-3.
[3] 10 U.S.C. § 934, art. 134. The article also prohibits "crimes and offenses not capital." *Id.*
[4] Doc. 20-3.
[5] *Id.*
[6] Exactly how Plaintiff's status as a potential sex offender came to the attention of St. Tammany Parish authorities was the subject of a previous civil rights suit filed by Plaintiff in this Court in 2010. *See* Case No. 10-4047, Doc. 3. Judge Engelhardt ultimately dismissed

2

conviction qualifies as a "sex offense" under Louisiana law and that he is therefore required to register as a sex offender.[7] Plaintiff pleaded guilty to this charge in 2008.[8]

It was after this 2008 guilty plea that Plaintiff questioned his status as a sex offender under Louisiana law and began mounting challenges to Defendants' continued efforts to have him register as a sex offender. Plaintiff contends that his 2006 court-martial conviction does not constitute a "sex offense" warranting registration because he pleaded guilty to the UCMJ's general article rather than a more specific one prohibiting certain sexual conduct.[9] Defendants resist this contention.

In 2014, Plaintiff was again charged with failure to register as a sex offender. In response, Plaintiff filed a motion to quash the indictment. In granting Plaintiff's motion, Judge Martin Coady of the 22nd JDC stated, "[T]he fundamental flaw, I believe in the State's case is the underlying charge they are trying to have Mr. Quatrevingt register. Therefore, on that basis I am granting the motion to quash."[10] Prosecutors did not appeal this ruling.

Following this ruling, Plaintiff asked Judge Coady to remove him from Louisiana's sex offender registry.[11] Judge Coady informed Plaintiff that he had "no jurisdiction" to enter such an order and thus denied Plaintiff's request.[12] As a result, Plaintiff filed a civil suit in the 22nd JDC seeking the same relief: removal from Louisiana's sex offender registry.[13] The trial court ruled that the

---

that suit on the report and recommendations of Magistrate Judge Knowles. *See* Quatrevingt v. Thibodeaux, No. 10-4047, 2011 WL 2182069, at *1 (E.D. La. June 2, 2011).
[7] *See* Doc. 20-5.
[8] *Id.*
[9] *See* LA. REV. STAT § 15:541(24)(a) (defining "sex offense" for registration purposes).
[10] Doc. 20-8 at 3.
[11] *See* Doc. 20-10.
[12] *See id.*
[13] *See* Quatrevingt v. State through Landry, 242 So. 3d 625, 630 (La. App. 1 Cir. 2/8/18) (describing the relevant procedural history).

3

22nd JDC was an improper venue for such a suit, and Louisiana's First Circuit Court of Appeal agreed.[14] Plaintiff thereafter filed a suit seeking similar relief in the 19th JDC in East Baton Rouge Parish.[15]

In Plaintiff's suit in the 19th JDC, the defendant—Attorney General Jeff Landry—filed an exception seeking dismissal on preemption grounds. The Attorney General argued that: the Louisiana Department of Public Safety and Corrections ("DPSC") is authorized by statute to determine which sex offender classification a particular person belongs in; once the DPSC notifies the person of the appropriate classification, the person has one year to challenge it; if the person fails to do so, any challenge to that classification is preempted; accordingly, Quatrevingt cannot challenge the DPSC's determination.[16] The exception was granted by the district court and affirmed by Louisiana's First Circuit Court of Appeal in 2018.[17]

Following the appellate court's decision, prosecutors again charged Plaintiff with failure to register as a sex offender in the 22nd JDC. They contend that the First Circuit's 2018 decision decided once-and-for-all that Plaintiff has lost his ability to challenge his status as a sex offender and therefore must register as such.[18] Plaintiff responded with a second motion to quash the indictment. On July 3, 2019, the motion to quash was again granted.[19] Prosecutors have appealed the decision to Louisiana's First Circuit.[20]

---

[14] *See id.*
[15] *See id.*
[16] *See id.* at 634–36.
[17] *Id.*
[18] This Court expresses no opinion on the validity of this argument by Defendants.
[19] *See* Doc. 32 at 4–5. The reasons behind the judge's decision are not in the record of this case.
[20] *See* Doc. 32-1.

4

Plaintiff filed the instant suit in February 2019, months before the 22nd JDC granted his most recent motion to quash. In the suit before this Court, he seeks an injunction prohibiting Defendants from enforcing Louisiana's sex offender laws against him.[21] He also seeks an order forcing DPSC to remove him from the sex offender registry. In addition to other miscellaneous relief, he seeks monetary damages in excess of $630,000.

