IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KEVIN M. QUATREVINGT, Plaintiff | § | CIVIL ACTION |
| | | |
| VS | § | NO. 19-CV-01171 |
| | | |
| Jeff Landry, | § | Division H (4) |
| James Leblanc, | | |
| Randy Smith | § | Complaint under the Civil |
| Angie Cook, | § | Rights Act 42 U.S.C. 1983 |
| Denise Porter | | |
| Warren Montgomery | | |
| Defendants | | |



U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED SEP 17 2019
WILLIAM W. BLEVINS
CLERK

### AMENDED COMPLAINT

**A. Jurisdiction**

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343, 42 U.S.C. §1983, and 42 U.S.C. 1985.

**B. Parties**

1. This Complaint alleges the Civil Rights of Plaintiff Kevin Quatrevingt, who presently resides at 62114 Warrior Rd, Lacombe, La 70445, were violated by the actions of the below

1

___ Fee ___
___ Process ___
_X_ Dktd ___
___ CtRmDep ___
___ Doc. No. ___

named individuals. The actions were and continue to be directed against Plaintiff throughout the State of Louisiana, primarily in St. Tammany Parish, La. The actions violating of Plaintiffs rights began in 2014 and are continuing daily.

2    Defendant Jeff Landry resides in Louisiana and is employed as the Attorney Genereal of the State of Louisiana. This defendant is sued in his official capacity, Defendant Attorney General Jeff Landry is the executive head and chief administrative officer of the Louisiana Department of Justice and has the responsibility for the policies of the department and for the administration, control, and operation of the functions, programs, and affairs of the department pursuant to La R.S. 36:701. Defendants department violates Plaintiffs 5th and 14th amendment rights to due process and his right to be free from Sex Offender Registration as determined in Meza v Livingston by continuing to publicly identify and label Plaintiff as a sex offender contrary to due process determining Plaintiff is not a sex offender.

3    Defendant James M. Leblanc resides in Louisiana and is employed as the Secretary of the Louisiana Department of Public Safety and Corrections (DPSC). This defendant is sued in his official capacity. Defendant is the executive head and chief administrative officer of the Department of Public Safety and Corrections and has the responsibility for the policies of the department and for the administration, control, and operation of the functions, programs, and affairs of the department in accordance with La R.S. 36:403. The Office of Motor Vehicles, Bureau of Criminal Identification and Information, and Louisiana State Police are sub-units of the DPSC and are responsible for the implementation, development, and maintenance of the central registry known as the State Sex Offender and Child Predator Registry in accordance with La R.S. 15:542.1.5. Defendants agency and sub-units violate Plaintiff's 5th and 14th amendment rights to due process and his right to be free from Sex Offender Registration as determined in Meza v

Livingston by continuing to identify Plaintiff as a Sex Offender, placing him on the Child Predator and Sex Offender Registry, and marking his drivers license with the words "sex offender", which actions are contrary to due process received determining Plaintiff is not a sex offender.

4   Defendants Landry and Leblanc do not have a claim of sovereign immunity. Defendants Landry and Leblanc's actions violate Plaintiffs 5th and 14th amendments to the U.S. Constitution. In *Ex Parte Young*, the Supreme Court held that a private litigant can bring suit against a state officer for prospective injunctive relief in order to end "a continuing violation of federal law."[48] A state official who enforces "'an unconstitutional legislative enactment . . . comes into conflict with the superior authority of [the] Constitution,' and therefore is 'stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States.'" [See Ex parte Young 209 U.S. 123]. Therefore neither Defendant may claim 11th amendment sovereign immunity. Further because Plaintiffs rights to due process, and his rights to be free from sex offender registration are "clearly established statutory or constitutional rights of which a reasonable person would have known", in this district, both Defendants lose any potential claim to qualified immunity as well.

