IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KEVIN M. QUATREVINGT, Plaintiff | § | CIVIL ACTION |
| VS | § | NO. 19-cv-01171 |
| Jeff Landry, et al.<br>Defendants | §<br>§<br>§ | H(4)<br>Complaint under the Civil<br>Rights Act 42 U.S.C. 1983 |

[Filed stamp: U.S. DISTRICT COURT EASTERN DISTRICT OF LOUISIANA FILED NOV 12 2019 WILLIAM W. BLEVINS CLERK]

**2nd Memorandum in opposition to Defendants' Motion to Dismiss.**

Now into Court, Pro Se, comes Plaintiff, Kevin Quatrevingt, who for the reasons set forth herein respectfully moves this Court to deny Defendants' Motions to Dismiss these Proceedings. Defendants have moved this Court to dismiss these proceedings for failure to state a claim upon which relief can be granted and otherwise claim that absolute or qualified immunity attaches and shields Defendants from any liability.

The ability to sue to enjoin unconstitutional actions by state and federal officers is the creation of Courts of Equity, and reflects a long history of judicial review of illegal executive actions. Defendants are acting ultra vires and therefore the equitable jurisdiction of this Court is invoked.

In the instant matter, Plaintiff claims Defendants intentionally violate Plaintiffs constitutionally guaranteed due process rights, namely to be free from Sex Offender Registration as well as to be free from unreasonable search and seizure.

The Constitution clearly establishes no person shall "be deprived of life, liberty, or property, without due process of law" [See U.S. Const. Art. V]

The Federal Fifth Circuit Court of Appeals "clearly established" "a liberty interest in being free from being required to register as a sex offender" [See Meza v Livingston No. 09-50367.]

1

[Stamp: ___ Fee____ ___ Process____ _X_ Dktd____ ___ CtRmDep____ ___ Doc. No.____]

The Federal Fifth Circuit Court of Appeal also "clearly established" that "a constitutional violation occurs if an official makes a knowing, intentional, or reckless false statement or omission that causes the issuance of a warrant without probable cause." [See Franks, 438 U.S. at 155-56.] " An officer is liable for swearing to false information in an affidavit in support of a search warrant, provided that: (1) the affiant knew the information was false or [acted with] reckless disregard for the truth; and (2) the warrant would not establish probable cause without the false information." [See Hart v. O'Brien, 127 F.3d 424, 442 (5th Cir. 1997) (citing Franks, 438 U.S. at 171 (1978))] . A governmental official violates the Fourth Amendment when she deliberately or recklessly provides false, material information for use in an affidavit in support of a search warrant. "Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law, and courts will not deny immunity unless existing precedent placed the statutory or constitutional question beyond debate."   Whitley, 726 F.3d at 638 (internal quotation marks and citations omitted).

Defendants actions in applying sex offender registration requirements to Plaintiff, contrary to due process received and made final violates clearly established law from Meza v Livingston and the 5th Amendment to the U.S. Constitution. Defendants issuing false and misleading statements were knowing voluntary choices by Defendants to violate clearly established laws.

Plaintiff asserts these constitutional deprivations are continuing to this day. Because a "Federal Court may enjoin an individual or a state officer from enforcing a state statute on account of its unconstitutionality" [See Ex parte Young], Plaintiff alleges facts that indicate injury and he is entitled to relief, namely this Court enjoining Defendants from their unconstitutional actions. Plaintiff clearly pleads enough facts to state a claim for relief. Plaintiff asserts violations of his federal Constitutional rights as well as State laws by state actor defendants. Therefore Plaintiff asserts a claim upon which relief can be granted.

Therefore Defendants are intentionally violating clearly established law, and doing so contrary to two judicial determinations, is clearly unreasonable actions by the executive officers. The Defendants continuing to issue false and misleading statements and factual omissions attempting to unlawfully violate Plaintiffs liberty interest to be free from sex offender registry and violate his right to be free from unreasonable search and seizure are also unreasonable.

