UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KEVIN M. QUATREVINGT<br>　　　Plaintiff | §<br>§<br>§ | CIVIL ACTION NO. 19-1171 |
| VERSUS | §<br>§ | JUDGE JANE TRICHE MILAZZO |
| JEFF LANDRY, JAMES LEBLANC,<br>RANDY SMITH, ANGIE COOK,<br>DENISE PORTER, WARREN<br>MONTGOMERY, and<br>SCOTT PERILLOUX<br>　　　Defendants | §<br>§<br>§<br>§<br>§<br>§ | MAGISTRATE KAREN WELLS ROBY |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## REPLY MEMORANDUM IN SUPPORT OF SECOND MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

　　Defendants, Denise Porter, Angelina Cook, and Sheriff Randy Smith respectfully submit this reply memorandum in support of their second motion to dismiss, and they aver as follows:

### OFFICIAL CAPACITY CLAIMS FAIL

　　Plaintiff's opposition memorandum (R. Doc. 65) fails to offer any substantive argument which overcomes defendants' position on the non-viability of plaintiff's official capacity claims. As outlined in defendants' initial memorandum in support (R. Doc. 53-1), not only are the constitutional provisions on which plaintiff relies for his claims largely inapplicable, plaintiff fails to allege any constitutionally flawed "policy or custom" *of the Sheriff* that could be considered a "policy or custom" to begin with. Stated differently, plaintiff fails to allege anything more than purported actions taken against his own person—not any ongoing, constitutionally improper action of the Sheriff also applied against other persons such that it could be considered a policy or custom. *See Fraire v. Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992) (allegations of isolated incidents are not sufficient to show a policy or custom). Even

1

more (and unsurprisingly), plaintiff continues to be unable to explain how the action of the Sheriff's office in this matter is anything more than the Sheriff's good faith response to information provided to his office by the State of Louisiana—information which the Louisiana First Circuit said could no longer be challenged. For these reasons, and as more fully explained in defendants' original memorandum in support, plaintiff's official capacity claims against movers should be dismissed with prejudice.

## INDIVIDUAL CAPACITY CLAIMS FAIL

Plaintiff fails to meet his burden of identifying clearly established case law, particularized to the facts of this case, which establish that defendants violated the Constitution in an objectively reasonable way. *See White v. Pauly*, 137 S. Ct. 548, 552 (2017). Consequently, plaintiff fails to overcome the defense of qualified immunity. Indeed, plaintiff's opposition memorandum fails to even address defendants' answering—in their original memorandum in support—of the cases plaintiff relied upon in his amended complaint. Rather, his memorandum largely just re-urges those same inadequate cases as being dispositive.

Even more telling, while plaintiff's amended complaint and memorandum contain conclusory claims suggesting defendant deputies intentionally misrepresented information in warrant affidavits—i.e. attempted a fraud upon the judge signing the warrants—plaintiff fails to plead in his amended complaint any particulars of this purported fraud. *See* FRCP 9(b) (requiring more particular allegations regarding the circumstances of fraud). Indeed, the grand sum of this alleged "fraud" appears to be the alleged representation by deputies that plaintiff is subject to sex offender registry laws when plaintiff's name does, in fact, appear on the state's sex offender registry. Such alleged acts do not violate any constitutional provision, let alone

violate any clearly established case law, particularized to the facts of this case, under which defendants' acts could be considered *objectively unreasonable.*

For these reasons, and as more fully explained in defendants' original memorandum in support, plaintiff's individual capacity claims should be dismissed with prejudice.

## DISMISSAL WITH PREJUDICE IS WARRANTED

In light of the foregoing, plaintiff's claims against Denise Porter, Angelina Cook, and Sheriff Randy Smith should be dismissed with prejudice.

**Respectfully submitted,**

**MILLING BENSON WOODWARD L.L.P.**

*/s/ Chadwick W. Collings*
**CHADWICK W. COLLINGS, T.A.  # 25373**
**THOMAS S. SCHNEIDAU  # 33359**
**CODY J. ACOSTA  # 37005**
**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone: (985) 292-2000**
**Facsimile: (985) 292-2001**
ccollings@millinglaw.com
tschneidau@millinglaw.com
cacosta@millinglaw.com
*Counsel for Sheriff Randy Smith, Angie Cook, and Denise Porter*

462119/90429

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on November 19 2019, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established. Any unrepresented parties appearing are being sent a copy of the above and foregoing through the U.S. Mail, postage prepaid and properly addressed, on November 19, 2019.

*/s/ Chadwick W. Collings*
**Chadwick W. Collings**

462119/90429