# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

KEVIN M. QUATREVINGT                      CIVIL ACTION


VERSUS                                    NO: 19-1171


JEFF LANDRY, ET AL.                       SECTION: "H"


## ORDER AND REASONS

Before the Court are Defendants Jeff Landry and James LeBlanc's Second Motion to Dismiss (Doc. 57) and Defendants Randy Smith, Angelina Cook, and Denise Porter's Second Motion to Dismiss (Doc. 53). For the following reasons, the Motions are GRANTED.


## BACKGROUND

The facts of this matter were detailed in a prior order of this Court.[1] The Court repeats only those that are pertinent to the motions at hand.

In 2006, Plaintiff Kevin Quatrevingt, then an Airman First Class in the United States Air Force, pleaded guilty to violating Article 134 of the Uniform Code of Military Justice.[2] The article generally prohibits "all disorders and neglects to the prejudice and good order and discipline of the armed forces."[3] Plaintiff violated the article by "wrongfully and knowingly possess[ing] visual depictions of minors engaging in sexually explicit conduct."[4] The heart of this

---

[1] Doc. 51.
[2] Doc. 20-3.
[3] 10 U.S.C. § 934, art. 134. The article also prohibits "crimes and offenses not capital." *Id*.
[4] Doc. 20-3.

matter is the juxtaposition of two later court decisions arising out of that conviction: the first—a 2014 criminal court ruling quashing a charge against Plaintiff for failure to register as a sex offender on the grounds that the underlying charge was not a sex offense ("the 2014 Ruling"); and the second— a 2018 civil court decision that Plaintiff's attempt to be removed from the sex offender registry was perempted because he had failed to challenge his classification as a sex offender within one year of notification ("the 2018 Ruling").[5] In this pro se suit, Plaintiff seeks an injunction prohibiting Defendants from enforcing Louisiana's sex offender laws against him and ordering his removal from the sex offender registry.

In August 2020, this Court entered an order on several motions, including Defendants' Motions to Dismiss.[6] The Court granted Defendants' motions and held that Defendants Landry and LeBlanc were entitled to sovereign immunity and that Plaintiff had failed to state a claim against Defendants Smith, Cook, and Porter. The Court then allowed Plaintiff to amend his Complaint to the extent that he could remedy the deficiencies it had identified. Plaintiff filed an Amended Complaint, and Defendants responded with renewed motions to dismiss. Defendants Landry and LeBlanc again move for dismissal of the claims against them on sovereign immunity and res judicata grounds. Defendants Smith, Cook, and Porter move for dismissal for failure to state a claim and qualified immunity. Plaintiff opposes.

---

[5] Doc. 20-8; Quatrevingt v. State through Landry, 242 So. 3d 625, 630 (La. App. 1 Cir. 2018).
[6] Doc. 51.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[7] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[8] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[9] The court need not, however, accept as true legal conclusions couched as factual allegations.[10] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[11] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[12] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[13]

## LAW AND ANALYSIS

### I.   Motion to Dismiss by Defendants Landry and LeBlanc

In his Original Complaint, Plaintiff brought claims against Attorney General Jeff Landry and Secretary of the Louisiana Department of Public Safety and Corrections ("DPSC") James LeBlanc in their official capacities under 42 U.S.C. §§ 1983 and 1985.[14] This Court found that Defendants Landry

---

[7] Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[8] *Id.*
[9] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[10] *Iqbal*, 556 U.S. at 678.
[11] *Id.*
[12] *Lormand*, 565 F.3d at 255–57.
[13] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[14] Doc. 1.

and LeBlanc were entitled to sovereign immunity from these claims.[15] In his Amended Complaint, Plaintiff again brings these same claims. Defendants Landry and LeBlanc again move for dismissal.

First, Defendants argue that Eleventh Amendment sovereign immunity bars Plaintiff's monetary claims against them. Plaintiff's Amended Complaint does not, however, appear to reassert claims for monetary damages against Landry and LeBlanc. As this Court previously explained, Defendants are entitled to sovereign immunity from those claims. Plaintiff correctly points out, however, that sovereign immunity does not apply to his claims for injunctive relief under the *Ex Parte Young* doctrine.[16]

Landry and LeBlanc next argue that the doctrine of res judicata prohibits Plaintiff's claims for injunctive relief against them in light of the identical lawsuit that Plaintiff filed in state court. In 2017, Plaintiff filed a lawsuit in Louisiana's 19th Judicial District Court against the State of Louisiana through Attorney General Landry. DPSC intervened. In that action, Plaintiff sought an injunction preventing the Attorney General from infringing upon his constitutional rights, ignoring the 2014 Ruling, continuing to attempt to require him to register as a sex offender, and continuing to arrest him for failing to register as a sex offender. The Attorney General and DPSC filed an exception seeking dismissal on peremption grounds. They argued that: DPSC is authorized by statute to determine which sex offender classification a particular person belongs in; once DPSC notifies the person of the appropriate classification, the person has one year to challenge it; DPSC notified Plaintiff

---

[15] The Court erroneously dismissed all of Plaintiff's claims against Landry and LeBlanc pursuant to sovereign immunity. However, Defendants moved only for sovereign immunity as to his monetary claims. Pursuant to *Ex Parte Young*, Defendants are not entitled to sovereign immunity from Plaintiff's claims for injunctive relief. 209 U.S. 123 (1908) This Court remedies this error herein.

