

**EXHIBIT**
B

Office Of The Clerk
# Court of Appeal, First Circuit
State of Louisiana
www.la-fcca.org

**Rodd Naquin**
**Clerk of Court**

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

**Notice of Judgment and Disposition**

June 24, 2020

Docket Number: 2019 - KA - 1307

State Of Louisiana
    versus
Kevin Michael Quatrevingt

TO:
Katherine M. Franks Esq.
P.O. Box 220
Madisonville, LA 70447
kayfranks@bellsouth.net

Kevin M. Quatrevingt
62114 Warrior Road
Lacombe, LA 70445
3712985@gmail.com

Matthew Caplan
701 N. Columbia Street
Covington, LA 70433
mcaplan@22da.com

Warren LeDoux Montgomery
701 N. Columbia Street
Covington, LA 70433
wmontgomery@22da.com

Hon. Reginald T. Badeaux III
701 N. Columbia Street
Covington, LA 70433

In accordance with Local Rule 6 of the Court of Appeal, First Circuit, I hereby certify that this notice of judgment and disposition and the attached disposition were transmitted this date to the trial judge or equivalent, all counsel of record, and all parties not represented by counsel.

RODD NAQUIN
CLERK OF COURT

**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 KA 1307

STATE OF LOUISIANA

VERSUS

KEVIN MICHAEL QUATREVINGT

Judgment rendered: **JUN 2 4 2020**

* * * * *

On Appeal from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
No. 603891, Div. "I"

The Honorable Reginald T. Badeaux, III, Judge Presiding

* * * * *

| | |
|---|---|
| Warren L. Montgomery<br>District Attorney<br>Matthew Caplan<br>Assistant District Attorney<br>Covington, Louisiana | Attorneys for Appellee<br>State of Louisiana |
| Stephanie Wald<br>Katherine M. Franks<br>Covington, Louisiana | Attorney for Defendant/Appellant<br>Kevin M. Quatrevingt |

* * * * *

**BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

**HOLDRIDGE, J.**

The defendant, Kevin Michael Quatrevingt, was charged by bill of information with failure to register as a sex offender, second offense, a violation of La. R.S. 15:542 and 15:542.1.4(A)(2). The defendant pled not guilty. The defendant subsequently filed a motion to quash the bill of information on the grounds of double jeopardy. Following a hearing on the matter, the district court granted the motion to quash. The State now appeals, designating three assignments of error. We reverse the ruling of the district court granting the defendant's motion to quash and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

As the State notes in its brief, the procedural posture of the instant matter is based largely on the outcome of a previous decision by this Court in **Quatrevingt v. State through Landry**, 2017-0884 (La. App. 1st Cir. 2/8/18), 242 So.3d 625, writ denied, 2018-0391 (La. 4/27/18), 239 So.3d 837. In **Landry**, the defendant (as plaintiff) sought an injunction to cease any attempts to require him to register as a sex offender and any attempts to arrest him for failure to register as such.

The following pertinent facts are drawn from the **Landry** decision. On January 24, 2006, in Military Court in the State of Texas, the defendant pled guilty to one count of conduct prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces under Article 134 of the Uniform Code of Military Justice. The charge arose from possession of child pornography, resulting in his conviction and incarceration for approximately nine months in Texas. He was released in October of 2006. Upon his release from incarceration for his military conviction, the defendant was given notice by the federal government of his obligation to register as a sex offender in any state in which he would reside. On October 21, 2006, the defendant returned to Louisiana and was notified by the

2

State that he was required to register as a Tier I sex offender. The defendant was arrested in St. Tammany Parish on May 7, 2007, for failing to register as a sex offender between November 8, 2006, and May 3, 2007. In November of 2008, he pled guilty to the offense and was sentenced to serve two years at hard labor. **Landry**, 242 So.3d at 629.

On April 22, 2010, the Department of Public Safety and Corrections, through Public Safety Services, Office of State Police, Bureau of Criminal Identification and Information (Bureau), provided written notice to the defendant that the Bureau had determined that his military conviction was comparable to and would equate to a conviction or adjudication of possession, production and/or distribution of child pornography pursuant to La. R.S. 14:81.1. The Bureau explained that pursuant to La. R.S. 15:544 and La. R.S. 15:542.1, the defendant was determined to be a Tier II offender, which required him to register in Louisiana for a period of twenty-five years from the date of his initial registration and perform in-person registration renewals every six months. The notice set forth the manner the defendant could appeal the Bureau's determination by submitting a written request for an administrative hearing pursuant to La. R.S. 49:950, *et seq.*, within one year from the Bureau posting its determination on the State Sex Offender and Child Predator Registry (Registry). The Bureau posted its determination regarding the defendant on April 22, 2010. The defendant did not submit a request for an administrative appeal. **Landry**, 242 So.3d at 629-30.

