

# SUPREME COURT

# STATE OF LOUISIANA

_____

NO.

_____

## STATE OF LOUISIANA
### PLAINTIFF-RESPONDENT

## VERSUS

## KEVIN QUATREVINGT
### DEFENDANT-PETITIONER

NUMBER 2019 KA-1307 ON THE DOCKET OF THE COURT OF APPEAL FOR THE FIRST CIRCUIT AND NUMBER 603891 ON THE DOCKET OF THE TWENTY SECOND JUDICIAL DISTRICT COURT IN AND FOR THE PARISH OF ST. TAMMANY, STATE OF LOUISIANA, THE HONORABLE REGINALD T. BADEAUX, III, JUDGE, PRESIDING.

APPLICATION BY DEFENDANT-PETITIONER FOR WRITS OF CERTIORARI OR REVIEW TO THE COURT OF APPEAL, FIRST CIRCUIT

Respectfully Submitted,

**LOUISIANA APPELLATE PROJECT**

Katherine M. Franks       Bar # 19240
Louisiana Appellate Project
P.O. Box 220
Madisonville, Louisiana 70447
225.485.0076

**(CRIMINAL CASE)**

## INDEX

1. REASONS FOR GRANTING THE WRIT                                    2.

2. STATEMENT OF THE CASE / STATEMENT OF JURISDICTION        2.-3.

3. STATEMENT OF THE FACTS                                           3.-4.

4. ASSIGNMENTS OF ERROR                                             4.

5. SUMMARY OF ARGUMENTS                                             4.-5.

6. ARGUMENTS                                                        5.-.11.

7. PRAYER                                                           11.-12.

9. CERTIFICATE                                                      12.

10. APPENDIX

    A. Opinion of the First Circuit Court of Appeal

## 1. REASONS FOR GRANTING THE WRIT

Despite the fact that it was conceded in the appellee brief that while Double Jeopardy did not apply, the related concepts of collateral estoppel and res adjudicata did, the First Circuit completely overlooked those arguments and determined that because Double Jeopardy did not apply, Mr. Quatrevingt should not have the relief he had obtained in the trial court  and reversed the ruling of the trial judge granting the motion to quash. The appellate court completely failed to address those arguments despite the fact that the Motion to Quash and the accompanying memorandum set the arguments forth. And, in addition, the arguments had also been made in the appellee brief submitted on appeal.

The failure of the appellate court to address both the counseled and pro se briefs . "The court of appeal has "So far departed from proper judicial proceedings or so abused its powers, or sanctioned such a departure or abuse by a lower court, as to call for an exercise of this court's supervisory authority." *Rules of the Supreme Court - Rule X, Section 5.*

## 2. STATEMENT OF THE CASE / STATEMENT OF JURISDICTION

The Statement of the Case recited by the Court in its opinion does not accurately reflect the events transpiring in the record presented to the Court of Appeal in this case. The following Statement of the Case is excerpted from the Appellee brief.

> Mr. Quatrevignt [sic] was charged with a violation of *La. R.S. 15:541.1.4* and *15:541.1*, failure to register as a sex offender, a felony triable by a jury. Based upon a previous ruling in the same jurisdiction several years earlier finding that Mr. Quatrevingt's military conviction was not a sex offense so as to compel registration, Mr. Quatrevingt filed a motion to quash the second prosecution. The trial judge granted the

2

motion to quash finding not only that the initial ruling was correct, but also, as it had not been appealed, it was determinative of the issue in this case.

The State timely filed a Motion to Appeal the ruling.

On appeal, the First Circuit, citing extensively from an earlier, but related, related **civil** proceeding, recited a procedural history that was not ascertainable from the record presented for the appeal.

The Court erroneously concluded that because the Motion to Quash only claimed a double jeopardy violation and double jeopardy was not applicable, the trial judge's granting of the motion to quash was error and reversed the ruling.


## 3. STATEMENT OF THE FACTS

There are few facts ascertainable from the appeal record. What appears uncontroverted is that Mr. Quatrevingt was administratively determined to be a Sex Offender and ordered to register.

In a prosecution for Failure to Register, a bill of information was filed in St. Tammany proceeding # 493820. In October 2013 Mr. Quatrevingt filed a Motion to Quash the prosecution in that case arguing that the administrative ruling was not determinative. On February 6. 2014, Judge Coady ruled in his favor, finding that his military conviction was not comparable to a sex offense in Louisiana.  See Writ Appendix, Motion to Quash and Ruling by Judge Coady. The State did not appeal the ruling.