On May 3, 2019, Defendants Landry and LeBlanc filed a Motion to Dismiss the claims against them on the grounds that they are barred by sovereign immunity and res judicata.[22] Plaintiff opposed the Motion and filed a corresponding Motion for Partial Summary Judgment on his claim seeking an injunction against Defendants Landry and LeBlanc.[23]

On June 14, 2019, Defendants Smith, Cook, and Porter (collectively the "Sheriff Defendants") filed a Motion to Dismiss the claims against them on Rule 12(b)(6) grounds.[24] Plaintiff opposed the Motion and filed an Emergency Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction against the Sheriff Defendants.

On July 19, 2019, the Court denied Plaintiff's request for a TRO and set a preliminary injunction hearing for August 2, 2019.[25] Before the hearing was held, Plaintiff filed a Motion to Supplement the Record and for Amendment of the Court's decision regarding his request for a TRO.[26] The Court denied the Motion and held the preliminary injunction hearing as scheduled.

---

[21] Doc. 1 at 6.
[22] Doc. 6.
[23] Docs. 17, 18.
[24] Doc. 20.
[25] Doc. 34.
[26] Doc. 37.

Finally, two additional motions are also pending before the Court. The first is a Motion to Stay filed by Defendant Montgomery on June 18, 2019.[27] The second is a Motion for Judicial Notice filed by Plaintiff on August 5, 2019.[28] Both Motions are opposed.

## LAW AND ANALYSIS

### I. Plaintiff's Motion for a Preliminary Injunction

Federal Rule of Civil Procedure 65 provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." To be entitled to a preliminary injunction, the movant must "clearly" establish the following four elements:

(1) a substantial likelihood that he will prevail on the merits,

(2) a substantial threat that he will suffer irreparable injury if the injunction is not granted,

(3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and

(4) granting the preliminary injunction will not disserve the public interest.[29]

"To assess the likelihood of success on the merits, [courts] look to 'standards provided by the substantive law.'"[30]

The fundamental problem with Plaintiff's request for a preliminary injunction is that he has failed to specify with any clarity—either in briefing or in response to this Court's questioning during oral argument—the substantive law that the Sheriff Defendants are violating. Plaintiff suggested

---

[27] Doc. 23.
[28] Doc. 47.
[29] Planned Parenthood of Gulf Coast, Inc. v. Gee, 862 F.3d 445, 457 (5th Cir. 2017) (quoting Google, Inc. v. Hood, 822 F.3d 212, 220 (5th Cir. 2016)).
[30] Janvey v. Alguire, 647 F.3d 585, 596 (5th Cir. 2011) (quoting Roho, Inc. v. Marquis, 902 F.2d 356, 358 (5th Cir. 1990)).

both in briefing and during oral argument that the Sheriff Defendants would violate his Fourteenth Amendment Due Process rights if they arrested him for failing to register as a sex offender even though state district court judges on two separate occasions have quashed indictments for that very charge.[31] Plaintiff, however, has failed to cite any case law—and this Court cannot find any—suggesting that a law enforcement officer violates a person's Due Process rights by arresting the person for failing to register as a sex offender when the person remains on the state's sex offender registry. Plaintiff has failed to carry his burden to show that there is a substantial likelihood that he will prevail on the merits of this claim. Accordingly, he is not entitled to a preliminary injunction against the Sheriff Defendants at this time.

## II. Motion to Dismiss by Defendants Landry and LeBlanc

Plaintiff brings claims against Defendants Landry and LeBlanc in their official capacities under 42 U.S.C. §§ 1983 and 1985.[32] Defendants Landry and LeBlanc moved to dismiss these claims under Rule 12(b)(6) on the ground that they are entitled to Eleventh Amendment sovereign immunity.