5   Defendant Randy Smith resides in St. Tammany Parish, Louisiana and is employed as the Sheriff of St. Tammany Parish, a subdivision of the State of Louisiana. This Defendant is sued in his official capacity. He is the chief law enforcement officer in the parish in accordance with Article V Subsection 27 of the Louisiana Constitution of 1974. He has the responsibility for the policies of the department and for the training, administration, control, and operation of the functions, programs, and affairs of the department. Defendant Smith violates Plaintiffs 5th and 14th amendment rights to due process and his right to be free from Sex Offender Registration as determined in Meza v Livingston, by implementing a policy of following a DPSC directive over

3

State Law. This policy ignores due process and results in Plaintiff being required by Defendant Smith to register as a sex offender contrary to due process received finding Plaintiff is not a sex offender or otherwise being subject to unlawful seizure. Defendant Smith also violates Plaintiff's 4th amendment rights to be free from unreasonable search and seizure. Sheriff Smith has a policy of sending Deputies to temporarily detain Plaintiff at his home. This harassment violates the constitution because the Deputies detaining Plaintiff lack any reasonable suspicion or probable cause to believe that Plaintiff has committed a crime, is committing a crime, or will commit a crime, [See Terry v Ohio] they are simply performing the unlawful stops in accordance with Sheriffs Smith's "policy" of harassing those he deems to be sex offenders. Defendant Smith further violates Plaintiffs 5th amendment due process rights when he exhibits deliberate indifference to his Deputy's practice of issuing affidavits which are knowingly false and misleading, contain material factual-omissions, and are submitted with wreckless disregard for the truth.

6      Because Plaintiffs rights to due process are clearly established in the Constitution, and his right to be free from sex offender registration are clearly established by the 5th Circuit Court of Appeals, they are both "clearly established statutory or constitutional rights of which a reasonable person would have known". Therefore Defendant Smith loses any claim to qualified immunity.

7      Defendant Angie Cook resides in St. Tammany Parish, Louisiana and is employed as a Deputy Sheriff of St. Tammany Parish. This Defendant is sued in her personal and official capacities. This defendant is responsible for enforcement of sex offender registration laws in St. Tammany Parish. Defendant Cook violates Plaintiffs 5th and 14th amendment rights to due process and his right to be free from Sex Offender Registration as determined in Meza v Livingston, by extorting Plaintiff, forcing him to register as a sex offender contrary to the due process received finding Plaintiff has no duty to register, or face being arrested. She further violates Plaintiffs 4th amendment rights to be free from unreasonable search and seizure when she signs and submits

affidavits seeking to obtain search and seizure warrants on the basis that Plaintiff is a sex offender, which affidavits knowingly include false and misleading statements and / or factual omissions meant to inappropriately affect the magistrates ability to remain impartial. Defendant Cook is aware of the due process determining Plaintiff is not subject to sex offender laws, yet she exhibits wreck-less disregard for that truth in violation of Franks v Delaware by excluding that information and providing contrary information to magistrates in order to obtain unlawful warrants. Defendant Cook further violates Plaintiffs 4th amendment rights, asserting departmental policy, by sending other deputies to Plaintiffs residence to stop him without any suspicion of a crime having been committed in violation of Terry v Ohio.

8    Plaintiff seeks to hold Defendant Cook liable in her official capacity as the administrator of the sex offender office in St. Tammany Parish, as in this capacity she has violated Plaintiffs due process rights to be free from sex offender registration but has done so as part of a policy imposed by Defendant Smith. Whereas Plaintiff separately seeks to hold Defendant Cook personally liable for her false and misleading statements and or factual omissions to magistrates attempting to mislead them and obtain search and seizure warrants, which Plaintiff suggest such actions are likely not a policy of Defendant Smith but instead a personal choice to violate Plaintiffs rights as such should not be cast upon Defendant Smith absent proof that the violations were Defendant Smith's policy. Further because Plaintiffs rights to due process, and to be free from sex offender registration are "clearly established statutory or constitutional rights of which a reasonable person would have known, Defendant Cook loses any claim to qualified immunity.

Further, because Louisiana law only allows sex offender laws to be imposed on a "person convicted of a sex offense as defined in R.S. 15:541(14.1) or of a criminal offense against a victim who is a minor as defined in R.S. 15:541(9)" [See La R.S.15:542.1] and Plaintiff is neither [per State v Quatrevingt #493820] Defendant Cook cannot assert she was "enforcing the law" without ignoring (and thereby violating) Plaintiff's due process rights.