Plaintiff asserts Defendants' actions are objectively unreasonable in light of law clearly established by the U.S. Constitution, the Fifth Circuit Court of Appeal's, and the U.S. Supreme Court's interpretations thereof. Therefore Plaintiff does state a claim which is cognizable.

Responding to Defendants' assertions of absolute immunity, It is well established that a suit against a State official in their official capacity is deemed to be a suit against the State itself which is entitled to Eleventh Amendment immunity, however, there are also exceptions to that immunity. Relevant here, the Eleventh Amendment does not stop a federal court from issuing an injunction against a state official who is violating federal law. Although the state official may be abiding by state law [though here, Plaintiff asserts the Defendants are violating state and federal law], the official is not permitted to violate federal law, and a federal court can order him to stop the action with an injunction. Ex Parte Young, 209 U.S. 123 (1908). In the instant matter, Plaintiff is seeking an injunction against all Defendants because they continue to violate the 1st, 4th, 5th, and 14th Amendments to the U.S. Constitution and 22 U.S.C. 1738. Therefore Defendants are not entitled to 11th amendment immunity from injunctions by this Court and this matter should not be dismissed on that basis.

Responding to Defendants' assertions of qualified immunity, "An official sued in his official capacity may not take advantage of a qualified immunity defense." Mitchell v. Forsyth, 472 U.S. 511, 556, n.10 (1985). Therefore Defendants Smith, Landry, and Leblanc are not entitled to qualified immunity. In regards to Defendants Cook and Porter, in Harlow v. Fitzgerald, the U.S. Supreme Court established the principle that "government officials performing discretionary

3

functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. 800, 818 (1982). "When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the in-applicability of the defense." Club Retro, L.L.C. v. Hilton, 568 F.3d 181, 194 (5th Cir. 2009). To discharge this burden, the plaintiff must satisfy the well-established two-prong test developed by the Supreme Court in Saucier v. Katz, 533 U.S. 194 (2001), overruled in part by Pearson v. Callahan, 555 U.S. 223 (2009). See Lytle v. Bexar County, Tex., 560 F.3d 404, 409 (5th Cir. 2009). "First, he must claim that the defendants committed a constitutional violation under current law."34 Club Retro, L.L.C., 568 F.3d at 194 (internal quotation marks omitted). "Second, he must claim that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of." Id. (internal quotation marks omitted).

    Plaintiff clearly claims due process violations by the Defendants. Defendants ignoring the 2 Court decisions that they are wrong and erring in labeling Plaintiff a sex offender, and continuing to violate Plaintiffs rights by labeling him a sex offender, is clearly unreasonable in light of clearly established law requiring due process before labeling him a sex offender. The due process being received in favor of Plaintiff, yet being given no effect is clearly unreasonable. Certainly the constitution did not intend to require "due process" without equally requiring that the "due process", once fulfilled, would have affect and that the effect would be honored and enforced. Furthermore, it is Plaintiffs assertion that any reasonable official would understand, once a Judge determined the military offense is not a sex offense, the official lacks probable cause to obtain a warrant and detain an individual by asserting the military offense *does enunciate* a sex offense without violating that individuals rights. Yet Defendants continue to do so. Plaintiff asserts the Defendants in the instant case did know they couldn't obtain a warrant by being truthful and so they lied to intentionally mislead magistrate judges to obtain warrants. In doing so Defendants

4

violated "a statutory or constitutional right" that was "clearly established at the time of the challenged conduct" and thereby surrendered their qualified immunity.

Furthermore, official capacity claims should not be dismissed because Plaintiff has adequately plead asserting official policies as the moving force in the Defendants actions in accordance with Monell. Plaintiff clearly lays out, and the Defendants stipulated, that Defendants going to Plaintiffs house and harassing him was part of their "official policy". Plaintiff claims this violates due process requirements clearly laid out in Terry v Ohio and this alone meets Monell's standard.