[16] *Id.*

in 2010 that he was a Tier II offender; Plaintiff failed to challenge the classification within one year; accordingly, any challenge to that classification is perempted.[17] The exception of peremption was granted by the district court and affirmed by Louisiana's First Circuit Court of Appeal in 2018.[18] The Louisiana Supreme Court denied certiorari.[19]

When a federal court is asked to give res judicata effect to a state court judgment, it must give the same preclusive effect to the state court judgment as would be given by the courts of that state.[20] Louisiana res judicata law is governed by Louisiana Revised Statute § 13:4231, which states in pertinent part that, "[i]f the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action." A party is precluded from bringing an action when (1) there is a prior valid judgment; (2) the prior judgment is final; (3) the parties in the prior suit and the present suit are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.[21]

Defendants allege that the 2018 Ruling meets each of the requirements for the application of res judicata. This Court agrees. The state court judgment is valid and final, and Plaintiff, DPSC, and the Attorney General were each

---

[17] *See Quatrevingt*, 242 So. 3d at 634–36.
[18] *Id.*
[19] Quatrevingt v. State through Landry, 239 So. 3d 837 (La. 2018).
[20] Zatarain v. WDSU–Television, Inc., 79 F.3d 1143 (5th Cir. 1996); *see* 28 U.S.C. § 1738 (2014).
[21] Gabriel v. Lafourche Par. Water Dist., 112 So.3d 281, 284 (La. App. 1 Cir. 2013) (citing Burguieres v. Pollingue, 843 So.2d 1049, 1053 (La. 2003)).

parties thereto. In this action, Plaintiff seeks similar injunctive relief to that which he was denied in the state court judgment. Namely, Plaintiff seeks a finding that Defendants have violated his constitutional rights under §§ 1983 and 1985 and an injunction (1) preventing Defendants from enforcing sex offender statutes against him, (2) preventing Defendants from prosecuting him for violation of sex offender statutes, (3) correcting the sex offender registry, and (4) requiring notice be issued stating that Plaintiff is not a sex offender. To the extent that the causes of action brought in this matter are not identical to those in the state court action, they were certainly available to Plaintiff at that time and arise out of the subject matter of the state court action. Although Plaintiff asserts many ways in which he believes the 2018 Ruling is wrong, he offers no argument to the application of res judicata. Accordingly, Plaintiff's claims against Landry and LeBlanc are dismissed.

## II.     Motion to Dismiss by Defendants Smith, Cook, and Porter

In his Original Complaint, Plaintiff brought § 1983 claims against Defendants St. Tammany Parish Sheriff Randy Smith, Deputy Sheriff Angelina Cook, and Deputy Sheriff Denis Porter (the "Sheriff Defendants") in their official capacities. This Court dismissed those claims, holding that Plaintiff's Complaint did not sufficiently allege a policy or custom of the Sheriff as required under *Monell v. Department of Social Services*.[22] Plaintiff also brought individual capacity claims against Defendants Cook and Porter. The Court dismissed those claims as well, holding that Plaintiff had not alleged sufficient facts to "suggest that Defendants Cook and Porter did anything beyond enforcing Louisiana law in their capacities as sheriff's deputies."[23]

---

[22] 436 U.S. 658 (1978).
[23] Doc. 51.

6

In his Amended Complaint, Plaintiff again brings these claims. Defendants have again moved for their dismissal.

### a. Official Capacity Claims

Plaintiff brings § 1983 claims against the Sheriff Defendants in their official capacities. Such a claim amounts to a claim against the municipality itself. "Under *Monell*, a plaintiff asserting a § 1983 claim against a municipality must allege (1) the existence of an official policy or custom, (2) a policymaker's actual or constructive knowledge of the policy or custom, and (3) a constitutional violation where the policy or custom is the 'moving force.'"[24]

Plaintiff's Amended Complaint asserts that the following policies of the Sheriff have violated his constitutional rights: (1) a policy of following DPSC's determinations over state law, (2) a policy of harassing sex offenders, and (3) a policy of deliberate indifference to the issuance of false and misleading warrant affidavits. However, Plaintiff has failed to sufficiently plead facts to support a § 1983 claim based on any of these policies. The facts that he does allege—such as, that deputies temporarily detained him at his home—are not "the persistent, often repeated, constant violations, that constitute custom and policy as required for municipal section 1983 liability."[25] Plaintiff does not allege any facts suggesting that these policies were widespread or occurred in cases other than Plaintiff's. "A customary municipal policy cannot ordinarily be inferred from single constitutional violations."[26] Plaintiff's claims against Defendants in their official capacities are dismissed.