On June 14, 2010, the defendant was arrested in St. Tammany Parish for a second offense of failing to register as a sex offender between May 17, 2010, and June 14, 2010. In October of 2013, the defendant filed a motion to quash the prosecution against him in the 22nd Judicial District Court for St. Tammany Parish (22nd JDC criminal case). On February 6, 2014, following a hearing on the

3

matter, Judge Martin Coady granted the motion, ruling that the military conviction of the defendant was not comparable to a sex offense in Louisiana. **Landry**, 242 So.3d at 630.

The defendant then sought to have his name removed from the Registry and the sex offender label removed from his driver's license. The Bureau refused to remove his name from the Registry, and the defendant filed in the 22nd JDC criminal case a motion for clarification and request for order for removal from the Registry. On July 17, 2014, the district court determined that it had no jurisdiction to have the defendant's name removed from the Registry and denied relief therein. **Landry**, 242 So.3d at 630.

On September 16, 2015, the defendant, seeking to have his name removed from the Registry, filed a petition for writ of mandamus and declaratory judgment in the 22nd JDC for St. Tammany Parish. The State filed several exceptions, and the district court sustained the declinatory exceptions raising the objections of improper subject matter jurisdiction and improper venue, stating that any concerns regarding the Registry were to be brought in the 19th JDC. The defendant filed a writ application with this Court, which was denied. The Supreme Court subsequently denied the writ. **Landry**, 242 So.3d at 630.

On January 27, 2017, the defendant filed an "Emergency Petition for Extraordinary Relief in the Nature of a Writ of Mandamus, Temporary Restraining Order, Stay Order, and Preliminary Injunction" in the 19th JDC, Parish of East Baton Rouge. The defendant sought to enjoin the Attorney General from ignoring Judge Coady's ruling in the 22nd JDC criminal case, to cease any and all present or future attempt to require him to register as a sex offender, and to cease any and all present or future attempt to arrest him for failing to register as a sex offender or any other sex offender related arrest. **Landry**, 242 So.3d at 630-31.

4

The State, *inter alia*, filed a peremptory exception raising the objection of peremption. At the April 10, 2017 hearing on the matter, the district court granted the peremptory exception raising the objection of peremption and dismissed the defendant's petition with prejudice. The defendant appealed. **Landry**, 242 So.3d at 631. In ultimately determining that the defendant remained obligated to register as a sex offender, this Court in **Landry**, 242 So.3d at 635, found:

> The trial court properly applied the applicable rules of peremption in determining that Appellant's time period in which to appeal the Bureau's determination pursuant to La. R.S. 15:542.1.3 expired and his right to challenge the Bureau's determination extinguished. "With peremptive statutes, after the limit of time expires, the cause of action no longer exists; it is lost." Public policy requires that rights to which peremptive periods attach are extinguished after passage of a specific period of time, and accordingly, nothing may interfere with the running of a peremptive period. The peremptive period may not be interrupted or suspended or renounced, and exceptions such as *contra non valentem* are not applicable.
> The evidence introduced in the record is that Appellant did not administratively appeal the Bureau's determination within the one year peremptive period provided by La. R.S. 15:542.1.3(B)(4). The right to challenge the classification determination was lost and his right was extinguished. Therefore, the trial court's granting of the peremptory exception raising the objection of peremption filed by DPSC was correct. [citations omitted.]

On March 27, 2018, shortly after the **Landry** decision was handed down, the defendant was arrested for failure to register as a sex offender, second offense on or about March 23, 2018. The defendant filed a motion to quash on the grounds of double jeopardy. At a hearing on the matter on July 3, 2019, Judge Reginald T. Badeaux, III granted the motion to quash the bill of information, ruling as follows:

> And I've got to tell you, I find Judge [Coady] reasons for doing so are very cogent and sagacious.
> He studied the statute under which Mr. Quatrevingt pled while in the military and found that it was just a general article. I'm not sure what that means, but I do understand the part where he says that what he pled to was not a specific offense that would align with our reporting duties here in the state.
> I do believe that this Court has jurisdiction in the Twenty-Second to consider this matter. And if not in the interest of res judicata, I'm not so sure that applies to the criminal proceedings, but I

5

would say in the interest of maintaining judicial consistency, I can't find anything wrong with Judge [Coady] reasoning.

And for the same reasons as him, I'm going to quash the bill of information.

The State appeals this ruling, raising three assignments of error.

## ASSIGNMENTS OF ERROR

In its three related assignments of error, the State argues, respectively, the district court erred in granting the motion to quash based on a claim not advanced in the defendant's motion to quash; the district court erred in granting the motion to quash based on a claim the defendant did not have a right to assert because his right to challenge the classification determination was lost and his right was extinguished; and the district court lacked subject matter jurisdiction to address the correctness of the Bureau's determination.