In a civil context, Mr. Quatrevingt sought to have the administrative decision set aside based upon Judge Coady's ruling. The First Circuit denied the request and this Court denied writs.  See *Quatrevingt v. State*, 2017-0884 (La. App. 1 Cir.

3

02/08/18); 242 So. 3d 625, *writ denied*, 239 So. 3d 837, 2018 La. LEXIS 1235 (La., Apr. 27, 2018).

Following the denial of writs the present prosecution was initiated.

## 4. ASSIGNMENTS OF ERROR

1. The appellate court erred in failing even to consider or respond to the arguments presented in the district court or those argued by the Appellee.

2. The decision was an erroneous one and not based upon an accurate consideration of the record.

3. The ruling would deprive a criminal defendant of the right to present a defense in violation of *La. Const. Art. I, Sect. 16.*

4. The appellate court, even though permitting Mr. Quatrevingt to file a pro se post argument memorandum, failed to consider his arguments in formulating its opinion.

## 5. SUMMARY OF ARGUMENTS

The error began with an inaccurate summation of the Motion to Quash that was filed on behalf of Mr. Quatrevingt in this case. Although the opinion states at p. 7  that the sole basis for the motion was  a double jeopardy claim, the motion to quash and the accompanying memorandum made it clear that the claim based on the related principles of collateral estoppel and res adjudicata. See Writ Appendix. In fact, within the appellee brief, had it been considered, it was stated that double jeopardy was inapplicable.

Moreover, the decision of the appellate court was error because the principles of collateral estoppel and res adjudicata were not addressed in the opinion. In

addition, Mr. Quatrevingt's failure to **administratively** challenge the finding of sex offender status should not preclude him from presenting a defense in a criminal proceeding. To hold otherwise, would relieve the State of any burden of proof in any related criminal proceeding.

## 6. ARGUMENT

**ASSIGNMENTS OF ERROR #S 1&2**

**1. The appellate court erred in failing even to consider or respond to the arguments presented in the district court or those argued by the Appellee or by Mr. Quatrevingt in proper person.**

**2. The decision was an erroneous one and not based upon an accurate consideration of the record.**

Initially, the Motion to Quash reads as follows:

Defendant avers that the instant prosecution violates his 5th amendment guarantee against Double Jeopardy which is applicable to the states through the 14th amendment and Article 1, Section 15 of the Louisiana State Constitution, as encompassed by legal doctrines like, **but in no way limited to, collateral estoppel; res judicata (issue or claim preclusion);** or any other doctrine prohibiting redundant prosecutions. [emphasis added]

See Writ Appendix.

The Memorandum of Law filed in conjunction with the motion, along with the exhibits attached, one of which is Judge Coady's ruling, make it clear that the argument centered around the principles of collateral estoppel and res adjudicata. See Writ Appendix. The memorandum is incorporated here by reference. The State's response to the Motion and Memorandum, also in the Writ Appendix, specifically

5

addresses the claims of res adjudicata and collateral estoppel, showing no confusion of the issues before the trial court.

On appeal, within the Appellee brief, it was argued that the doctrines of collateral estoppel and res adjudicata were both pleaded in the Motion to Quash and argued further in the Memorandum. It was error for the appellate court to determine otherwise.

The argument is excerpted:

> Even a cursory examination of the trial judge's reasons for judgment reveal that he ruled on the principle of res judicata and his belief that rulings in the same jurisdiction between the same parties should be consistent. As a result, he declined to deviate from the prior ruling arising in the 22nd Judicial District.

> "Principles of res judicata dictate that a fact or matter distinctly put in issue and directly determined by a court of competent jurisdiction cannot thereafter be disputed between the same parties, and, as earlier indicated, res judicata is applicable in criminal prosecutions."

> In *State v. Duplechin*, 05-726 (La. App. 5 Cir. 01/31/06), 922 So. 2d 655, *writ denied*, 937 So. 2d 378, 2006 La. LEXIS 2601 (La., Sept. 22, 2006) the Fifth Circuit noted, in footnote 3, that "[T]he doctrines of res judicata and collateral estoppel have been applied almost interchangeably in Louisiana's criminal jurisprudence. Prior to *Ashe v. Swenson*, Louisiana adopted a theory of res judicata preventing criminal re-prosecution similar in effect to the *Ashe* holding. *State v. Latil*, 231 La. 551, 92 So. 2d 63, 69 (1956). See also, *State v. Didier*, 262 La. 364, 263 So. 2d 322, 325, fn. 4. Since the opinion in *Ashe*, however, it appears the courts have been more inclined to employ the term collateral estoppel."