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim for relief that is plausible on its face."[33] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[34] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[35] The Court need not,

---

[31] *See* Doc. 27-1 at 4.
[32] Doc. 1.
[33] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
[34] *Id.* (citing *Twombly*, 550 U.S. at 556).
[35] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

however, accept as true legal conclusions couched as factual allegations.[36] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[37] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[38]

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Fifth Circuit has noted that "the Eleventh Amendment 'codified the sovereign immunity of the several states . . . and federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it.'"[39] The Fifth Circuit has further noted that "Louisiana has not waived its sovereign immunity . . . and neither § 1983 nor § 1985 abrogates state sovereign immunity."[40] Accordingly, Defendants Landry and LeBlanc as state officials are entitled to sovereign immunity for all of Plaintiffs' claims against them. Plaintiff has thus failed to state a plausible claim against them, and the claims against them are therefore dismissed.[41]

---

[36] *Iqbal*, 556 U.S. 662 at 678.
[37] *Id.*
[38] *Lormand*, 565 F.3d 228 at 255–57.
[39] Price v. Shorty, 632 Fed. App'x. 211, 212 (5th Cir. 2016) (quoting Moore v. La. Bd. of Elementary & Secondary Educ., 743 F.3d 959, 963 (5th Cir. 2014)).
[40] *Id.* (citations omitted).
[41] Because the Court is granting this Motion on 12(b)(6) sovereign immunity grounds, it need not reach Defendants' other arguments in the Motion.

### III. Motion for Partial Summary Judgment against Defendants Landry and LeBlanc by Plaintiff

Because this Court has already dismissed Plaintiff's claims against Defendants Landry and LeBlanc on sovereign immunity grounds, his Motion for Partial Summary Judgment against the same Defendants is denied.

### IV. Motion to Dismiss by Defendants Smith, Cook, and Porter

Plaintiff brings official capacity claims against Defendants Smith, Cook, and Porter. He also brings individual capacity claims against Defendants Cook and Porter but not Smith. The Court will first address the Sheriff Defendants' arguments regarding Plaintiff's official capacity claims against them before addressing the individual capacity claims against Defendants Cook and Porter.[42]

#### a. Official capacity claims

In *Kentucky v. Graham*, the Supreme Court clarified the difference between "official" capacity claims and "personal" or "individual" capacity claims as follows:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity.[43]

---

[42] The Court notes that Plaintiff makes the same official capacity claims against all three Sheriff Defendants. Doc. 1.

[43] Kentucky v. Graham, 473 U.S. 159, 165–66, (1985) (quoting Monell v. New York City Dep't. of Soc. Servs., 436 U.S. 658, 690, n. 55 (1978)) (internal citations omitted) (emphasis in original). This Court will refer to "personal" capacity claims against any Defendants as "individual" capacity claims.

9

In Louisiana, parish sheriff's offices have no legal capacity to be sued.[44] Instead, it is the sheriff who must be the named party, even though the "real party in interest" is the sheriff's office as a governmental entity.[45] Accordingly, "Plaintiff's claims against the Sheriff in his official capacity are actually claims against the local government entity he serves—the St. Tammany Parish Sheriff's Office."[46]

"Because the St. Tammany Parish Sheriff's Office is a municipal entity, Plaintiff's § 1983 claims against the Sheriff must satisfy the requirements outlined by the United States Supreme Court in *Monell v. Department of Social Services*, 436 U.S. 658 (1978)."[47] "Under *Monell*, a plaintiff asserting a § 1983 claim against a municipality must allege (1) the existence of an official policy or custom, (2) a policymaker's actual or constructive knowledge of the policy or custom, and (3) a constitutional violation where the policy or custom is the 'moving force.'"[48]

Plaintiff's allegations fail to satisfy any of the three requirements of *Monell*. His Complaint fails to allege the existence of an official policy or custom of the Sheriff; that the Sheriff is a policymaker with knowledge of the policy; or that any such policy is the moving force behind any alleged constitutional violations.[49] Plaintiff attempts to remedy this deficiency in opposition to the Sheriff Defendants' Motion by explaining that "[t]he policy which Plaintiff asserts is the cause of his constitutional deprivations is the Defendants (sic) policy of ignoring statutory law and instead applying

---

[44] Cozzo v. Tangipahoa Par. Council—President Gov't, 279 F.3d 273, 283 (5th Cir. 2002).
[45] *See id. See also Graham*, 473 U.S. at 166.
[46] Pudas v. St. Tammany Par., Louisiana, No. CV 18-10052, 2019 WL 2410939, at *3 (E.D. La. June 7, 2019) (Barbier, J.).
[47] *Id.*
[48] *Id.* (quoting Valle v. City of Houston, 613 F.3d 536, 541–42 (5th Cir. 2010)).
[49] *See* Doc. 1 at 2–5.

whatever law they want. Additionally the Defendants have a widespread policy of ignoring judicial determinations."[50] But "new factual allegations presented in a plaintiff's opposition to a motion to dismiss pursuant to Rule 12(b)(6) are insufficient to cure deficient allegations in a complaint."[51] Accordingly, Plaintiff has failed to state a claim against the Sheriff Defendants in their official capacities, and those claims are dismissed.[52]