5

9    Defendant Denise Porter resides in St. Tammany Parish, Louisiana and is employed as a Deputy Sheriff of St. Tammany Parish. This Defendant is sued in her personal and official capacities. Defendant Porter shares the responsibilities of Defendant Cook and likewise violates Plaintiffs 5th and 14th amendment rights to due process and his right to be free from Sex Offender Registration as determined in Meza v Livingston, by extorting Plaintiff, forcing him to register as a sex offender contrary to the due process received finding Plaintiff has no duty to register, or face being arrested. She further violates Plaintiffs 4th amendment rights to be free from unreasonable search and seizure when she signs and submits affidavits seeking to obtain search and seizure warrants on the basis that Plaintiff is a sex offender, which affidavits knowingly include false and misleading statements and / or factual omissions meant to inappropriately affect the magistrates ability to remain impartial. Defendant Porter is aware of the due process determining Plaintiff is not subject to sex offender laws, yet she exhibits wreck-less disregard for that truth in violation of Franks v Delaware by excluding that information and providing contrary information to magistrates in order to obtain unlawful warrants. Defendant Porter further violates Plaintiffs 4th amendment rights, asserting departmental policy, by sending other deputies to Plaintiffs residence to stop him without any suspicion of a crime having been committed in violation of Terry v Ohio.

10   Plaintiff seeks to hold Defendant Porter liable in her official capacity as the administrator of the sex offender office in St. Tammany Parish, as in this capacity she has violated Plaintiffs due process rights to be free from sex offender registration but has done so as part of a policy imposed by Defendant Smith. Whereas Plaintiff separately seeks to hold Defendant Cook personally liable for her false and misleading statements and or factual omissions to magistrates attempting to mislead them and obtain search and seizure warrants, which Plaintiff suggest such actions are likely not a policy of Defendant Smith but instead a personal choice to violate Plaintiffs rights as such should not be cast upon Defendant Smith absent proof that the violations were Defendant

6

Smith's policy. Further because Plaintiffs rights to due process, and to be free from sex offender registration are "clearly established statutory or constitutional rights of which a reasonable person would have known, Defendant Porter loses any claim to qualified immunity.

Further, because Louisiana law only allows sex offender laws to be imposed on a "person convicted of a sex offense as defined in R.S. 15:541(14.1) or of a criminal offense against a victim who is a minor as defined in R.S. 15:541(9)" [See La R.S.15:542.1] and Plaintiff is neither [per State v Quatrevingt #493820] Defendant Porter cannot assert she was "enforcing the law" without ignoring (and thereby violating) Plaintiff's due process rights.

11  Defendant Warren Montgomery is Louisiana's 22nd Judicial District Attorney in St Tammany Parish. He has charge of every criminal prosecution by the State in his district in accordance with R.S. 16:1. Defendant is sued in his official capacity. Defendant has the responsibility for the policies of the department and for the administration, control, and operation of the functions, programs, and affairs of his office. Defendant violates Plaintiffs 5th amendment right to be free from being put in jeopardy twice of losing life or limb by continuously initiating criminal prosecutions asserting the same material facts already determined against him in violation of the doctrines of res judicata and collateral estoppel as determined by Ashe v Swenson and U.S. v Oppenheimer. Defendant Montgomery further violates Plaintiffs 14th amendment rights because he initiates these prosecutions in bad-faith, knowing they have no likelihood of success, but doing so to harass Plaintiff into submitting to register as a sex offender.

12  Further because Plaintiffs rights to be free from twice being put in jeopardy of life or limb, as well as the doctrines of res judicata and collateral estoppel, as well as the fact that a DA shouldn't initiate prosecutions in bad faith are all "clearly established statutory or constitutional

rights of which a reasonable person would have known", Defendant Montgomery also loses any claim to qualified immunity.