Defendants also assert a "preserve the peace and apprehend public offenders" defense. They assert they were doing there job of enforcing the laws of Louisiana, and so they shouldn't be liable. However in enforcing the law, the Defendants do not get to make up the law they enforce, nor can they interpret it as they want, nor do they get to pick who creates and interprets the law. In the instant matter, the Defendants don't rely on the language of the statutes, or of the Courts, instead they go against both and join the DPSC and Attorney General in dictating and creating what "law" they will apply in typical police state form. It is at this point they stopped applying State and Federal law and began violating Plaintiffs rights. There is a statutory law that clearly defines who is subject to sex offender registration. There is Court interpretation deciding Plaintiff is not. Defendants ignore both because it doesn't fit their narrative. Defendants assert "A Louisiana Sheriff has no authority to determine who is required to register" Yet in the instant matter Defendants are determining Plaintiff is required to register, wholly ignoring statutory law and Court determinations. Defendants further argue because Plaintiff stipulated his name was on a list, created by other Defendants, that they are "enforcing a state registration statute that mandates a particular course of action". However, this argument errs in that state law does not mandate "a particular course of action" for anyone placed on the list, but instead mandates a particular course of action for anyone who is a sex offender as defined by La R.S. 15:541, which

Plaintiff is not. Defendants attempt to mislead the Court by cherry-picking paragraphs from the applicable statutes attempting to make their desired application of law, actual law. Defendants cite the Bureau as the only entity vested with the duty to "establish and maintain a central registry of sex offenders" La R.S. 15:578.A(7) They further cite "A person's duty to register and notify according to the determination of the Bureau is binding though an affected person can appeal within one year of the Bureau's determination." La R.S. 15:542.1.3(B)(4)

But, Defendants leave out significant relevant portions of the law in order to convince the Court their actions are lawful when they are not:

La R.S. 15:578.A(7) actually requires the Bureau

"(7) To establish and maintain a central registry of sex offenders and to adopt regulations and procedures to prescribe the terms and conditions under which information shall be released *in accordance with the provisions of R.S. 15:540 through 549.*" [emphasis added]

So the Bureau doesn't get to choose who goes on the registry. They get to create and maintain the infrastructure supporting the registry. 15:540 et seq, statutorily defines who goes on the registry and is subject to the requirements.

Furthermore La R.S. 15:542.1.3 does not apply to anyone the Bureau says it applies to. Instead it specifies who is subject to registration requirements. Reading:

"Any person who is convicted or adjudicated of an offense under the laws of another state, or military, territorial, foreign, tribal, or federal law *for which R.S. 15:542 requires registration* shall be subject to and shall comply with all of the registration requirements of this Chapter" [emphassis added]

R. S. 15:542 reads

> "A. The following persons shall be required to register and provide notification as a sex offender or child predator in accordance with the provisions of this Chapter:
>
> (1) Any adult residing in this state who has pled guilty to, has been convicted of, or where adjudication has been deferred or withheld for the perpetration or attempted perpetration of, or any conspiracy to commit either of the following:
>
> (a) *A sex offense as defined in R.S. 15:541*;
>
> (b) *A criminal offense against a victim who is a minor as defined in R.S. 15:541*;

La R.S. 15:541 (12) reads:

> "Criminal offense against a victim who is a minor" for the purposes of this Chapter means conviction for the perpetration or attempted perpetration of or conspiracy to commit any of the following offenses: ... (c) Any conviction for an offense under the laws of another state, or military, territorial, foreign, tribal, or federal law *which is equivalent* to the offenses listed in Subparagraphs (a) and (b) of this Paragraph." [emphasis added]

La R.S. 15:541 (24)(a) reads:

> "Sex offense" means deferred adjudication, adjudication withheld, or conviction for the perpetration or attempted perpetration .....A conviction for any offense provided in this definition includes a conviction for the offense under the laws of another state, or military, territorial, foreign, tribal, or federal law *which is equivalent to an offense* provided for in this Chapter..." [emphasis added]

The plain language of the Statutes indicates sex offender registration only applies to individuals convicted of a Louisiana sex offense or an out of state offense *equivalent to* a Louisiana sex offense. Actions by the State regarding sex offender registration, implementation, or application must be predicated on a state sex offense conviction or an out-of-state equivalent

7

offense. Because the Courts have determined, twice now, that the out of state conviction is not equivalent to a sex offense, the first test fails.