---

[24] Pudas v. St. Tammany Par., Louisiana, No. CV 18-10052, 2019 WL 2410939, at *3 (E.D. La. June 7, 2019) (quoting Valle v. City of Houston, 613 F.3d 536, 541–42 (5th Cir. 2010)).
[25] Piotrowski v. City of Houston, 237 F.3d 567, 581 (5th Cir. 2001).
[26] *Id.*

### b. Individual Capacity Claims

Plaintiff next realleges his claims against Cook and Porter in their individual capacities. Plaintiff alleges that Cook and Porter violated his First, Fourth, Fifth, and Fourteenth Amendment rights. Defendants argue that Plaintiff has again failed to state a claim upon which relief can be granted and that they are entitled to qualified immunity.

First, Plaintiff claims that Defendants have violated his First Amendment right to be free from compelled speech and his Fifth Amendment right to due process by forcing him, through threat of arrest, to register as a sex offender despite a judicial determination that he should not be required to register. Second, Plaintiff claims that Defendants have violated his Fourth Amendment right to be free from unreasonable search and seizure by including the false or misleading statement that he is a sex offender in warrant affidavits despite being aware of the 2014 Ruling that he did not plead guilty to a sex offense. Similarly, Plaintiff alleges that Defendants direct deputies to arrest him for failure to register as a sex offender despite awareness of the 2014 Ruling. Plaintiff contends Defendants therefore do not have probable cause to arrest him.

Plaintiff correctly points out that the sex offender registration laws apply only to those persons for which Louisiana Revised Statutes § 15:542 requires registration.[27] Section 15:542 requires registration of any person convicted of a sex offense. Section 15:541 defines sex offense, in relevant part, as "a conviction for the offense under the laws of another state, or military,

---

[27] LA. REV. STAT. § 15:542 ("The following persons shall be required to register and provide notification as a sex offender or child predator in accordance with the provisions of this Chapter: . . . (1) Any adult residing in this state who has pled guilty to, has been convicted of, or where adjudication has been deferred or withheld for the perpetration or attempted perpetration of, or any conspiracy to commit either of the following: (a) A sex offense as defined in R.S. 15:541 . . . .").

territorial, foreign, tribal, or federal law which is equivalent to an offense provided for in this Chapter." The 2014 ruling held that Plaintiff's conviction was not a sex offense. Therefore, Plaintiff argues, he is not subject to the sex offender registry laws, and Defendants continue to violate his constitutional rights for arresting him on that basis.

In response, Defendants argue that because Plaintiff is on the state sex offender registry, as confirmed by the 2018 Ruling, he remains subject to the sex offender registration laws. Defendants correctly point out that it is neither false nor misleading to state that Plaintiff is on the sex offender registry. They argue that they are entitled to rely on the state sex offender registry in seeking warrants and arresting Plaintiff.

Notwithstanding which interpretation is correct, Defendants are entitled to qualified immunity from Plaintiff's claims. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[28] In *Saucier v. Katz*, the Supreme Court promulgated a two-step analysis to determine if an official has stepped outside the bounds of qualified immunity.[29] Under that test, the initial inquiry is whether the Plaintiff has alleged a constitutional violation.[30] If established, the next inquiry is whether the defendant's conduct was objectively reasonable in light of clearly established law at the time the conduct occurred.[31] In *Pearson v. Callahan*, the Court retreated somewhat from this rigid two-step inquiry, giving courts leave to decide which prong to consider

---

[28] Pearson v. Callahan, 555 U.S. 223, 231 (2009) (internal citations omitted).
[29] 533 U.S. 194, 201 (2001).
[30] *Id.*
[31] *Id.*

first.[32] Qualified immunity is "an immunity from suit rather than a mere defense to liability."[33]

This Court finds that it is objectively reasonable for Defendants to rely on the sex offender registry in preparing search and seizure affidavits and arresting individuals for failure to comply with the sex offender registration laws. This is especially true given the confusion created by the 2014 and 2018 Rulings. It was objectively reasonable for Defendants to rely on the sex offender registry and the 2018 Ruling when preparing a warrant affidavit representing that Plaintiff is subject to the sex offender registration laws and seeking to enforce those laws against him. Plaintiff has not pointed to any clearly established law that suggests that this reliance is not objectively reasonable. Accordingly, Plaintiff's claims against Cook and Porter in their individual capacities are dismissed.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss by Defendants Jeff Landry and James LeBlanc (Doc. 57) and the Motion to Dismiss by Defendants Randy Smith, Angelina Cook, and Denise Porter (Doc. 53) are **GRANTED**, and Plaintiff's claims against them are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 6th day of April, 2020.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[32] 555 U.S. at 236.
[33] *Id.* at 237.