In the first assignment of error, the State argues that the defendant's claim of double jeopardy was neither addressed nor relied upon in Judge Badeaux's ruling to grant the motion to quash. The Court shall hear no objection based on grounds not stated in the motion to quash. La. Code Crim. P. art. 536; **State v. Beauchamp**, 510 So.2d 22, 27 n.3 (La. App. 1st Cir.), writ denied, 512 So.2d 1176 (La. 1987); **State v. Severin**, 2012-0205 (La. App. 4th Cir. 10/17/12), 2012 WL 6619009, at *3 (unpublished). The defendant's current motion to quash is based on Judge Coady's ruling on a motion to quash in February of 2014. In his brief reasons for granting the motion to quash, Judge Coady stated:

> The Court has looked to the prior military justice offense. He was charged under Article 134 of the Uniform Code of Military Justice. In examining actually what he pled guilty to, he pled guilty to it under the general article, not to a specific crime which would enunciate a sex offense.
> Therefore, I don't know --- it was argued notice of many other arguments, I am rejecting all of those in the quash, but however the fundamental flaw, I believe in the State's case is the underlying charge in which they are trying to have Mr. Quatrevingt register.

6

In his ruling on July 3, 2019, Judge Badeaux found Judge Coady's reasons compelling because Judge Coady had studied the military statute under which the defendant was charged and found that the military statute and the Louisiana criminal statute (La. R.S. 14:81.1) were not comparable. Finding nothing "wrong with Judge Co[a]dy's reasoning," Judge Badeaux granted the motion to quash.

It appears that Judge Badeaux neither addressed nor based his ruling on the defendant's sole claim of double jeopardy. Whether Judge Badeaux's ruling implicitly found that the defendant's double jeopardy argument had merit is not clear. At any rate, we find there was no double jeopardy violation in the instant matter. The defendant herein was charged with failure to register as a sex offender, *second offense*. His only conviction was for his first violation for failure to register in 2006 and 2007. On his second violation for failure to register in 2010, even though he was charged, he was never convicted because of the granting of the motion to quash by Judge Coady. **Landry**, 242 So.3d at 629-30.

Double jeopardy provisions protect an accused not only from a second prosecution for the same offense, but also multiple punishments for the same criminal act. U.S. Const. amend. V; La. Const. art. 1, § 15; La. Code Crim. P. art. 591; **State v. Martin**, 2011-1843 (La. App. 1st Cir. 5/2/12), 92 So.3d 1027, 1030, writ denied, 2012-1244 (La. 11/9/12), 100 So.3d 836. See **Blockburger v. United States**, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); **State v. Frank**, 2016-1160 (La. 10/18/17), 234 So.3d 27, 33-34 (finding protections against double jeopardy fall within the analytical framework set forth in **Blockburger** and Louisiana courts need apply only that framework in analyzing questions of double jeopardy).

It is well settled that an accused who commits separate and distinct offenses during the same criminal episode or transaction may be prosecuted and convicted

7

for each offense without violating the prohibition against double jeopardy. **State v. Staden**, 2014-0459 (La. App. 1st Cir. 9/24/14), 154 So.3d 579, 584, writ denied, 2014-2254 (La. 6/5/15), 171 So.3d 945. Each time the defendant in the instant case failed to register as a sex offender, it was a separate and distinct act. See **State v. Urena**, 2013-1286 (La. App. 3rd Cir. 5/7/14), 161 So.3d 701, 707-08, writ denied, 2014-1603 (La. 4/10/15), 164 So.3d 829.

The **Blockburger** test does not support the defendant's assertion of double jeopardy. See **State v. Murray**, 2000-1258 (La. 9/18/01), 799 So.2d 453, 455-56 (per curiam). The defendant was charged with committing the crime of failure to register as a sex offender on two distinct occasions, each punishable separately. Accordingly, he was never placed in double jeopardy. See **State v. Monroe**, 2010-0194 (La. App. 4th Cir. 12/8/10), 53 So.3d 626, 633, writ denied, 2011-0061 (La. 5/6/11), 62 So.3d 123.

Moreover, if it is the defendant's assertion that following the February 6, 2014 granting of his motion to quash the bill of information for failure to register as a sex offender, second offense, he was placed in double jeopardy when he had to file the second motion to quash in the instant matter over the same issue, then this argument is equally without merit. Since the first motion to quash was granted, the defendant was never convicted for failure to register as a sex offender, second offense. Accordingly, he has not been placed in double jeopardy in this matter because, regarding the instant offense, he has not been placed in jeopardy even once. That is, the defendant had never been put in jeopardy in the first instance for the charge of failure to register as a sex offender, second offense, because there was no trial on the matter. Under Louisiana law, jeopardy attaches when the jury panel is sworn in a criminal jury trial. La. Code Crim. P. art. 592; **State v. Davenport**, 2013-1859 (La. 5/7/14), 147 So.3d 137, 142.

Based on the foregoing, we find the district court erred in its ruling on the motion to quash based solely on the ground of double jeopardy. Accordingly, the granting of the defendant's motion to quash is reversed. Because our finding of no double jeopardy violation resolves the motion to quash issue, the State's other assignments of error herein are pretermitted. We remand this matter to the district court for further proceedings.

**MOTION TO QUASH RULING REVERSED; REMANDED.**