The Court explained further:

The collateral estoppel component of the Double Jeopardy Clause prohibits the state from relitigating an issue of ultimate fact that has been determined by a valid and final judgment. *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S. Ct. 1189, 1194,  25 L. Ed. 2d 469 (1970); *State v. Cotton*, 00-0850, pp. 5-6 (La. 1/29/01), 778 So. 2d 569, 574, reh'g granted in part, on other grounds, 00-0850 (La. 4/20/01), 787 So. 2d 278. A fact is considered "ultimate" if it is necessary to a determination of the defendant's criminal liability. *State v. Miller*, 571 So. 2d 603, 607

(La. 1990); *State v. Ingram*, 03-1246, p. 3 (La. App. 5 Cir. 10/12/04), 885 So. 2d 714, 716, writ denied, 04-3135 (La. 4/1/05), 897 So. 2d 600.

Collateral estoppel bars relitigation of only those facts necessarily determined in the first trial. *United States v. Brackett*, 113 F.3d 1396, 1398 (5th Cir. 1997), cert. denied, 522 U.S. 934, 118 S. Ct. 341, 139 L. Ed. 2d 265 (1997). Where a fact is not necessarily determined in a previous trial, the state is not barred from reexamining the issue. Id. Accordingly, the first step in resolving a collateral estoppel claim is to discern which facts were "necessarily determined" in the first trial. Id.

The courts have placed the burden "on the defendant to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding." *Dowling v. United States*, 493 U.S. 342, 350, 110 S. Ct. 668, 673 107 L. Ed. 2d 708 (1990).

The trial judge in this case determined that the ultimate issue of Mr. Quatrevingt's status as a sex offender, a central issue to determining criminal liability, had been previously decided and therefore he ruled in conformity with the previous ruling.

While Louisiana is not bound by the principles of *stare decisis* it adheres to the principles of *jurisprudence constante* which gives great weight to previous decisions and may be determinative in subsequent cases. The trial judge did not commit error when he considered the previous decision of Judge Coady to be determinative when the same issues, between the same parties was re-presented.

## ASSIGNMENT OF ERROR # 3

**The ruling would deprive a criminal defendant of the right to present a defense in violation of *La. Const. Art. I, Sect. 16.***

On the State's Appeal three assignments of error were presented.

The appellate court failed to address the final two after finding that only double jeopardy had been raised in the defense motion to quash and using that as a basis for the reversal.

Nevertheless, it is suggested that, in light of the erroneous finding that only double jeopardy had been argued, this Court should consider the issues or remanded for consideration.

The following is excerpted from the appellee brief. See Writ Appendix.

The State's Assignments of Error are set out in bold.

**2. The trial court erred by granting the motion to quash based upon a claim that the defendant does not have the right to assert.**

**3. The trial court lacked subject matter jurisdiction to address the correctness of the Bureau of Criminal Identification and Information's classification determination.**

The State in these Assignments of Error is attempting to use this Court's decision in a civil proceeding to have the findings of the Bureau of Criminal Identification and Information's be deemed a conclusive presumption in an unrelated criminal case and to preclude a criminal defendant of the  right to present a defense.

The sex offender registration and notification requirements have both civil and criminal sanctions. This Court has designated the Registry as a "civil regulatory scheme." *Quatrevingt*, supra, as has the Supreme Court, *State ex rel. Olivieri v. State*, 00-0172 (La. 2/21/01), 779 So. 2d 735.

However, in order to support a criminal conviction under *La. R.S. 15:542*, "the State must prove that defendant was convicted of a sex offense as defined in *La. R.S. 15:541*, that he resided in Louisiana for the period during which he was required to register, and that he failed to register within the requisite time allotted for registration." *State v. Flores*, 14-642, p. 6 (La. App. 5 Cir. 12/23/14), 167 So. 3d 801, 806. See also  *State v. Ball*, 16-653 (La. App. 3 Cir. 12/07/16), 209 So. 3d 793.