### b. Individual capacity claims

Plaintiff's individual capacity claims against Defendants Cook and Porter consist of allegations that they have "willingly and intentionally ignore[d] a judicial determination that Plaintiff is not a sex offender."[53] Plaintiff further alleges that these Defendants "sen[t] deputies to harass Plaintiff and his family regarding his whereabouts" and "force[d], via threats of arrest, Plaintiff to register as a sex offender."[54]

Even assuming these allegations to be true, however, Plaintiff fails to allege sufficient facts to suggest that Defendants Cook and Porter did anything beyond enforcing Louisiana law in their capacities as sheriff's deputies. Accordingly, Plaintiff has failed to state a plausible claim against Defendants Cook and Porter in their individual capacities at this time, and those claims are dismissed.

---

[50] Doc. 28 at 8.
[51] Tanner v. Pfizer, Inc., No. 1:15CV75-HSO-JCG, 2015 WL 6133207, at *4 (S.D. Miss. Oct. 19, 2015) (citing Estes v. JP Morgan Chase Bank, Nat. Ass'n, 613 Fed. App'x. 277, 280 (5th Cir. 2015)).
[52] The Court notes that even if Plaintiff had stated a plausible claim against the Sheriff, the official capacity claims against Defendants Cook and Porter would be dismissed as duplicative. *See* Castro Romero v. Becken, 256 F.3d 349, 355 (5th Cir. 2001) (affirming dismissal of § 1983 claims against "all of the municipal officers and two of the employees of the Corps of Engineers in their official capacities, as these allegations duplicate claims against the respective governmental entities themselves").
[53] Doc. 1 at 2–3.
[54] *Id.*

11

## V. Motion for Judicial Notice by Plaintiff

Plaintiff asks this Court to take judicial notice of an interpretation of federal law enunciated by the Fifth Circuit in *United States v. Shepherd*.[55] The only Federal Rule of Evidence governing judicial notice is Rule 201.[56] The Rule, however, governs "adjudicative" facts, not "legislative" facts."[57] "Adjudicative facts are simply the facts of the particular case. Legislative facts, on the other hand, are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body."[58] Plaintiff therefore asks this Court to take notice of a legislative fact rather than an adjudicative fact, meaning his request is not governed by Rule 201.

This Court finds that it would be inappropriate to take judicial notice of a snippet of a Fifth Circuit opinion. The Court will apply the relevant law as issues are presented to it, but it need not take judicial notice of any particular rule, whether stated in a statute or in a judicial opinion. Accordingly, Plaintiff's Motion is denied.

## VI. Motion to Stay by Defendant Montgomery

Defendant Montgomery asks this Court to stay the proceedings of this matter until "Plaintiff's underlying criminal case has run its course to conclusion."[59] Defendant Montgomery's Motion was filed on June 18, 2019, several weeks before the most recent indictment of Plaintiff was quashed. The facts underlying Defendant Montgomery's Motion have thus changed in a material way. Accordingly, a stay is not warranted for the reasons Defendant

---

[55] 880 F.3d 734 (5th Cir. 2018).
[56] FED. R. EVID. 201.
[57] *Id.*
[58] FED. R. EVID. 201 advisory committee's note to 1972 proposed rules.
[59] Doc. 23.

12

Montgomery cites in his Motion, and the Motion is denied. The Motion may, however, be re-urged based on the developments in this case since the Motion was filed.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss by Defendants Jeff Landry and James LeBlanc (Doc. 6) and the Motion to Dismiss by Defendants Randy Smith, Angelina Cook, and Denise Porter (Doc. 20) are **GRANTED**, and Plaintiff's claims against them are **DISMISSED WITHOUT PREJUDICE**. Plaintiff may attempt to cure the deficiencies in his allegations by amending his complaint within 20 days of the entry of this Order and Reasons.

It is further ordered that Plaintiff's Motion for Partial Summary Judgment (Doc. 18), Motion for Temporary Restraining Order and a Preliminary Injunction (Doc. 27), and Motion for Judicial Notice (Doc. 47) are **DENIED**.

It is further ordered that the Motion to Stay by Defendant Warren Montgomery (Doc. 23) is **DENIED**, subject to be re-urged based on the developments in the state court litigation.

New Orleans, Louisiana this 29th day of August, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**