### C. Causes of Action

13  Meza v Livingston 607 F.3d 392 requires due process before enforcement of sex offender provisions. The process due in Louisiana is laid out in La R.S. 15:542.1.3 and allows an individual to challenge a registration requirement without applying for rehearing with the agency through an administrative hearing or a "trial de novo" [See La R.S. 49:964] . In Romano v Greenstein the Federal 5th Circuit Court of Appeals held a District Court decision meets the "trial de novo" requirement as contemplated by the language of 49:964. Plaintiff followed the process, and won. In the challenge to the States assertions that he is required to register via the "trial de novo" [See State of Louisiana v Kevin Quatrevingt # 493820] it was judicially determined Plaintiff was not required to register. That decision was not appealed and is now final. Therefore due process requires that the judicial determination in #493820 be final and the determination that Plaintiff has no registration obligation is binding against the Defendants. Because Louisiana law only allows sex offender laws to be imposed on a "person convicted of a sex offense as defined in R.S. 15:541(14.1) or of a criminal offense against a victim who is a minor as defined in R.S. 15:541(9)" [See La R.S.15:542.1] and Plaintiff is neither [per #493820] the Defendants violate Plaintiffs rights by ignoring (and thereby violating) his due process.

14  Plaintiff is not a sex offender and any actions seeking to impose sex offender laws on Plaintiff contrary to that final determination violates the holding in Meza v Livingston as well as the due process clause of the U.S. Constitution. Such actions are not "enforcement of the law, and in fact they violate both State and Federal law, and should be stopped by this Court.

The following civil rights have been violated:

15   Plaintiffs first amendment right to be free from government enforced compelled speech.

Supporting Facts: Defendants Leblanc, Landry, and Smith, Cook and Porter force Plaintiff to carry a license marked with "sex offender", and to mail out notice indicating he is a sex offender or otherwise be arrested. These actions are contrary to the due process determining Plaintiff is not a sex offender and constitute speech which this Plaintiff does not agree with and therefore it is speech compelled by government actors. Both actions violate Plaintiffs rights to be free from compelled speech and therefore violate his first amendment rights.

16   Plaintiffs fourth amendment right to be free from unreasonable searches and seizures

Supporting Facts: Defendants Cook and Porter violate Plaintiffs fourth amendment rights to be free from unreasonable search and seizure by submitting affidavits alleging Plaintiff is a sex offender, which affidavits knowingly include false and misleading statements and / or contain factual omissions in wreck-less disregard for the truth in violation of Franks v Deleware, and further violate Plaintiffs fourth amendment rights by sending deputies to Plaintiffs residence to stop him without any suspicion of a crime having been committed in violation of Terry v Ohio.

17   Plaintiffs fifth amendment right to be free from twice being placed in jeopardy.

Supporting Facts: Defendant Montgomery violates Plaintiffs rights to be free from being subject for the same offense to be twice put in jeopardy of life or limb by continuously initiating criminal prosecutions asserting the same material facts already determined against him in violation of the doctrines of res judicata and collateral estoppel as determined by Ashe v Swenson.

18   Plaintiffs fifth amendment right to due process

Supporting Facts: Defendants Leblanc, Landry, Smith, Cook, and Porter violate Plaintiffs rights to be free from sex offender registration [See Meza v Livingston] by labeling him a sex offender, placing him on the Sex Offender and Child Predator Registry, labeling his drivers license, and forcing him to register and notify the community that he is a sex offender or alternatively arresting him for failing to do so. Defendants actions wholly ignore Plaintiff's due process, an un-appealed, final, judicial determination that he is not a sex offender [See State v Kevin Quatrevingt 2014 #493820]. The deprivation of Plaintiffs liberty interest is not "without due process" but instead contrary to, or in ignorance of, due process received. Defendant Montgomery denies Plaintiffs due process by inititating prosecutions in bad-faith, knowing they have no likelihood of success. ignoring the effects of res Judicata and collateral estoppel.

**D. Previous Lawsuits and Administrative Relief**

19   Plaintiff asserts he obtained adminstrative relief via a trial de novo, as allowed by La R.S. 49:964, when, through a Criminal Proceeding in State of Louisiana v Kevin Quatrevingt, St. Tammany Parish, Louisiana, 22nd JDC, Division F #493820 a District Court judge determined Plaintiffs conviction was not equivalent to a sex offense.. (Defendants disagree)

20   Because Defendants disagree, they wholly ignore the judicial determination which resulted in Plaintiff filing requesting further relief in the same Court, however he was advised relief would have to come from Civil Court.