Therefore, Defendants assertions that they are "applying the law" fall short as "the law" only allows application of sex offender laws to statutorily defined sex offenders, and they are instead applying it to whomever they choose to. The "law" Defendants allege they are applying offers no authority to the DPSC to determine WHO is a sex offender. It only authorizes the DPSC and Defendants to take action against someone who is a statutorily defined sex offender. Defendants argument of "applying the law" fails and because it fails Plaintiff has a claim to relief to force them to cease the unlawful actions.

In addressing other allegations made by Defendants, Defendants first claim Plaintiff provided an incomplete description of the relevant background. Plaintiff rejects this assertion. The relevant background involves violations of law after a final binding determination in 2014. Plaintiff does not in this suit assert violations of rights prior to the 2014 decision. Therefore facts occurring before that decision are irrelevant. The Defendants provide pre-2014 facts in an attempt to prejudice the Court and/or alternatively to attempt to re-litigate the matters already determined to finality in 2014.

Thereafter, the Defendants attempt to re-litigate the determination that Plaintiff is not a sex offender is an attempt to mitigate their liabilities for ignoring the final decision and violating Plaintiffs civil rights. Plaintiff objects to re-litigating the facts and law already determined to finality, but submits the following arguments contrary to Defendants assertions in order to preserve any arguments for appeal. Defendants clearly acknowledge the judgment determining Plaintiffs offense is not a sex offense but instead of complying they assert they are justified in ignoring it and violating Plaintiff's constitutional rights because they "respectfully disagree with this conclusion".

They further suggest Department of Defense Instruction Number 1325.07 states that conviction of the offense of pornography involving a minor under UCMJ article 134 has been defined offense [sic] requiring registration under the Sex Offender Registration and Notification Act." But, the Defendants err in that neither DODI 1325.7 nor SORNA are binding on Louisiana's legislature, but rather are recommendations. The actual determination of who must register in a State as a sex offender is left to the State Legislatures. There is no law that allows the Defendants to determine who must register. Indeed there are laws that allow Defendants to take actions *if* a person is a sex offender, but those laws do not allow the Defendants to determine *who* is a sex offender. This is tantamount to saying because the DPSC is tasked with building and maintaining prisons and calculating prisoners release dates, they are entitled to decide innocence or guilt. They are not entitled to determine innocence or guilt, they are not entitled to determine who is a sex offender. Louisiana's legislature determined specific offenses which require registration, and further determined that out-of-state offenses which are equivalent to those offenses would require registration. A District Court, authorized by La Cons. Art. V §1 Section 1 with jurisdiction under §16 determined Plaintiffs out-of-state offense is not equivalent to a registerable offense. That Court had subject matter jurisdiction to make the decision, and had venue as a sitting criminal court.

Defendants attached a copy of DD FORM 2791 in an attempt to prejudice the Court and re-litigate the facts already determined contrary to their position, which determination is final. Again, plaintiff objects to re-litigating the facts and law already determined to finality, but submits the following arguments contrary to Defendants assertions in order to preserve any arguments for appeal. Defendants fail to advise the Court of DODI 5525.20 regulating the release of a DD FORM 2791, which holds in relevant part that "If a service member is, or may be, required to register as a sex offender .... using a DD FORM 2791." This is because, based on the issuance of the DD FORM 2791, a service member "may be", but is not specifically required to

9

register depending on the laws of the jurisdiction they are living in. A review of the DD FORM 2791 indicates first, that it is issued by a confinement facility, not by a Court so it has no judicial authority and second, it clearly indicates Plaintiff was not convicted of a sex offense when it specifically excludes "a sexual offense" and "sexual offenses" and instead labels his conviction "an offense". This was all argued and discussed in the 2014 litigation. The Louisiana Court in 2014, looked at this and determined, based on the laws of this jurisdiction, that Plaintiffs conviction was not equivalent to a sex offense and ruled plaintiff is not required to register .