What the State seeks is to have the notice from a civil agency constitute definitive proof of the fact that a defendant has been convicted of a sex offense as defined by *La. R.S. 15:541*, becoming a conclusive presumption, relieving the State of any burden of proof of that issue at trial and precluding the defendant from challenging the classification at trial in defense of the charge.

 The State, which challenged Mr. Quatrevingt's use of the principle of res judicata in his challenge to the Registry's classification of his military offense now seeks to use the same doctrine to bring the

ruling of civil proceeding, the grant of the peremptory exception of peremption, into the criminal proceeding at issue so as to foreclose further review of the Bureau's findings.

But, initially, this Court made it clear in *Quatrevingt*, supra, that utilization of the principles of res judicata must meet a number of conditions in order to be used to bar further litigation. This Court stated that,

> The jurisprudence interpreting *La. R.S. 13:4231* has established five elements that must be satisfied for a finding that a second suit is precluded by res judicata: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *Chevron U.S.A., Inc. v. State*, 2007-2469 (La. 9/8/08), 993 So. 2d 187, 194; *Burguieres v. Pollingue*, 2002-1385 (La. 2/25/03), 843 So. 2d 1049, 1053. The res judicata effect of a prior judgment is a question of law that is reviewed de novo. *Matherne v. TWH Holdings, LLC*, 2012-1878 (La. App. 1 Cir. 12/6/13), 136 So. 3d 854, 861, *writ denied*, 2014-0854 (La. 6/20/14), 141 So. 3d 810.

*Quatrevingt v. State*, supra.

This Court then concluded that Mr. Quatrevingt had neither established an identity of the parties or the causes of action between the parties and determined that the doctrine was unavailable to utilize to remove his name from the Registry in a civil proceeding.

In this case, the State has likewise attempted to use the doctrine even though the parties and issues are distinct [from the civil proceeding]. As in the previous case, this Court should not allow the use of the doctrine of res judicata to bar the defense from raising the issue of the correctness of the classification in a criminal proceeding or by exercising his right to present a defense.

A conclusive presumption relieves the a party at trial of any burden of proof on the issue. Nevertheless, the presumption may be destroyed by rebutting evidence. *La. R.S. 15:432.*

There is nothing in the notification requirements, and the State offers no authority to the contrary, that states that the determination of sex offender status is a conclusive presumption in a criminal case

involving the failure to register. Compare the language in *La. R.S. 14:98* governing the use of intoxilizer results as a rebuttable presumption. Moreover, in *State v. Tanner*, 457 So. 2d 1172 (La. 1984) which discussed the guidelines governing the introduction of evidence which allows for a legal presumption to establish a criminal offense, the Louisiana Supreme Court stated that,

> In a criminal prosecution, before the State may avail itself of the statutory presumption of a defendant's intoxication, arising from chemical analysis of his blood, without violation of his constitutional due process guarantee of a fair trial, it must show that the State has promulgated detailed procedures which will insure the integrity and reliability of the chemical test, including provisions for repair, maintenance, inspection, cleaning, certification, and chemical accuracy. It must also show that the State has strictly complied with the promulgated procedures.

While the procedures for notification of offenders is set out, counsel could locate no procedures for the Bureau of Identification and Information governing the standards for making the initial determination of sex offender status of those offenses not involving a Louisiana prosecution. While there  is a provision in *La. R.S. 15:579* authorizing the Bureau to establish rules and regulations governing its conduct, it is not clear if the rules or procedures were adopted so as to set the standards for the finding that a non-Louisiana offense could form the basis for a finding of sex offender status, even as to the qualifications of the persons making the determination.

Moreover, *Art. I, Sect. 2 of the Louisiana Constitution* states that, "No person shall be deprived of life, liberty, or property, except by due process of law." Included within the right to due process is the right to a fair trial during which a criminal defendant has the right to present a defense. *Art. I, Sect. 16 of the Louisiana Constitution*. See also recently, *State v. Wilson*, 17-0908 (La. 12/05/18), 2018 La. LEXIS 3335 .

The court having jurisdiction over the criminal proceeding would clearly have the jurisdiction to consider a defense presented in both pretrial motions and at trial.

To permit the State to impede the right to rebut the finding of sex offender status required for registry, an element of the offense, would deprive Mr. Quatrevingt of [his right to present a defense and] due process.