21   Plaintiff in 2015 filed a Civil proceeding, St Tammany Parish, Louisiana, 22nd JDC, Kevin Quatrevingt vs Louisiana Attorney General #2015-13724, requesting a TRO. The Trial Court determined Improper Venue and the District Court lacked Subject Matter Jurisdiction over Sex Offender Registration

22   Plaintiff filed an appeal of that decision in 2016 in Louisianas' First Circuit Court of Appeal, Kevin Quatrevingt vs Louisiana Attorney General #2016-CW-0322. There, the Appellate Court determined District Courts did have subject matter jurisdiction over Sex Offender Registration, however venue was mandated in the 19th JDC. Plaintiff was denied a Rehearing, and the Louisiana Supreme Court refused certiorari.

23   Plaintiff in 2017 filed a Civil proceeding, East Baton Rouge Parish, Louisiana, 19th JDC, Kevin Quatrevingt vs State of Louisiana through Jeff Landry, Attorney General #654-843, requesting a TRO. The Trial Court maintained the Defendants Peremptory exception of Preemption, -asserting the failure to appeal administratively perempts the 2014 Judicial Determination from having any effect.

24   Plaintiff sought a writ in a 2017 in the Louisiana First Circuit Court of Appeal, Kevin Quatrevingt vs State of Louisiana through Jeff Landry, Attorney General 2017-CW-0536 The Appellate Court determined the Trial Courts decision is properly reviewed under appellate jurisdiction.

25   Plaintiff then sought an appeal in 2018 to the Louisiana First Circuit Court of Appeal Kevin Quatrevingt vs State of Louisiana through Jeff Landry, Attorney General 2017-CA-0884 the Appellate Court affirmed the Trial Courts sustaining of Peremptory Exception of Peremption. Thereafter the Louisiana Supreme Court refused Certiorari.

26   Plaintiff filed this matter in this Court in February 2019. Several motions were heard and the Court dismissed without prejudice giving Plaintiff 20 days to file an amended complaint. This amended filing followed.

E. **Request for Relief**

27   Plaintiff request that this Court grant the following relief:

A) Issue an injunction preventing all defendants, their agencies, departments, agents, employees, and all persons, firms, and/or corporations acting or claiming to act on its behalf or in concert with them, from enforcing sex offender related statutes against Plaintiff and further preventing them from using legal process to prosecute Plaintiff for sex offender related statutes.

B) Issue an order requiring all Defendants correct any record identifying Plaintiff as a sex offender including but not limited to the Child Predator and Sex Offender Registry, Plaintiffs drivers license and attached record, the State sex offender website, and the St. Tammany parish sex offender website.

C) Issue an order requiring Defendant Smith issue notice that Plaintiff is not a sex offender in the same manner as he notified the public that Plaintiff is, and at his cost.

D) Issue an order that Defendants Smith, Landry, and Leblanc each, as representatives of their respective agencies issue a letter on Agency letterhead, directly to Plaintiff, stating that he is not a sex offender and not subject to sex offender registration and obligations.

E) Order damages in an amount to be determined against Defendants Cook and Porter.

F) Order punitive damages in the sum of $200,000 against Defendants Cook and Porter.

G) Any other relief this Court determines equitable and just.

**Plaintiffs Decleration**

1) I declare under penalty of perjury that all facts represented in this complaint and any attachments hereto are true and correct.

2) I understand it is my responsibility to keep the Court informed of my whereabouts and failure

to do so may result in this action being dismissed with prejudice.

3) I understand that I am prohibited from bringing a civil action in forma pauperis if I have brought three or more civil actions in a court of the United States while incarcerated or detained in any facility that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger or serious physical injury.

4) I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire $400.00 filing fee and any cost assessed by the Court.

Signed this 17th day of September, 2019.

*[signature]*
Kevin Quatrevingt, Pro Se
62114 Warrior Rd
Lacombe, La 70445
504-371-2985

I certify a copy of the foregoing has been served on Defendants via U.S. Mail on this 17th day of September 2019.

*[signature]*
Kevin Quatreving

13