Louisiana's Constitution clearly states in Article V §1 Section 1 "The judicial Power is vested in a supreme court, courts of appeal, district courts, and other courts authorized by this article." The judicial power vested is the power to interpret the laws. There is no law that allows the Defendants to ignore "the judicial power vested" by Article V on the bases that they "respectfully disagree" with the interpretations. There is no law that allows the Defendants to override the interpretations made by those Courts authorized under the Constitution. There is no law that allows the Defendants to act contrary to judgments made by those Courts. To now allow such action because Defendants "disagree with the conclusions" of Courts would be the end of the Judiciary and the beginning of a police state.

Defendants further assert a persons duty to register and notify according to the determination of the Bureau (the Louisiana Bureau of Criminal Identification and Information) is binding, though an affected person can appeal within one year of the Bureaus decision. Again, plaintiff objects to re-litigating the facts and law already determined to finality, but submits the following arguments contrary to Defendants assertions in order to preserve any arguments for appeal. The Defendants first err in that the Bureau is not given jurisdiction over *who must register*, but rather the Bureau is tasked with *determining the length of time and frequency of in-person periodic renewals* for an individual *statutorily required to register*. This can be confirmed by seeing Defendants own Exhibit D, a letter from the DPSC which the Defendants

rely on as controlling but which clearly indicates on page 2 that "Pursuant to La R.S. 15:542.1.3(B)(4), you may appeal the Bureau's determination of *the applicable time period and frequency of in-person periodic renewals.*" Note it does not assert a right to appeal the alleged decision that an individual is a sex offender. This is because the DPSC lacks any authority to make such a decision. That determination is left up to the statutory law and if ambiguous in application, left to the Courts under Article V authority to interpret ambiguous law. The language requiring "equivalency" being the only ambiguity found in the Statute. Despite the existence of this supposedly controlling letter from the DPSC, two Courts in 2014 and 2019 have interpreted that Plaintiff's conviction is not equivalent to a sex offense.

Further the supposedly controlling letter cites 15:542.1.3 as allowing for 1 year to appeal the Bureau's determinations in accordance with Louisiana's Administrative Procedure Act, La R.S. 49:960 et seq. La R.S. 49:964 A. (1) states "Except as provided in R.S. 15:1171 through 1177, a person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing, without limiting, however, utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law." The U.S. Court of Appeals for the Fifth Circuit, in Romano v Greenstein #12-469, held the language in 49:964 means that "Despite the availability of state court review, the statute providing for that review explicitly states that it does not limit "utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law." Therefore Plaintiff did, in accordance with the holding in Greenstein, seek review of the Bureaus determinations, through a trial de novo, namely the 2014 trial proceedings. Those proceedings determined the Bureau's determinations were erroneous, and neither the Bureau nor the State appealed, thereby making the Courts determinations final and binding.

11

The Defendants further err in their assertion that the La First Circuit Court of Appeal affirmed a finding that plaintiff did not timely appeal his sex offender determination, and that action prevents him from challenging his requirement to register. The First Circuit could only determine what was before it, namely that Plaintiff was out of time to administratively appeal the determination of time and frequency of registration. The Bureau has never received any legislative or statutory jurisdiction, let alone exclusive jurisdiction, to determine an out-of-state convictions equivalency to a sex offense. Even if the statute were determined to grant some form of jurisdiction it wouldn't be exclusive jurisdiction therefore the District Court could lawfully make the determination under its constitutionally delegated original jurisdiction.