**ASSIGNMENT OF ERROR # 4**

**The appellate court, even though permitting Mr. Quatrevingt to file a pro se post argument memorandum, failed to consider his arguments in formulating its opinion.**

While most of the arguments presented by Mr. Quatrevingt were elaborating on issues addressed in the appellee brief, he also argued the following:

> The State asserts La R.S. 15:542.1.3 controls these matters. 15:542.1.3 clearly allows Appellee to appeal the decision "as provided by in La R.S. 49:950 et seq. (the Louisiana Administrative Procedure Act). La R.S. 49:964 makes clear Appellee " is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing" and further clearly authorizes a "trial de novo" as a means of judicial review. The Federal Fifth Circuit has recognized the right to judicial review through a District Court in Greenstein v Romano #12-30565. "The remedy of a trial de novo is a separate (or additional) remedy from a review of the record under the LAPA." R. Force and L. Griffith, The Louisiana Administrative Procedure Act, 42 La.L.Rev. 1227, 1281 (1982). The 2014 District Court held a criminal trial authorized by the Courts original jurisdiction, which served as a 49:964 "trial de novo", and determined as a matter of ultimate fact Appellee's military conviction was not equivalent to a sex offense. This unappelaed [sic] decision is final and binding and is therefore the controlling decision in this matter which precludes conviction for sex offender registration violations.

As with the other arguments raised by the Appellee, the issue was not addressed. Such improper treatment of an appeal challenge should not go unaddressed for the sake maintaining the integrity of the system of judicial review.

## 7. PRAYER

**WHEREFORE**, the defendant-petitioner prays that:

1. Writs of Certiorari or review issue herein, directed to the Court of Appeal for the First Circuit and to the Clerk of this Court directing them to transmit to this Honorable Court, on or before a day fixed, the entire record of this matter in order

that the proceedings may be inquired into by this Court and their validity ascertained and determined without further delay.

2. That the Writ(s) be made peremptory and judgment be rendered in favor of the petitioner, ordering that the ruling of the trial court be upheld or that the case be remanded to the Court of Appeal for a full hearing of all the issues and defenses.

Respectfully Submitted,

Katherine M. Franks  Bar # 19240
P.O. Box 220
Madisonville, Louisiana 70447
225.485.0076

## 8. CERTIFICATE

I hereby certify that the foregoing writ of relator, Kevin Michael Quatrevingt, has been served on Matthew Caplan for the Parish of St. Tammany, representing the plaintiff/respondent, State of Louisiana, and upon Mr. Quatrevingt via email and upon the Court of Appeal, First Circuit by depositing the writ application in the U.S. mail, postage prepaid, this 24th day of June 2020.

Katherine M. Franks

12

**SUPREME COURT**

**STATE OF LOUISIANA**

_____

NO.

_____

**STATE OF LOUISIANA,**
            **PLAINTIFF-RESPONDENT**

**VERSUS**

**KEVIN QUATREVINGT,**
            **DEFENDANT-PETITIONER**

NUMBER 2019-KA-1307 ON THE DOCKET OF THE COURT OF APPEAL FOR THE FIRST CIRCUIT AND NUMBER 603891 ON THE DOCKET OF THE TWENTY-SECOND JUDICIAL DISTRICT COURT IN AND FOR THE PARISH OF ST. TAMMANY, STATE OF LOUISIANA, THE HONORABLE REGINALD T. BADEAUX, III, JUDGE, PRESIDING

# APPENDIX TO:

APPLICATION BY DEFENDANT-PETITIONER FOR WRITS OF
CERTIORARI OR REVIEW TO THE COURT OF APPEAL,
FIRST CIRCUIT

Respectfully Submitted,

**LOUISIANA APPELLATE PROJECT**
Katherine M. Franks   Bar # 19240
P.O. Box 220
Madisonville, Louisiana 70447
225.485.0076

**(CRIMINAL CASE)**

# INDEX

A.  Bill of Information                                                    1.

B.  Motion to Quash Minute Entry                                          2.

C. Motion to Quash                                                        3.-4.

D. Memorandum of Law in Support of Motion                                 5.-40.
   With Exhibits including Motion to Quash in
   Case # 493820 and Judge Coady's Reasons
   For Judgment

E. State's Response to Defendant's Motion to Quash                        41.-44.

F. Briefs:

   Appellant's Original Brief with Judge Badeaux's                        45.-61.
   Reasons for Judgment

    Appellee's Original Brief                                             62.-74.

   Mr. Quatrevingt's Post Argument Memorandum                             75.-80.

.