Defendants assert a 1983 claim may not be imposed on a government entity on a theory of respondeat superior for the actions of government employees. But the actual legal assertion is that municipalities may not be held liable based *solely* on a theory of respondeat superior. In other words municipalities are not liable for the actions of their employees simply as a result of employment status; an employee must be acting pursuant to a policy. Defendants agree with this assertion when they state in their brief "official policy must be the moving force of the constitutional violation in order to establish the liability of the government body under 1983". Defendants go on to allege they are simply enforcing existing State law and cant be held liable for doing so. However, State law is clear on who must register as a sex offender and State Courts have made it even more clear Plaintiff does not have to register, referring to the Defendants error as a "fundamental flaw" The Defendants ignore the Courts, ignore the law and instead impose their will. While asserting they are just enforcing state law based on Plaintiffs being on the sex offender registry, they are the very individuals placing him on the registry, in violation of the judicial determinations and statutory law. They are not merely doing their "duty in implementing the statute". The Defendants assert "the public record reflects that the Sheriff has received no directive from a court of competent jurisdiction or from the Louisiana Bureau of Criminal

Identification and Information to cease following up on an offender listed in the state's sex offender and child predator registry". First, that is what Plaintiff now seeks, a directive ordering just that. Second the statute doesn't say 'pic and choose who you want to add to the registry and make them get an order to get off of it'. It clearly indicates who gets registered in plain concise language. That language being interpreted as not applying to Plaintiff.

In regards to Defendants assertions that claims against every defendant, except the current Sheriff should be dismissed as duplicated claims, Plaintiff asserts while Defendant Smith's policies and deliberate indifference constitute violations of Plaintiffs constitutional rights on his part, Defendants Cook and Porter knowingly withheld information from magistrate judges when attempting to obtain warrants for Plaintiffs arrest, which actions constitute violations of Plaintiffs constitutional rights apart from the policies set by Defendant Smith. They further interacted with Plaintiffs daughters mother in an attempt to aid her in securing custody of Plaintiffs minor child, which actions are not authorized by any statute and Plaintiff cannot show that such actions are a policy of Defendant Smith. As such Defendants Cook and Porter have liabilities that cannot be dismissed as duplicative, unless Defendant Smith is acknowledging their actions of deceiving magistrates and of their assisting Plaintiffs daughters mother was a policy approved by him?

In regards to Plaintiffs allegations of Free Speach violations, Defendants assert they are "merely abiding by a registration scheme memorialized in state law". But the state law they claim to be abiding by clearly states "A conviction for any offense provided in this definition includes a conviction for the offense under the laws of another state, or military, territorial, foreign, tribal, or federal law *which is equivalent to an offense provided for in this Chapter*". The 2014 decision clearly determined Plaintiffs conviction was not equivalent. So the Defendants assertions wholly ignore the law and are therefore without merit. The Defendants further argue U.S. v Arnold determined "the constitution does not provide plaintiff with a right to keep his registry information private" This is inapplicable as Plaintiff was determined not a sex offender

well before these violations occurred. Therefore he was and still is entitled to first amendment protections and is entitled to privacy.

In regards to Plaintiffs claims of unreasonable search and seizure, Defendants claim a neutral arbitrator issued a warrant, which can only be issued on probable cause, and further claim, that makes them lawful warrants. But, as stated above, it is clearly established that individuals have the right to be free from arrest pursuant to a warrant that, but for deliberate or reckless omission of material facts, never would have been issued. Because the law is clearly established, a reasonable officer would be aware that a deliberate or reckless omission of material facts from an arrest warrant violates the constitutional rights of the accused. Further it is clear the actions of Defendants are deliberate. If Defendants felt they were right in their actions they would not have omitted the 2014 decision from judges when seeking warrants.

In regards to Plaintiffs claims of due process violations, Defendants assert no liability because the registration scheme is not a policy created or controlled by them. But, they are not applying the registration scheme created by the legislature, and as such, they are violating Plaintiffs due process rights. They are government officials, imposing unconstitutional actions, acting under color of law, and acting outside the law. Therefore this is an actionable claim. Furthermore they are solely responsible for inputting the data into the registry, so it is controlled by them. Finally, they are the ones seeking warrants, arresting, and detaining Plaintiff, so they are liable for violating Plaintiffs due process rights.

In regards to equal protection claims, Defendants assert Plaintiff is not treated "differently from any other similarly situated persons who are required to register with Louisiana State Sex Offender and Child Predator Registry." That is the very violation Plaintiff asserts. It is judicially determined that he is not required to register as a sex offender, so he should be treated like any other free citizen not subject to sex offender registration. Instead he is treated as a "person who is required to register" which actions are unequal when compared to treatment of regular

non-sex-offenders citizens. Because Plaintiff is statutorily and judicially determined not a sex offender he should not be subject to unequal adverse treatment.

Defendants, citing Pfanstiel v Marion in part, assert "a conspiracy by itself...is not actionable under section 1983." and additionally, "a conspiracy claim under 1983 is not actionable without an actual violation of section 1983" But Pfanstiel v Marion, holds more completely "We have recognized that section 1983 plaintiffs may assert conspiracy claims. *See Mizell v. North Broward Hospital Dist.*, 427 F.2d 468, 472-73 (5th Cir. 1970). A conspiracy by itself, however, is not actionable under section 1983. In *Nesmith v. Alford,* 318 F.2d 110 (5th Cir. 1963), *cert. denied,* 375 U.S. 975, 84 S.Ct. 489, 11 L.Ed.2d 420 (1964), we stated: "Of course, for a claim under § 1983, a conspiracy as such is not an indispensable element as it is under § 1985. But it may be charged as the legal mechanism through which to impose liability on each and all of the Defendants without regard to the person doing the particular act." *Id.* at 126. Thus, a conspiracy claim is not actionable without an actual violation of section 1983. *See Hanna v. Home Ins. Co.,* 281 F.2d 298, 303 (5th Cir. 1960), *cert. denied,* 366 U.S. 955, 81 S.Ct. 1905, 6 L.Ed.2d 1247 (1961).

Plaintiff has clearly shown multiple violations of civil rights. Therefore a conspiracy claim is actionable. Defendants go on to assert the conspiracy claim must be racially based, based on Griffin v Breckenridge's 403 U.S. 88 102 holding that "The language of 1985(3) requiring intent to deprive of equal protection, or equal privilages and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." But see the next line of Breckenridge, "The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all." Therefore Conspiracy claims do not have to race-based. Breckenridge was particularly dealing with race relations and as such their needed to be a racial discrimination action. It in no way means only

conspiracies regarding racism are cognizable claims. This is a ridiculous sentiment to say the least.

Plaintiff has a right to be free from sex offender registration. He has this right as a citizen who has not been convicted of a sex offense or an offense equivalent to a sex offense, as do all citizens not convicted of a sex offense or equivalent crime. This right was further affirmed by a Court of law, and as of the writing of this brief, by yet another Court of law. Yet Defendants continue to ignore that right and deprive Plaintiff of the "equal enjoyment of rights secured by the law to all" non-sex offenders.

In regards to Defendants assertions that Plaintiff fails to state a claim, Plaintiff believes he has asserted constitutional violations, by the defendants, under color of law. Therefore, Plaintiff having stated a claim, that Defendants violated his constitutionally protected rights, while acting under color of law, and in violation of the laws of the United States and the laws of the State of Louisiana, does state an actionable claim which this Court may, and should hear and resolve in Plaintiffs favor. As such Plaintiff respectfully prays this Court deny Plaintiffs motions to dismiss for failure to state a claim and allow this suit to proceed in a timely fashion.

Kevin Quatrevingt, Pro Se
62114 Warrior Rd
Lacombe, La 70445
504-371-2985

I hereby certify that a copy of the foregoing pleading has been served on Defendant's counsel of record through U.S. Mail on this, the 12 day of Nov, 2019.

Kevin M. Quatrevingt

16